CLEARY GOTTLIEB STEEN
& HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
YE EUN CHARLOTTE CHUN (331459)
chchun@cgsh.com
KIMBERLY BITTINGER (359907)
kbittinger@cgsh.com
1841 Page Mill Rd, Suite 250
Palo Alto, CA 94304
Telephone: +1 (650) 815-4100

CLEARY GOTTLIEB STEEN
& HAMILTON LLP
THOMAS W. YEH (287118)
tyeh@cgsh.com
650 California St., Suite 2400
San Francisco, CA 94108
Telephone: +1 (415) 796-4400

Attorneys for Defendant
META PLATFORMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company, and COUNTERLIFE MEDIA, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:25-cv-06213-EKL<br><br>**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Date:  January 21, 2026<br>Time:  10:00 a.m.<br>Ctrm:  7<br><br>Judge: Hon. Eumi K. Lee |

**PLEASE TAKE NOTICE** that Meta Platforms, Inc. ("Meta") requests that the Court consider the documents and facts identified below in support of its Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion"). Exhibits 1 through 7 are attached to the Declaration of Angela L. Dunning ("Dunning Declaration") filed concurrently herewith.

## I. INTRODUCTION

The Court should consider Dunning Exhibits 1 through 7 in resolving Meta's Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). All of these documents are either incorporated by reference into the Complaint (Dkt. 1) and/or the proper subject of judicial notice under Federal Rule of Evidence 201 ("Rule 201").

The documents that are the subject of this motion are as follows:

| Ex. | Description | Complaint Citation or Publicly Available Record: |
|---|---|---|
| 1 | Meta Platform, Inc.'s, formerly Facebook, Inc., Annual Form 10-K filed with the Securities and Exchange Commission for the fiscal year ended December 31, 2018 | Available on SEC's public EDGAR database at: https://www.sec.gov/Archives/edgar/data/0001326801/000132680119000009/0001326801-19-000009-index.html |
| 2 | Meta Platform, Inc.'s Annual Form 10-K filed with the Securities and Exchange Commission for the fiscal year ended December 31, 2024 | Available on SEC's public EDGAR database at: https://www.sec.gov/Archives/edgar/data/0001326801/000132680125000017/0001326801-25-000017-index.html |
| 3 | The research paper titled "Ego4D: Around the World in 3,000 Hours of Egocentric Video," published by Meta AI Research (formerly Facebook AI Research) and academic collaborators on March 11, 2022 | Publicly available at https://arxiv.org/abs/2110.07058 |
| 4 | Meta AI's Terms of Service | Publicly available at https://www.facebook.com/legal/ai-terms |
| 5 | A true and correct copy of a spreadsheet reflecting the information in Plaintiffs' Exhibit F to the Complaint, sorted chronologically rather than by Work | Compl. ¶ 110, Ex. F |

| Ex. | Description | Complaint Citation or Publicly Available Record: |
|---|---|---|
| 6 | Docket Entry 568-9 in *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC (N.D. Cal.), filed on April 25, 2025 | Compl. ¶ 107 |
| 7 | Docket Entry 490-37 in *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC (N.D. Cal.), filed on March 24, 2025 | Compl. ¶ 92 |

**Incorporation by Reference**: The contents of Dunning Exhibits 5 through 7 are incorporated by reference into the Complaint. The data in Exhibit 5 comes directly from Plaintiffs' Exhibit F to the Complaint. Exhibits 6 and 7 are publicly available court filings in *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC (N.D. Cal.) (hereinafter, "*Kadrey*"), which Plaintiffs quote from and/or cite in the Complaint and on which they rely in asserting their claims against Meta in this action. Accordingly, the Court may consider these documents in their entirety.

**Judicial Notice**: To the extent they are not incorporated by reference into the Complaint, the Court should take judicial notice of Exhibits 5 through 7 because they are publicly available records that plaintiffs cite and rely on, and there is no dispute as to their contents. Meta also seeks judicial notice of Exhibits 1 through 4, which are publicly available SEC filings, research papers, and Meta AI's terms of services, the contents of which are publicly available and not subject to reasonable dispute.

## II.   Legal Standards

On a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

**Incorporation by Reference:** A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims,

while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 1002 (9th Cir. 2018); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (incorporation by reference doctrine "prevent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting … documents upon which their claims are based") (alterations and internal quotations omitted). Where a document is incorporated by reference, the court "may treat … [it] as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908; *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (same); *Foy v. Vinson*, 2022 WL 1443761, at *1 (D. Ariz. May 6, 2022) (considering images from Twitter and Instagram on motion to dismiss where contents were incorporated by reference in plaintiff's complaint).

**Judicial Notice:** Rule 201 requires a court to "take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Judicial notice is appropriate where a fact is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). Judicially noticeable matters may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

**III.   ARGUMENT**

    **A.   Exhibits 5–7 Are Properly Considered Because They Are Incorporated by Reference in the Complaint and Subject to Judicial Notice**

The court should consider Dunning Exhibits 5 through 7 under the incorporation by reference doctrine because each is cited and discussed in the Complaint and forms the basis for Plaintiffs' claims. To the extent not incorporated in the complaint, Exhibits 5 through 7 are publicly available court filings as to which the Court should take judicial notice. *Wayne v. Leal*, 2009 WL 2406299, at *4 (S.D. Cal. Aug. 4, 2009) (finding judicial notice is appropriate for public records such as court filings).

