CLEARY GOTTLIEB STEEN
& HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
YE EUN CHARLOTTE CHUN (331459)
chchun@cgsh.com
KIMBERLY BITTINGER (359907)
kbittinger@cgsh.com
1841 Page Mill Rd, Suite 250
Palo Alto, CA 94304
Telephone: +1 (650) 815-4100

CLEARY GOTTLIEB STEEN
& HAMILTON LLP
THOMAS W. YEH (287118)
tyeh@cgsh.com
650 California St., Suite 2400
San Francisco, CA 94108
Telephone: +1 (415) 796-4400

Attorneys for Defendant
META PLATFORMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company, and COUNTERLIFE MEDIA, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:25-cv-06213-EKL<br><br>**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date: January 21, 2026<br>Time: 10:00 a.m.<br>Ctrm: 7<br><br>Judge: Hon. Eumi K. Lee |

## I. INTRODUCTION[1]

With its Motion to Dismiss the Complaint, Defendant Meta Platforms, Inc. ("Meta") filed a Request for Consideration of Documents Incorporated by Reference into the Complaint and for Judicial Notice ("RJN"), asking the Court to take judicial notice of Exhibits 1 through 7 to the Dunning Declaration. Plaintiffs only challenge Meta's request to take judicial notice of Exhibits 1 through 4, which are Meta's publicly available SEC filings, a publicly available research paper on Ego4D, and the Meta AI Terms of Service. RJN Opp. at 1. For the reasons set forth below, Meta's RJN should be granted and Plaintiffs' objections rejected. The Court should also take judicial notice of Exhibits 8 and 9 to the Reply Declaration of Angela Dunning, both of which Plaintiffs introduced and rely upon in their Opposition papers and which are not subject to reasonable dispute.

## II. ARGUMENT

### A. The Court Should Take Judicial Notice of Exhibits 1 & 2: Meta's Form 10-Ks

The Court should take judicial notice of Exhibits 1 and 2—Meta's Form 10-Ks—that the Motion uses for the limited purpose of showing the size of Meta's workforce. Courts routinely hold under Rule 201 that the "existence and contents" of SEC filings are judicially noticeable "because they are publicly available documents whose accuracy cannot reasonably be questioned." *Dolly v. GitLab Inc.*, 2025 WL 2372965, at *4 (N.D. Cal. Aug. 14, 2025) (J. Lee); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("The court is [ ] permitted to take judicial notice of the content of relevant public disclosure documents required to be filed with the SEC[.]"). Plaintiffs do not address, let alone distinguish, this authority.

Plaintiffs' cited cases support Meta's position, not Plaintiffs'. In *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022), the Court held that judicial notice of SEC filings is proper where the plaintiff "does not dispute their authenticity and accuracy." By contrast, in *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995)—an out-of-jurisdiction case—the court declined judicial notice because "its contents were subject to dispute."

---

[1] "RJN" refers to Meta's Request for Judicial Notice and Consideration of Documents Incorporated by Reference in Support of Meta's Motion to Dismiss Plaintiffs' Complaint for Copyright Infringement (Dkt. 35). "RJN Opp." refers to Plaintiffs' Opposition to the RJN (Dkt. 38). All other defined terms are the same as in Meta's RJN and Motion to Dismiss (Dkt. 34). All emphasis is added unless otherwise indicated.

Here, Plaintiffs do not dispute the authenticity of Exhibits 1 and 2. Nor do Plaintiffs dispute the underlying factual proposition for which Meta offers Exhibits 1 and 2: the enormous size of Meta's workforce. Plaintiffs admit that Meta "[is] one of the largest companies in the world," Opp. at 2, confirming the lack of any genuine factual dispute. *See also* RJN Opp. at 4; ¶¶ 34, 36. Plaintiffs' quarrel about information *not* shown in Exhibits 1 and 2—for example, how employee count was calculated, what divisions are included, or whether employees "access the internet at Meta every day"—is irrelevant to the narrow purpose for which Meta seeks judicial notice. RJN Opp. at 5. Indeed, Meta's size is a matter of common knowledge. Therefore, the Court can and should take judicial notice of Exhibits 1 and 2.

