[Counsel Listed on Signature Pages]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company, and COUNTERLIFE MEDIA, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> META PLATFORMS, INC., a Delaware corporation, <br><br> Defendant. | Case Number: 5:25-cv-06213-EKL <br><br> Honorable Judge Eumi K. Lee <br><br> **REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN** |

1

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

Plaintiffs Strike 3 Holdings, LLC and Counterlife Media, LLC ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") jointly submit this Report of the Parties' 26(f) Conference and Proposed Discovery Plan pursuant to Fed. R. Civ. P. 26(f), Civil Local Rule 16-9, and the Standing Order For All Judges of the Northern District of California (updated Nov. 30, 2023).

## 1.    Jurisdiction & Service

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 because this action alleges claims under the U.S. Copyright Act.  No issues regarding personal jurisdiction or venue exist. No Parties remain to be served.

## 2.    Facts

*Plaintiffs' Position:*

Plaintiffs have sued Meta for direct and/or contributory copyright infringement of two thousand three hundred ninety-six (2,396) copyrighted movies, pursuant to 17 U.S.C. §§ 106 & 501, based on Meta's illegal downloading and distributing of these works through the BitTorrent Network. Plaintiffs are the producers of well-known, highly-regarded adult entertainment videos, all of which receive copyright registrations from the U.S. Copyright Office.

In Count I of their Complaint, Plaintiffs allege that over a series of years, including especially 2022 through 2024, Meta engaged in a systematic, targeted copyright infringement scheme against Plaintiffs, among others. To carry out its scheme, Meta used torrenting through its employees, contractors, and agents from forty-seven (47) corporate addresses owned by Meta. Additionally, Meta used six coordinated "off-infra" IP address ranges associated with hidden data centers to conceal its mass infringement.  Plaintiffs are able to ascertain Meta's direct involvement through use of their proprietary VXN Scan and Cross-Reference programs, which, when working together, can confirm when infringing copies of Plaintiffs' works are downloaded or distributed by Meta, either through Meta's corporate IPs or through their hidden off-infra IPs. Plaintiffs also allege that Meta used at least one agent to torrent Plaintiffs' works

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

through a residential IP.  Plaintiff presented evidence that ties Meta's infringement through its corporate IPs, hidden data center IPs, and residential IP to each other suggesting a coordinated effort to obtain contact through the use of algorithms and key words and on a scale beyond what a human could possibly consume.

No other plaintiff alleging copyright infringement against Meta or other AI developers has been able to present such direct, non-circumstantial evidence of actual infringement in the pleading. As a result, Plaintiffs are the first plaintiff in this new legal domain to not need to reverse engineer a copyright infringement claim based on what the infringer's purpose or actual use was of the infringed works. Nonetheless, Plaintiffs allege that Meta has a focused, unquenchable thirst for training data, including Plaintiffs' works, and profits from its copyright infringement through both AI training and gaining currency to facilitate further torrenting on the BitTorrent Network.

To the extent that the Court finds that direct infringement did not occur, Plaintiffs allege that Meta should be liable in Count II of the Complaint for two theories of secondary liability: contributory and vicarious infringement for materially contributing, inducing, or causing the infringement and encouraging it, or alternatively for supervising and controlling the infringement and profiting from it.

In support of the allegations in their complaint, Plaintiffs append several exhibits. In Exhibit A, Plaintiffs detail 47 corporate Meta IPs used to infringe their works and a corresponding date of infringement. In Exhibit B, Plaintiffs offer examples of Meta's infringement on other works across its corporate IPs and all other off-infra sites in order to show that Meta's actions cannot be a coincidence or, as Meta might have it, "personal use" as well as to correlate Meta's off-infra infringement to its corporate and residential infringement. Plaintiffs provide Exhibit C to provide supplementary details on the information contained in Exhibit B. Exhibit D lists 2,396 of Plaintiffs' works that have been infringed by Meta, while Exhibit E provides a log of dates and times of those works being infringed. In Exhibit F, Plaintiffs show the 2,396 works being infringed across different IPs subject to Meta's control or direction as

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

well as different versions of the same works. Exhibit G details Meta's distribution of infringing copies at least three (3) days after Meta obtained a full, 100% copy of Plaintiffs' infringed works. In Exhibit H, Plaintiffs provide a focused log of Meta's targeting specific brands of Plaintiffs' works in a tight time frame. Exhibit I provides factual detail as to the first known infringement of a particular work and the last known infringement by Meta of a particular work. Exhibits E, F, and I can be cross-referenced to show the details in terms of work identification and times infringed for all of Plaintiffs' works.