**Exhibit 5**: Exhibit 5 is a copy of a spreadsheet reflecting the information in Plaintiffs' Exhibit F to the Complaint, sorted chronologically rather than by Work. All of the information in

Exhibit 5 was provided by Plaintiffs in the Complaint; Meta has not altered or added to that information apart from using the standard "sort" tool in Excel to sort the data chronologically. In addition to being incorporated by reference in the Complaint, the information in Exhibit F is publicly available on this Court's docket and not subject to reasonable dispute by Plaintiffs, who have relied on this data in their own pleading. Exhibit 5 is, thus, also appropriate for judicial notice.

**Exhibits 6 and 7**: Exhibits 6 and 7 are docket entries 568-9 (excerpted internal Meta email correspondence between Lukas Blecher and Nikolay Bashlykov) and 490-37 (an excerpted deposition transcript of Michael Clark, designated as a Rule 30(b)(6) corporate representative of Meta Platforms, Inc.) filed in *Kadrey*. The Complaint extensively references the "Kadrey lawsuit" and these specific docket entries as purported sources of Plaintiffs' allegations. *See* Compl. ¶¶ 90–92, 107, 115, 126. Plaintiffs cite docket entry 568-9 (Dunning Decl. Ex. 6) for the assertion that "Meta employees were asked to use their home Internet IP addresses to process content downloaded from pirate websites." Compl. ¶ 107. Plaintiffs cite docket entry 490-37 (Dunning Decl. Ex. 7) for the assertion that "Meta's employees testified that Meta configured six Virtual Private Clouds ("VPCs") to torrent content." Compl. ¶ 92. However, Plaintiffs did not present these documents to the Court. In ruling on Meta's Motion to Dismiss, the Court should apply the incorporation by reference doctrine to consider the actual content of these documents, rather than relying on Plaintiffs' characterizations.

Exhibits 6 and 7 are also judicially noticeable as they are publicly available on the *Kadrey* docket. "Judicial notice is properly taken of public records, such as transcripts, orders, and decisions made by other courts or administrative agencies." *Wayne v. Leal*, 2009 WL 2406299, at *4 (S.D. Cal. Aug. 4, 2009); *see also Biggs v. Terhune*, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (taking judicial notice of the transcript of habeas petitioner's hearing before the Board of Prison Terms). As official docket entries cited by Plaintiffs in their Complaint, the contents cannot be subject to reasonable dispute. Accordingly, it is appropriate for the Court to take judicial notice.

**B.     The Court Should Take Judicial Notice of Exhibits 1–4**

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Distinct from the doctrine of incorporation by reference set forth above, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998) (emphasis added) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).  Judicial notice is appropriate for Exhibits 1–4 as discussed below.

**Exhibits 1 and 2**:  Exhibits 1 and 2 are Meta Platforms, Inc.'s (formerly Facebook, Inc.) annual reports on Form 10-K, filed with the Securities and Exchange Commission for the fiscal years ending December 31, 2018 and December 31, 2024.  SEC filings are matters of public record, available from the U.S. Securities and Exchange Commission's EDGAR database.  Courts routinely take judicial notice of such filings under Rule 201.  *See In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008–09 (N.D. Cal. 2020) (taking judicial notice of SEC filings); *see also Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 n.5 (N.D. Cal. 2017) (same).

The submissions are available on SEC's public EDGAR database at:

- Exhibit 1:

    https://www.sec.gov/Archives/edgar/data/0001326801/000132680119000009/0001326801-19-000009-index.html

- Exhibit 2:

    https://www.sec.gov/Archives/edgar/data/0001326801/000132680125000017/0001326801-25-000017-index.html.

**Exhibit 3**:  Exhibit 3 is the research paper titled "Ego4D: Around the World in 3,000 Hours of Egocentric Video," published by Meta AI Research (formerly Facebook AI Research) and academic collaborators on March 11, 2022, publicly available at https://arxiv.org/abs/2110.07058.  The Complaint specifically references Ego4D, a dataset of "egocentric, first-person video," as described in this public paper, Compl. ¶ 40, the contents of which are not subject to reasonable dispute.  As such, the paper is a proper subject of judicial notice.  *See In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d at 1009 (taking notice of publicly available news articles and white papers).

**Exhibit 4**:  Exhibit 4 is Meta AI's Terms of Service, last updated July 1, 2025 and publicly available at https://www.facebook.com/legal/ai-terms.  These Terms are also a proper subject of

judicial notice. *See In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d at 1009 (taking notice of Facebook's Data Policy); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (webpages surrounding an image appended to the complaint were appropriately incorporated by reference); *Gallagher v. Bayer AG*, No. 14-CV-04601-WHO, 2015 WL 1056480, at *3 (N.D. Cal. Mar. 10, 2015) (taking judicial notice of screenshots of defendants' website).

## IV. CONCLUSION

For the foregoing reasons, Meta respectfully requests that, in ruling on its Motion to Dismiss the Complaint, the Court: (1) consider under the incorporation by reference doctrine Exhibits 5 through 7 to the Dunning Declaration, or in the alternative take judicial notice of those exhibits; and (2) take judicial notice of Exhibits 1–4 to the Dunning Declaration.

Dated: October 27, 2025               CLEARY GOTTLIEB STEEN & HAMILTON LLP


                                      /s/ Angela L. Dunning
                                      Angela L. Dunning

                                      Attorneys for Defendant
                                      META PLATFORMS, INC.