### B. The Court Should Take Judicial Notice of Exhibit 3: Ego4D Research Published by Meta AI Research

The Court should take judicial notice of Exhibit 3, a Meta AI Research white paper titled "Ego4D: Around the World in 3,000 Hours of Egocentric Video" for background about Ego4D—namely that it is a dataset of videos shot from head-mounted cameras. Plaintiffs do not dispute the authenticity of Exhibit 3. Plaintiffs nevertheless allege that Meta is seeking to "substitute a novel-length series of irrelevant, disputable facts in place of a plaintiff's chosen sentence." RJN Opp. at 5–6. Plaintiffs are wrong.

Although Exhibit 3 includes the full white paper for completeness, the Motion to Dismiss cites the exhibit a single time (Dkt. 34 at 4) for the limited purpose of providing background on the Ego4D dataset *consistent with the allegations in Plaintiffs' Complaint*, which states:

> In October 2021, Meta officially launched the Ego4D initiative. This was a global effort to collect egocentric, first-person video to fuel next-gen models for virtual and augmented realities. Mark Zuckerberg, Meta's CEO, tied this launch directly to Meta's metaverse vision. Meta then intensified its research into real-world tasks like episodic memory,

Compl. ¶ 40.

Plaintiffs acknowledge that Ego4D was discussed in the Complaint "as background" (RJN Opp. at 5) and there cannot be any reasonable dispute about what Ego4D is, so there is no reason for the Court not to also judicially notice the publicly available paper accompanying the public

release of the Ego4D dataset. Indeed, Courts routinely take judicial notice of documents like white papers "as background material, without relying on it to resolve any factual dispute." *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008); *see also Friends of the River v. United States Army Corps. of Eng'rs*, 870 F. Supp. 2d 966, 974 (E.D. Cal. 2012) ("[T]he Court takes judicial notice of … the White Paper as background materials."). Meta is not seeking to introduce any factual dispute or to contradict Plaintiffs' allegations, so the same result should follow here.

Although that should end the inquiry, Meta feels compelled to point out that the true motivation for Plaintiffs' objection to judicial notice of Exhibit 3 does not appear to be grounded in any reasonable dispute about its contents or how Meta is citing it, but in the fact that Plaintiffs have now *mis*characterized Ego4D in their Opposition to Meta's Motion to Dismiss (but not in their Complaint) as having been "trained on video data." MTD Opp. at 16. Ego4D *is* video data; it was not "trained" on such data and it has nothing to do with adult movies, as Plaintiffs know (and do not dispute). The Court should not credit misleading statements in Plaintiffs' Opposition that are inconsistent with their own allegations and the public record.

### C. The Court Should Take Judicial Notice of Exhibit 4: the Meta AI Terms of Service and Reply Exhibit 8: an Oversight Board Decision Cited by Plaintiffs

The Court should take judicial notice of the existence and contents of Exhibit 4, the Meta AI Terms of Service, for the limited purpose of establishing that Meta has publicly announced a prohibition against the use of its AI models to generate adult content. Plaintiffs again do not dispute the authenticity of Exhibit 4. As cases from this district have noted, "courts in the Ninth Circuit routinely take judicial notice of terms of services." *Yuksel v. Twitter*, 2022 U.S. Dist. LEXIS 202926, at *6 (N.D. Cal. Nov. 7, 2022); *Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 876 (N.D. Cal. 2018) (taking judicial notice of Google's Terms of Service); *Matera v. Google Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016); *Hirlinger v. WP Co. LLC*, 2024 U.S. Dist. LEXIS 102919, at *6-10 (N.D. Cal. June 10, 2024). Plaintiffs cite nothing to the contrary.

Plaintiffs instead argue that Exhibit 4 is irrelevant because the Terms only took effect on July 1, 2025. Courts have already rejected that argument. *Hirlinger v. WP Co.. LLC*, 2024 U.S. Dist. LEXIS 102919, at *9 (N.D. Cal. June 10, 2024) ("Plaintiffs' suggestion that the materials are

distinct from those that existed at other times during the [relevant] period is insufficient to preclude judicial notice"). "Any arguable uncertainty about dates, at best, 'goes to the weight of the evidence, not to whether the documents are judicially noticeable.'" *Id.* at *8. Plaintiffs also cite to a Wall Street Journal investigation and a decision of the independent Oversight Board that oversees disputes about Meta's content moderation to argue that its Terms of Service are "not as ironclad as Meta suggests." RJN Opp. at 9. Plaintiffs miss the point. Meta's Motion to Dismiss is not relying on Exhibit 4 to argue that the Terms of Service are "ironclad" or to suggest anything about any individual behavior, whether consistent with the Terms or not. Instead, the Motion cites the Terms "for what [it] represent[s]"—that Meta has publicly stated that its AI models are not to be used to create adult content. *Trudeau*, 349 F. Supp. 3d at 876.