**Meta's Position:**

Meta is an international technology company that owns and operates popular social media services such as Facebook, Instagram, and WhatsApp.  Meta has also been at the forefront of modern AI research and has developed a number of groundbreaking AI video and multimodal models.

On July 23, 2025, Plaintiffs filed a complaint against Meta alleging claims of direct, vicarious, and contributory copyright infringement.  (ECF 1).  Meta filed its Motion to Dismiss on October 27, 2025, (ECF 34), and the Court held a hearing on Meta's Motion on February 11, 2026.  At the time of writing, Meta's motion remains pending before the Court.

Plaintiffs' copyright infringement claims each rest on the same flawed premise—that Meta directed employees and contractors to download Plaintiffs' adult videos for use in training Meta's AI models.  Every part of that premise is implausible, factually unsupported, and logically unsound.  The 157 downloads allegedly initiated using Meta corporate IP addresses over the last seven years—an average of 22 per year—are plainly indicative of employees, contractors, or visitors using Meta's internet to access content of a private nature for personal use.  So, too, are the 97 downloads allegedly initiated using the IP address of the father of a Meta contractor whom Plaintiffs have sued for the same infringement.  And Plaintiffs have no facts whatsoever to link Meta to thousands of third party IP addresses that have allegedly been used to download popular TV shows, new-release movies, sports events, and adult content over at least the last seven years.  Meta is not alleged to have used any such content to train any AI

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

model.  Further, although Plaintiffs cherry-picked the downloads of third party content included in Exhibits B and C to attempt to show some correlation between them, they show no such thing.  Instead, the haphazard, one-file-at-a-time downloads included in those exhibits plausibly suggest only uncoordinated personal consumption of disparate content by numerous individuals over many years—not a coordinated effort to quickly gather the massive datasets Plaintiffs acknowledge are necessary for effective AI training.  Indeed, those downloads, like downloads initiated using the Meta corporate IP addresses, are alleged to have begun years before Meta even began researching generative AI video models, destroying Plaintiffs' theory that Meta directed the downloads for that purpose.

In short, Plaintiffs do not and cannot plead facts to plausibly attribute the downloads to Meta, because Meta had nothing to do with them.  Plaintiffs do not plead facts to show that Meta directed or was even aware of the downloads, could have taken simple steps to prevent them, or financially benefitted from them in any way.  Plaintiffs' claims for direct, contributory, and vicarious infringement should all be dismissed.

### 3.    Legal Issues

*Plaintiffs' Position:*

Plaintiffs contend that Meta committed direct copyright infringement by downloading and/or distributing 2,396 of Plaintiffs' motion pictures through the BitTorrent network. There are three elements to a direct copyright infringement claim, but Plaintiffs do not think that their ownership of the works in question may be reasonably challenged. That will leave two matters to be determined: whether Meta copied the works and, if it did, whether Meta had "volition" to do so in the infringement context—whether it proximately caused the infringing copies to be downloaded or distributed.

In the alternative, Plaintiffs contend that Meta is responsible for two forms of secondary liability: vicarious and contributory. In the case of the former, Plaintiffs must prove the underlying infringement, but also that Meta had the right and ability to supervise those Meta employees, contractors, and agents who infringed Plaintiffs' works, and that Meta had a direct

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

financial interest in doing so, namely, by avoiding Plaintiffs' licensing fees, obtaining efficiencies in using the BitTorrent Network, and profiting from better AI models. In the case of the latter, Plaintiffs must prove the underlying infringement, Meta's knowledge of third-party infringement, and substantial participation in that infringement.

***Meta's Position:***

Meta provides the following list of principal legal issues currently in dispute, noting that this list is preliminary and subject to revision:

1. Whether Plaintiffs own valid copyright interests in the at-issue works;

2. Whether Plaintiffs hold valid copyright registrations in the at-issue works;

3. Whether Meta's volitional conduct was a direct cause of the alleged infringement of Plaintiffs' registered copyrighted works, as required for direct liability;

4. Whether any third parties committed acts of direct infringement of Plaintiffs' at-issue works, as required for both vicarious and contributory liability;

5. Whether Meta exercised control over the individuals who conducted the alleged downloads and had a direct financial interest in that activity, as required for vicarious liability;

6. Whether Meta had knowledge of and either materially contributed to or induced the alleged infringement of Plaintiffs' registered copyrighted works, as required for contributory liability;

7. Whether Plaintiffs were aware of or with reasonable diligence could have discovered the alleged downloads more than three years before filing this action, such that some or all of their claims are barred by the statute of limitations;

8. Whether Plaintiffs are entitled to any of the relief they seek from Meta.

Meta reserves the right to raise additional issues that become relevant as a result of any new claims, defenses, or counterclaims.