Notably, Plaintiffs' invocation of the Oversight Board decision, a new document that was not cited in the Complaint, Motion to Dismiss, or Plaintiffs' Opposition, does not help Plaintiffs' position. The decision—which Plaintiffs do not attach, but is attached as Dunning Reply Ex. 8[2]—found that Meta properly removed two explicit AI deepfake images posted by users to Instagram and Facebook in violation of Meta's "Bullying and Harassment" and "Adult Nudity and Sexual Activity" policies. Nothing in the decision supports any inference that those "deepfake" pictures were made by Meta AI models or had anything to do with those models at all. Instead, the decision corroborates that Meta does not allow sexually explicit content on its platforms, consistent with the Terms comprising Exhibit 4. Having introduced and relied on this document, Plaintiffs cannot be heard to contest its authenticity or contents or object to the Court reviewing the document itself, rather than the self-serving characterization of it included in Plaintiffs' RJN Opposition.

**D. The Court Should Consider and Take Judicial Notice of Exhibit 9: Strike 3's Complaint in *Strike 3 Holdings, LLC v. John Doe*, No. 5:24-cv-07642**

The Court should take judicial notice of the existence and contents of Exhibit 9, Strike 3's Complaint in *Strike 3 Holdings, LLC v. John Doe*, No. 5:24-cv-07642 (N.D. Cal. Nov. 4, 2024), for the limited purpose of establishing that the works at issue in Strike 3's prior lawsuit are also at issue in this case. A court "may take judicial notice of court filings and other matters of public

[2] For ease of reference, the exhibits to the Reply Dunning Decl. have been sequentially numbered to follow those included with the Dunning Declaration submitted with Meta's Motion to Dismiss.

record." *Andelman v. U.S. Specialty Ins. Co.*, 2021 U.S. Dist. LEXIS 225646, at *5 (N.D. Cal. Nov. 17, 2021). "A court may also consider 'documents incorporated by reference in the complaint' at the motion to dismiss stage." *Id.* Exhibit 9 is both.

There is no dispute as to the authenticity or contents of the complaint because it is a public court filing by one of the Plaintiffs here, Strike 3. Indeed, the Complaint in this case makes specific reference to this separate lawsuit. *See* Compl. ¶ 104 (alleging that Plaintiffs identified the father of a Meta contractor as the owner of an IP address "[p]ursuant to a Court-authorized subpoena in *Strike 3 Holdings, LLC v. Doe*, 24-7642, (N.D. Cal. Nov. 4, 2024)").

For the first time in their Opposition to Meta's Motion to Dismiss, Plaintiffs asserted that they "sued" the father "for BitTorrent infringement," citing back to their Complaint. Opp. at 10 (citing Compl. ¶¶ 105–06). Before then, Meta had no way of knowing that the "Doe" defendant in this separate case cited in the Complaint was the father, but a review of the complaint in that case shows that Strike 3 sued him for direct copyright infringement of the same 97 works they now claim Meta directly infringed. *See* Dunning Reply Ex. 9 ¶¶ 4, 48–53 & Ex. A. Because Plaintiffs rely on the complaint in that action in their Complaint and in their Opposition to Meta's Motion to Dismiss, but do not attach it for the Court, the Court should consider it under both the incorporation-by-reference doctrine and Fed. R. Evid. 201. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (incorporation by reference doctrine "prevent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting … documents upon which their claims are based") (alterations and internal quotations omitted); *MSP Recovery Claims, Series LLC v. Jazz Pharms., PLC*, 2024 U.S. Dist. LEXIS 129032, at *9 (N.D. Cal. Jul. 22, 2024) (taking judicial notice of court filing that "is a publicly available document whose authenticity 'is not subject to reasonable dispute'").

## III. CONCLUSION

For the foregoing reasons, Meta respectfully requests that, in ruling on its Motion to Dismiss the Complaint, the Court: (1) take judicial notice of Exhibits 1–4 to the Dunning Declaration and Exhibit 8 to the Dunning Reply Declaration; and (2) consider under the incorporation by reference doctrine Dunning Reply Exhibit 9, or in the alternative take judicial notice of Exhibit 9.

Dated: November 20, 2025

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Angela L. Dunning
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.