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

### 4.    **Motions**

Currently, there is only one pending motion in the case: Meta's Motion to Dismiss (ECF 34). Meta has not filed any other motions.

To date, however, Plaintiffs have filed the following motions: Motions for Pro Hac Vice Admission (granted, ECF 15; granted ECF 16); Motion for Leave to File Unredacted Version of Complaint, Exhibits B and C Under Seal (denied without prejudice, ECF 18); Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (granted ECF 44).

If the case proceeds past the pleading stage, the parties hope to resolve discovery disputes without judicial intervention but anticipate that discovery motions may be necessary. The parties also anticipate filing motions for summary judgment or adjudication under Rule 56.

### 5.    **Amendment of Pleadings**

***Plaintiffs' Position:***

Plaintiffs propose to amend all pleadings by no later than **July 1, 2026** or 120 days after the Court rules on the pending Motion to Dismiss (ECF 34), whichever is later. This is not a typical case where Plaintiffs necessarily have all the bases for their claims prior to discovery. Plaintiffs have continued to identify infringement through January 2026. In the event infringement continues past the deadline, Plaintiff may seek leave to amend if they have a reasonable, good faith basis to assert additional infringement that they could not have discovered prior to the deadline.

***Meta's Position:***

Meta believes a May 4, 2026 deadline to amend all pleadings is sufficient and consistent with the Court's standing order that the deadline to request leave to amend pleadings occur 60 days after the initial case management conference.  Meta respectfully submits that, beyond that date, any request for leave to amend should be supported by good cause and otherwise comport with the requirements of Federal Rule of Civil Procedure 16.

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

**6.    Evidence Preservation**

The parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information. The parties met and conferred pursuant to Rule 26(f) on February 11, 2026 regarding preservation of evidence relevant to the issues evident in the case. The parties are aware of their obligations and have taken reasonable steps to preserve potentially relevant evidence.  The parties will continue to meet and confer concerning ESI.

**7.    Disclosures**

The parties have agreed to serve their Federal Rule of Civil Procedure 26(a) initial disclosures by no later than **February 25, 2026**.

**8.    Discovery**

**a.  Discovery Taken to Date**

No discovery has been taken in this action to date.

**b.  Scope of Discovery**

***Plaintiffs' Position*:**

The following is a non-exhaustive list of subjects of discovery Plaintiffs intend to seek from Meta. Plaintiffs reserve all rights to expand upon these subject areas as the case progresses:

- Torrenting networks used by Meta employees, contractors, and agents;

- Databases or other lists of torrent infohashes, filehashes or filenames used by Meta to initiate, track or otherwise facilitate torrenting;

- Contents of Meta's "ML Hub" including, but not limited to, digital media files, torrenting related metadata, labeling data and other such data relevant to the pre-training regimen for content acquired from the Bittorrent File Network;

- Logs or other tracking data of IP Addresses controlled by Meta which connected Off-Infra servers to servers at Amazon Web Services controlled by Meta;

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

- Logs and all other tracking, analytic and historical data relating to IP Addresses controlled by Meta which were used for torrenting;

- Logs and all other data relating to connections between servers controlled by Meta using the PySpark or Fairspark protocols;

- Torrent files that are downloaded, uploaded, and/or distributed by Meta employees, contractors, and agents;

- Devices and software used by Meta employees, contractors, and agents for torrenting and/or infringing upon Plaintiffs' works;

- Meta's use of VPCs and external data centers generally, but also on specific, relevant dates and times;

- Allegations supporting any asserted affirmative defenses by Meta;

- Policies, procedures, or directives supporting, encouraging, requiring, mandating, or otherwise leading to Meta's infringement of Plaintiffs' works;

- Policies, procedures, or directives supporting, encouraging, requiring, mandating, or otherwise leading to Meta to infringe on other works;

- Algorithms, software, AI, or other automated mechanisms used, programmed, created, altered, or otherwise used by Meta, its employees, contractors, and agents to infringe upon Plaintiffs' works;

- Policies and practices by Meta relating to its employees, contractors, and agents use of residential IP addresses to bypass and otherwise avoid blockers from torrenting through corporate and data center associated IP addresses;

- The intended use(s) of Plaintiffs' works at Meta including in the development of video related AI models, AI models trained on video to achieve "super intelligence" and red teaming efforts to control unwanted outputs;

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

- Investigations of Plaintiffs' claims performed by Meta or its agents;

- Documents showing when Meta first learned of, or with reasonable diligence could have discovered, the downloads, uploads, and/or distribution in question, if it was not an actual directive or policy of Meta;

- The departments and individuals who connected to Meta's corporate IP addresses on the date and time of the alleged infringement, as well as any related forensic ESI; and

- Meta's ability to track and monitor BitTorrent infringement on its company network and employees' computers.

***Meta's Position:***

The following is a non-exhaustive list of subjects of discovery Meta intends to seek from Plaintiffs.  Meta reserves all rights to expand upon these subject areas as the case progresses:

- Plaintiffs' purported ownership of the at-issue works;

- Copyright registrations associated with the asserted works;

- The allegations in the Complaint, including the genesis of the Exhibits to the Complaint and the tools used to compile the same;

- Documents showing when Plaintiffs first learned of, or with reasonable diligence could have discovered, the downloads in question; and

- Lawsuits by Plaintiffs against third parties involving the same alleged downloads.

**c.  Completion of Discovery**

The Court has not yet set a deadline for the close of fact discovery.  As reflected in the Parties' proposed schedules in Section 15 below, Plaintiffs propose that fact discovery should be completed by May 28, 2027 and Meta proposes that fact discovery should be completed by March 4, 2027.

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

**d. Discovery Limitations**

Discovery should be governed by the Federal Rules of Civil Procedure, the Civil Local Rules, and the Court's Civil Standing Order. The Parties do not currently anticipate seeking any modifications to or limitations of these rules.

**e. Preservation and Production of Electronically Stored Information**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties anticipate meeting and conferring to come to an agreement on a stipulated ESI Protocol to submit to the Court.

**f. Protective Order**

The Parties anticipate meeting and conferring to come to an agreement on a stipulated Protective Order to submit to the Court regarding protection of, *inter alia*, trade secrets, proprietary information, and the identity of certain individuals employed by or contracting with both Plaintiffs and Meta.

**g. Privilege**

The Parties anticipate that privilege issues, including privilege logging, will be addressed in a stipulated ESI Protocol submitted to the Court. The Parties anticipate meeting and conferring to enter into a Rule 502(d) agreement governing the inadvertent production of privileged materials.

**h. Discovery Issues and Potential Disputes**

There are no pending disputes on discovery except as to when discovery should commence.

*Plaintiffs' Position:*

Both the simplicity of the *legal* issues, the complexity of the *discovery*, and the risk of prejudice to Plaintiffs from losing relevant evidence, suggest that judicial economy, as well as resolution of the issues before the Court, will be best served by commencing discovery as early as practicable, given the overwhelming direct evidence presented in the Complaint [ECF 1]. Indeed, in *Kadrey v. Meta*, 23-cv-3417 (N.D. Cal) lawyers for Kadrey revealed at a February 5,

11

2026 hearing that a Meta employee had recently deleted over 9 terabytes of torrented files. (An official transcript can be provided to the Court by Plaintiffs.) Because of the tangible risk that relevant evidence may be deleted by Meta's employees, Plaintiffs respectfully request that they be allowed to conduct discovery immediately.

*Meta's Position:*

Meta believes that it is in the interests of judicial economy, the preservation of party resources, and the efficient litigation of this action that discovery be stayed until the Court issues an order resolving Meta's Motion to Dismiss (ECF 34). *See Pereda v. General Motors LLC, 2022 WL 19692037*, at *1 (N.D. Cal. March 15, 2022) (courts in this circuit may "consider whether a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential 'waste of resources'"). Meta's motion is potentially dispositive of the entire case and not only can but must be decided absent additional discovery, satisfying this district's *Pacific Lumber* test. *The Pacific Lumber Co. v. Nat'l Un. Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D 349, 352 (N.D. Cal. 2003) (enumerating the factors courts consider when deciding whether to stay discovery pending resolution of a dispositive motion).

Plaintiffs mischaracterize the *Kadrey* record. There was no spoliation in *Kadrey*, which is an unrelated case, and in any event Meta has an appropriate hold in place and is abiding by its preservation obligations. Meta reserves all rights and objections to the scope and timing of any discovery Plaintiffs may seek.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

No related cases are currently pending.

**11.    Relief**

*Plaintiffs' Position:*

In their Complaint, Plaintiffs request that the Court:

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

A)    Permanently enjoin Defendant from continuing to infringe Plaintiffs' copyrighted Works;

B)    Order that Defendant delete and permanently remove the digital media files relating to Plaintiffs' Works from each of the computers, AI clusters, models, and training data under Defendant's possession, custody or control;

C)    Order that Defendant delete and permanently remove the infringing copies of the Works Defendant has under Defendant's possession, custody or control, including that of its agents, employees, and contractors;

D)    Award Plaintiffs statutory damages per infringed work pursuant to 17 U.S.C. § 504(a) and (c);

E)    Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

F)    Grant Plaintiffs any other and further relief this Court deems just and proper.

If liability is established, pursuant to 17 U.S.C. § 504(a) and (c), Plaintiff is entitled to "a sum of not less than $750[,]" "to a sum of not more than $150,000" for each work infringed. Plaintiffs intend to seek the maximum available at law given the severity and scale of infringements.

*Meta's Position:*

Meta denies that Plaintiffs are entitled to any relief whatsoever.  Meta does not seek relief at this time other than attorneys' fees and costs if it prevails.

**12.    Settlement and ADR**

Plaintiffs filed their ADR Certification pursuant to ADR Local R. 3-5(b) on February 18, 2026 (ECF 46). Meta filed its ADR Certification pursuant to ADR Local R. 3-5(b) on October 7, 2025 (ECF 32).  The parties have not held settlement discussions and continue to meet and confer on an ADR plan.  If a settlement is reached, the parties will promptly notify the Court of such.

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

### 13. Other References

The parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

### 14. Narrowing of Issues

None at this time.

### 15. Scheduling

The parties do not agree on the proposed schedule for the Court, but provide their respective proposed timelines below, keyed off the initial CMC to be held on March 4, 2026:

| | Plaintiffs' Position | Meta's Position |
|---|---|---|
| **Deadline to Request Leave to Amend Pleadings**<br><br>**(No later than 60 days after the initial CMC)** | July 1, 2026 or 120 days after the Court rules on ECF 34 | May 4, 2026 |
| **Deadline to Complete Initial ADR Session**<br><br>**(Generally 120 days after the initial CMC)** | September 1, 2026 | July 2, 2026 |
| **Further Case Management Conference**<br><br>**(Four to eight weeks before the close of fact discovery)** | April 19, 2027 | January 29, 2027 |
| **Close of Fact Discovery** | May 28, 2027[1] | March 4, 2027[2] |

[1] Plaintiffs' Position: Plaintiffs concur with the spirit of Meta's position at footnote 2, *infra*, namely regarding the novel, technically complex issues at stake in this case, many of which may create precedent on the frontier of copyright law. Plaintiffs suggest that the progression of a similar case, *Kadrey v. Meta Platforms, Inc.*, No. 23-3417 (N.D. Cal.), which presents matters both important and of a first impression, is instructive. In this case, the Plaintiffs recently sought leave to amend to assert a *Fourth* Amended Complaint. This decision is predicated upon Meta's continual supplementing of discovery. While Plaintiffs desire a timely resolution of the issues presented, they even more desire a definitive, complete, and fair resolution. Accordingly, they suggest that flexibility in these deadlines, as well as occasionally modest extensions to the deadlines contained herein, would best serve these ends and those of Fed. R. Civ. P. 1 ("…to secure the just, speedy, and inexpensive determination of every action…").

[2] Meta's Position: This case presents novel and technically complex issues at the intersection of copyright law, artificial intelligence, and large-scale digital platforms. The Complaint itself telegraphs that Plaintiff intends to pursue expansive discovery. At the same

14

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

| | Plaintiffs' Position | Meta's Position |
|---|---|---|
| **(Four to eight months after the initial case management conference)** | | |
| **Close of Expert Discovery**<br><br>**(No more than four months after the close of fact discovery)** | October 1, 2027<br><br>(Plaintiffs' Expert Reports: July 23, 2027<br><br>Meta's Expert Reports: September 3, 2027) | July 2, 2027<br><br>(Plaintiffs' Expert Reports: April 16, 2027<br><br>Meta's Expert Reports: June 4, 2027) |
| **Close of Briefing on Summary Judgment, *Daubert*, and Class Certification**<br><br>**(No more than ten weeks after the close of expert discovery)** | December 10, 2027 | September 10, 2027 |
| **Hearing on Summary Judgment, *Daubert*, and Class Certification**<br><br>**(Four weeks after the final brief is submitted)** | January 10, 2028 | October 8, 2027 |
| **Pretrial Conference**<br><br>**(At least twelve weeks after the last day to hear summary judgment and Daubert motions, and at least four weeks before trial begins, with a joint pretrial statement due two weeks before the conference)** | April 3, 2028 | January 7, 2028 |
| **Trial** | May 1, 2028 | February 2028[3] |

time, the precise scope of the case remains unclear. Plaintiffs' allegations are deliberately broad and Meta's pending motion to dismiss raises threshold issues that will shape the scope of the issues in dispute. Given the scale, technical complexity, and uncertain scope of the claims, a modest extension of the Court's standard schedule—particularly with respect to fact discovery—is warranted to ensure orderly discovery and efficient case management.

[3] Meta's Position: As discussed, given the scale, technical complexity, and uncertain scope of the claims, a slightly extended timeline to trial is warranted.

15

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

| | Plaintiffs' Position | Meta's Position |
|---|---|---|
| (Twelve to twenty months after the initial case management conference) | | |

16. **Trial**

Plaintiff has demanded a jury trial in its Complaint. Plaintiff expects trial to last ten (10) days.  Meta believes it is premature to estimate the length of trial at this time.

17. **Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed their Certification of Interested Entities on July 23, 2025. (ECF 4).  Meta filed its Rule 7.1 Disclosure Statement and Civil L.R. 3-15 Certification of Conflicts and Interested Entities or Persons on September 16, 2025 (ECF 25).

Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) Strike 3 Holdings, LLC - Plaintiff; financial interest; (2) Counterlife Media, LLC – Plaintiff; financial interest; (3) General Media Systems, LLC – owner of both Plaintiffs; financial interest; and (4) Meta Platforms, Inc. - Defendant; financial interest.

18. **Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and will abide by them.

19. **Other**

None.

16

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

Dated: February 18, 2028

/s/ Christian W. Waugh

Christian W. Waugh (FL SBN 71093)
WAUGH PLLC
201 E. Pine Street, Ste. 315
Orlando, FL 32801
Telephone: (321) 800-6008
Email: cwaugh@waugh.legal

Trey Brown (SBN 314469)
In-House Counsel
Strike 3 Holdings, LLC
11271 Ventura Blvd., Ste. 717
Los Angeles, CA 91604
Telephone: (323) 347-4271
Email: trey@strike3holdings.com

Jeremy J. Thompson (MN SBN 402173)
The Law Office of Jeremy J. Thompson PLLC
5200 Wilson Road, Ste. 150
Edina, MN 55424
Telephone: (952) 952-1883
Email: jeremy@jthompson.law

Lincoln D. Bandlow, Esq. (SBN 170449)
Law Offices of Lincoln Bandlow, PC
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 556-9680
Email: Lincoln@BandlowLaw.com

Attorneys for Plaintiffs
STRIKE 3 HOLDINGS, LLC
COUNTERLIFE MEDIA, LLC

Dated: February 18, 2026

/s/ Angela L. Dunning

CLEARY GOTTLIEB STEEN
& HAMILTON LLP
Angela L. Dunning (212047)
adunning@cgsh.com
Ye Eun Charlotte Chun (331459)
chchun@cgsh.com
Samuel Blankenship (339905)
sblankenship@cgsh.com
Kimberly Bittinger (359907)
kbittinger@cgsh.com
1841 Page Mill Rd, Suite 250
Palo Alto, CA 94304

17

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

Telephone: +1 (650) 815-4100

CLEARY GOTTLIEB STEEN
& HAMILTON LLP
Thomas W. Yeh (287118)
tyeh@cgsh.com
650 California St., Suite 2400 San Francisco, CA
94108 Telephone: +1 (415) 796-4400

Attorneys for Defendant
META PLATFORMS, INC.

18

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: February 18, 2026                                    /s/ Christian W. Waugh
                                                             Christian W. Waugh

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN