CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
SAMUEL BLANKENSHIP (339905)
sblankenship@cgsh.com
KIMBERLY BITTINGER (359907)
kbittinger@cgsh.com
151 University Avenue
Palo Alto, CA 94301
Telephone:  (650) 815-4100
Facsimile:   (650) 815-4199

CLEARY GOTTLIEB STEEN & HAMILTON LLP
THOMAS W. YEH (287118)
tyeh@cgsh.com
650 California Street, Suite 2400
San Francisco, CA 94108
Telephone: (415) 796-4400
Facsimile:  (415) 796-4499

Attorneys for Defendant
META PLATFORMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company, and COUNTERLIFE MEDIA, LLC, a Delaware limited liability company, | Case No.: 5-25-CV-06213-EKL |
| Plaintiffs, | **DEFENDANT META PLATFORMS, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |
| v. | |
| META PLATFORMS, INC., a Delaware corporation, | Judge:  Hon. Eumi K. Lee |
| Defendant. | Trial Date: February 7, 2028<br>Date Action Filed: July 23, 2025 |

Defendant Meta Platforms, Inc. ("Meta"), by and through counsel, hereby responds to the Amended Complaint filed by Plaintiffs Strike 3 Holdings, LLC and CounterLife Media, LLC ("Strike 3," "CounterLife" and/or "Plaintiffs"). Unless expressly admitted herein, Meta denies each of the allegations in the Amended Complaint.

## INTRODUCTION[1]

1.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 1.

2.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, including regarding ownership of Plaintiffs' works, and on that basis denies them.

3.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis denies them.

4.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis denies them.

5.    Meta denies the allegations in Paragraph 5.

6.    Meta denies the allegations in Paragraph 6.

7.    Meta denies the allegations in Paragraph 7.

8.    Meta denies the allegations in Paragraph 8.

9.    Meta denies the allegations in Paragraph 9.

10.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta admits that this action purports to assert claims based upon the copyright laws of the United States, 17 U.S.C. § 101 et seq.  Except as expressly admitted, Meta denies the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11.    The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Meta admits that this Court has original subject

---

[1] Meta includes headings as listed in the Amended Complaint for convenience only, and denies any allegations therein.

matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), provided that standing and other requirements are met.  Except as expressly admitted, Meta denies the allegations in Paragraph 11.

12.     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta admits that this Court has personal jurisdiction over it with respect to the instant action.  Except as expressly admitted, Meta denies the allegations in Paragraph 12.

13.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Meta admits that venue is proper in this judicial district.  Except as expressly admitted, Meta denies the allegations in Paragraph 13.

14.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Meta admits that it is headquartered in San Mateo County and does not dispute that the assignment of this case to the San Francisco Division is proper. Except as expressly admitted, Meta denies the allegations in Paragraph 14.

**PARTIES**

15.     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies them.

16.     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies them.

17.     Meta admits that it is a Delaware Corporation with its principal place of business in Menlo Park, CA.  Except as expressly admitted, Meta denies the allegations in Paragraph 17.

**AGENTS AND CO-CONSPIRATORS**

18.     Meta denies the allegations in Paragraph 18.

19.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 19.

# FACTUAL BACKGROUND

## *Plaintiffs' Award-Winning Copyrights*

20.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies them.

21.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis denies them.

22.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis denies them.

23.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis denies them.  To the extent the allegations in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 1, the article speaks for itself.

24.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis denies them.

25.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis denies them.

26.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis denies them.

27.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis denies them.

28.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis denies them.  To the extent the allegations in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 2, the article speaks for itself.

29.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis denies them.

DEFENDANT META'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 5:25-CV-06213-EKL

**30.**    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis denies them.

**31.**    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis denies them.  To the extent the allegations in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 3, the article speaks for itself.

**32.**    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis denies them.  To the extent the allegations in this paragraph purport to summarize or characterize the contents of the webpage cited in Footnote 4 and the video cited in Footnote 5, those materials speak for themselves.

**33.**    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and on that basis denies them.

### *Meta Is in the Business of Developing AI Applications and Technologies*

**34.**    Meta admits that it is a multinational technology company that owns and operates Facebook, Instagram, and WhatsApp, among other services.  Except as expressly admitted, Meta denies the allegations in Paragraph 34.

**35.**    Meta admits that it was originally founded in 2004 as TheFacebook, Inc., and that it changed its corporate name from Facebook, Inc. to Meta Platforms, Inc. in 2021.  Meta admits that it offers services including social media services, virtual and augmented reality technologies, and AI technologies.  Except as expressly admitted, Meta denies the allegations in Paragraph 35.

**36.**    Meta admits that it is a publicly traded NASDAQ 100 company.  Except as expressly admitted, Meta denies the allegations in Paragraph 36.

**37.**    Meta admits it launched Facebook Artificial Intelligence Research (also known as "FAIR") in 2013 to, among other things, research data science, machine learning, and artificial intelligence.  Except as expressly admitted, Meta denies the allegations in Paragraph 37.

**38.**    Meta denies the allegations in Paragraph 38.

**DEFENDANT META'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT CASE NO. 5:25-CV-06213-EKL**

**39.** Meta admits that it publicly presented SlowFast networks in October 2019. Meta further admits that, according to the public research paper accompanying its presentation, SlowFast networks is a two-pathway model architecture for video recognition used for action classification and detection in video. Except as expressly admitted, Meta denies the allegations in Paragraph 39.

**40.** Meta admits that it publicly introduced Ego4D in October 2021. Meta further admits that, according to the research paper accompanying its introduction, Ego4D was a massive-scale egocentric video dataset and benchmark suite comprised of 3,670 hours of daily-life video spanning hundreds of scenarios (household, outdoor, workplace, leisure, etc.) captured by 931 unique camera wearers from 74 worldwide locations and 9 different countries, compiled in collaboration with numerous universities and academic research organizations, as well as a set of new benchmark challenges centered around understanding the first-person visual experience. Except as expressly admitted, Meta denies the allegations in Paragraph 40.

**41.** Meta admits that it publicly presented ImageBind in May 2023. Meta further admits that, according to the research paper accompanying its presentation, ImageBind was an approach to learn a single joint embedding space across six different modalities – images, text, audio, depth, thermal, and IMU data – intended to serve as a new way to evaluate vision models for visual and non-visual tasks. Meta further admits that it conducted research for Make-A-Video AI, a tool designed to enable the generation of video from text without leveraging paired text-video data, in 2022. Except as expressly admitted, Meta denies the allegations in Paragraph 41.

**42.** Meta admits that from 2023 to 2024, it engaged in generative AI research and development. Except as expressly admitted, Meta denies the allegations in Paragraph 42.

**43.** Meta admits that it has invested in researching, developing, and training models that can be used with Ray-Ban Meta smart glasses, AI avatars, and assistants. Except as expressly admitted, Meta denies the allegations in Paragraph 43.

**44.** Meta admits that it has a long-term partnership agreement with EssilorLuxottica. Except as expressly admitted, Meta denies the allegations in Paragraph 44.

**45.**    Meta admits that it announced Meta Movie Gen in 2024 but denies that Movie Gen has been "released" to the public as a standalone service.  To the extent the allegations in Paragraph 45 purport to summarize or characterize the contents of the article cited in Footnote 6, the article speaks for itself.  Except as expressly admitted, Meta denies the allegations in Paragraph 45.

**46.**    To the extent the allegations in Paragraph 46 purport to summarize or characterize the contents of the article cited in Footnote 6, the article speaks for itself.  Meta otherwise denies the allegations in paragraph 46.

**47.**    To the extent the allegations in Paragraph 47 purport to summarize or characterize the contents of the article cited in Footnote 7, the article speaks for itself.  Meta otherwise denies the allegations in paragraph 47.

**48.**    To the extent the allegations in Paragraph 48 purport to summarize or characterize the contents of the article cited in Footnote 7, the article speaks for itself.  Meta otherwise denies the allegations in paragraph 48.

**49.**    Meta admits that it introduced V-JEPA 2 in 2025.  To the extent the allegations in this paragraph purport to summarize or characterize the contents of the webpage and its corresponding research paper cited in Footnote 8, the article and research paper speak for themselves.  Except as expressly admitted, Meta denies the allegations in Paragraph 49.

**50.**    Meta admits that versions of LLaMA 4 were released in April 2024.  Except as expressly admitted, Meta denies the allegations in Paragraph 50.

**51.**    Meta denies the allegations in Paragraph 51.

**52.**    To the extent the allegations in this paragraph purport to summarize or characterize the contents of the blog post cited in Footnote 9, the blog post speaks for itself.  Meta otherwise denies the allegations in paragraph 52.

### *Plaintiffs Discovered Meta Torrenting its Movies through its Corporate IPs*

**53.**    Meta admits that it is a party in the pending lawsuit *Kadrey v. Meta Platforms, Inc.*, No. 23-3417 (N.D. Cal. 2023) (hereinafter *Kadrey*).  Meta further admits that, through that litigation, it has admitted to downloading portions of certain publicly available text datasets through

**DEFENDANT META'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT CASE NO. 5:25-CV-06213-EKL**

direct download and by torrenting for purposes of developing and training some of its LLaMA models but denies that these datasets included any of Plaintiffs' asserted works. Except as expressly admitted, Meta denies the allegations in Paragraph 53.

54. Meta admits that it downloaded portions of certain publicly available text datasets through direct download and by torrenting for purposes of developing and training some of its LLaMA models but denies that these datasets included any of Plaintiffs' works. To the extent the allegations in this paragraph purport to summarize or characterize uncited documents and court filings in *Kadrey*, Meta denies Plaintiffs' characterizations. Meta denies the remaining allegations in Paragraph 54.

55. Meta admits that the *Kadrey* lawsuit received press coverage. Meta denies that it engaged in any "infringement activity on BitTorrent" or otherwise. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55, and on that basis denies them. Except as expressly admitted, Meta denies the allegations in Paragraph 55.

56. Meta lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiffs' identification of alleged infringing downloads and compilation of the Amended Complaint exhibits, and on that basis denies them. Meta denies the remaining allegations in Paragraph 56, including without limitation that Meta infringed or used any of Plaintiffs' asserted works.

57. Meta lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiffs' compilation of the Amended Complaint exhibits, and on that basis denies them. Meta denies the remaining allegations in Paragraph 57, including without limitation that Meta infringed or used any of Plaintiffs' asserted works.

58. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and the compilation of the Amended Complaint exhibits, and on that basis denies them.

DEFENDANT META'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 5:25-CV-06213-EKL

59. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and on that basis denies them.

60. To the extent the allegations in this paragraph purport to summarize or characterize the screenshot, the screenshot speaks for itself.  Meta denies the remaining allegations in Paragraph 60.

**The BitTorrent File Distribution Network is Used to Infringe Plaintiffs' Copyrights**

61. As Paragraph 61 pertains generally to BitTorrent and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on that basis denies them.

62. As Paragraph 62 pertains generally to BitTorrent and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and on that basis denies them.

63. As Paragraph 63 pertains generally to BitTorrent and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and on that basis denies them.

64. As Paragraph 64 pertains generally to BitTorrent and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and on that basis denies them.

65. As Paragraph 65 pertains generally to BitTorrent and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and on that basis denies them.

66. As Paragraph 66 pertains generally to BitTorrent and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and on that basis denies them.

67. As Paragraph 67 pertains generally to BitTorrent and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and on that basis denies them.

**68.**     As Paragraph 68 pertains generally to BitTorrent and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and on that basis denies them.

**69.**     As Paragraph 69 pertains generally to BitTorrent and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and on that basis denies them.

**70.**     As Paragraph 70 pertains generally to BitTorrent and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and on that basis denies them.

**71.**     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and on that basis denies them.

**72.**     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and on that basis denies them.

**73.**     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis denies them.

**74.**     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and on that basis denies them.

**75.**     Meta denies the allegations in Paragraph 75 pertaining to Meta, including without limitation that Plaintiffs downloaded a piece (or pieces) of any digital media files from Meta using the BitTorrent network.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75, and on that basis denies them.

**76.**     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and on that basis denies them.

**77.**     Meta denies the allegations in Paragraph 77 pertaining to Meta, including without limitation that Meta used the BitTorrent file distribution network to download or upload any of Plaintiffs' asserted works.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and on that basis denies them.

**78.**     Meta denies the allegations in Paragraph 78 pertaining to Meta, including without limitation that Meta used the BitTorrent file distribution network to download or upload any of Plaintiffs' asserted works or otherwise infringed them.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78, and on that basis denies them.

**79.**     Meta denies the allegations in Paragraph 79 pertaining to Meta, including without limitation that Meta transmitted pieces of Plaintiffs' copyrighted motion pictures.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79, and on that basis denies them.

**80.**     Meta denies the allegations in Paragraph 80.

**81.**     Meta denies the allegations in Paragraph 81 pertaining to Meta, including without limitation that it used the BitTorrent file distribution network to download or upload any of Plaintiffs' asserted works.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81, and on that basis denies them.

**82.**     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and on that basis denies them.

**83.**     As Paragraph 83 pertains generally to unidentified "BitTorrent clients" and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and on that basis denies them.

**84.**     As Paragraph 84 pertains generally to unidentified "BitTorrent users" and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and on that basis denies them.

**85.**     As Paragraph 85 pertains generally to an unidentified "BitTorrent client" and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and on that basis denies them.

**86.**     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and on that basis denies them.

87. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and on that basis denies them.

88. Meta denies the allegations in Paragraph 88 pertaining to Meta, including without limitation that Meta used the BitTorrent file distribution network to download or upload any of Plaintiffs' asserted works or digital media files that are identical or substantially similar to Plaintiffs' asserted works. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and on that basis denies them.

89. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and on that basis denies them.

***Strike 3 Discovered Meta Using Hidden Data Centers to Further Infringe Its Works***

90. To the extent the allegations set forth in Paragraph 90 purport to summarize or characterize filings in *Kadrey*, the documents speak for themselves. Meta denies the remaining allegations in Paragraph 90.

91. To the extent the allegations set forth in Paragraph 91 purport to summarize or characterize the cited filing in *Kadrey*, Meta denies Plaintiffs' characterizations as the quoted language is taken out of context and the document speaks for itself. Meta denies the remaining allegations in Paragraph 91.

92. To the extent the allegations set forth in Paragraph 92 purport to summarize or characterize filings in *Kadrey*, the documents speak for themselves. Meta denies the remaining allegations in Paragraph 92.

93. Meta denies the allegations in Paragraph 93 to the extent they pertain to Meta, including without limitation that Meta used the BitTorrent network to download or upload any of Plaintiffs' asserted works or any of the other cited content. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and on that basis denies them.

94. Meta denies the allegations in Paragraph 94 that pertain to Meta, including without limitation that it had "hidden IP addresses" or infringed Plaintiffs' asserted works. Meta lacks

DEFENDANT META'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 5:25-CV-06213-EKL

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94, and on that basis denies them.

95.     Meta lacks knowledge or information sufficient to form a belief as to the allegations regarding the compilation of the Amended Complaint exhibits, and on that basis denies the allegations in Paragraph 95.

96.     Meta lacks knowledge or information sufficient to form a belief as to the allegations regarding the compilation of the Amended Complaint exhibits, and on that basis denies the allegations in Paragraph 96.

97.     Meta denies the allegations in Paragraph 97.

98.     Meta denies the allegations in Paragraph 98.

99.     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and on that basis denies them.

100.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis denies them.

101.    Meta denies the allegations in Paragraph 101.

102.    Meta denies the allegations in Paragraph 102.

***Strike 3 Discovered At Least One Meta Employee Infringing Through a Home Residential IP***

103.    Meta denies the allegations in Paragraph 103 pertaining to Meta, including without limitation that any use of the cited IP address was made "in conjunction" with Meta corporate IP addresses, that Meta used "stealth IP Addresses," and that Meta used the BitTorrent file distribution network to download or upload any of Plaintiffs' asserted works.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103, and on that basis denies them.

104.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and on that basis denies them.

105.    Meta admits that the subscriber's adult son was a Contingent Worker at Meta from October 2022 to October 2024. To the extent the allegations in this paragraph purport to summarize

or characterize the subscriber's adult son's LinkedIn profile, which is uncited, Meta denies Plaintiffs' characterizations. Meta denies the remaining allegations in Paragraph 105.

106. Meta admits that the subscriber's adult son was an employee at Meta with the title Data Engineer from April 2025 to May 2026. To the extent the allegations in this paragraph purport to summarize or characterize the subscriber's adult son's LinkedIn profile, which is uncited, Meta denies Plaintiffs' characterizations. Except as expressly admitted, Meta denies the allegations in Paragraph 106.

107. Meta denies the allegations in Paragraph 107.

### Meta Infringed Plaintiffs' Works Using BitTorrent

108. Meta denies the allegations in the first sentence of Paragraph 108. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108, including without limitation allegations regarding alleged registration of Plaintiffs' asserted Works and the compilation of the Amended Complaint exhibits, and on that basis denies them.

109. Meta denies the allegations in Paragraph 109 that pertain to Meta, including without limitation that it infringed any of Plaintiffs' asserted works. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109, including without limitation allegations regarding the compilation of the Amended Complaint exhibits, and on that basis denies them.

110. Meta denies the allegations in Paragraph 110 that pertain to Meta, including without limitation that Meta infringed any of Plaintiffs' asserted works and/or used "corporate owned IP addresses, IP Addresses located on stealth data center servers and at least one residential IP address of a Meta employee" to download or upload any of Plaintiffs' asserted works. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110, including without limitation allegations regarding the compilation of the Amended Complaint exhibits, and on that basis denies them.

***Meta Intentionally and Willfully Distributed Plaintiffs' Works for Its Own Commercial Benefit***

111.    Meta denies the allegations in Paragraph 111.

112.    Meta denies the allegations in Paragraph 112.

113.    As Paragraph 113 pertains generally to unidentified "BitTorrent users" and not to any particular alleged use of BitTorrent by Meta, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113, and on that basis denies them.

114.    Meta denies the allegations in Paragraph 114.

115.    Meta admits that it undertook efforts to avoid distributing text data that it procured via BitTorrent for purposes of developing and training its language models but denies that it torrented any of Plaintiffs' asserted works. To the extent the allegations set forth in Paragraph 115 purport to summarize or characterize portions of filings in *Kadrey* out of context, the documents speak for themselves. Except as expressly admitted, Meta denies the allegations in Paragraph 115.

116.    Meta denies the allegations in Paragraph 116.

117.    Meta denies the allegations in Paragraph 117 pertaining to Meta, including without limitation that Meta downloaded or distributed any of Plaintiffs' asserted works via BitTorrent. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 and on that basis denies them.

118.    Meta admits that it undertook efforts to avoid distributing text data that it procured via BitTorrent for purposes of developing and training its language models but denies that it torrented any of Plaintiffs' asserted works. Except as expressly admitted, Meta denies the allegations in Paragraph 118.

119.    Meta denies the allegations in Paragraph 119 pertaining to Meta, including without limitation that Meta was involved in any of the "episodes" alleged in Exhibit H and downloaded or distributed any of Plaintiffs' asserted works. Meta otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 119, including without

limitation allegations regarding the compilation of the Amended Complaint exhibits, and on that basis denies them.

120. Meta denies the allegations in Paragraph 120 pertaining to Meta, including that it infringed any of Plaintiffs' asserted works. Meta lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 120, including without limitation allegations regarding the compilation of the Amended Complaint exhibits, and on that basis denies them.

121. Meta denies the allegations in Paragraph 121.

122. Meta denies the allegations in Paragraph 122.

123. The first sentence of Paragraph 123 states a legal conclusion to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the allegations regarding the unidentified laws in the first sentence of Paragraph 123, and on that basis denies them. Meta denies the remaining allegations in Paragraph 123.

124. Meta denies the allegations in Paragraph 124 pertaining to Meta, including without limitation that Meta ignores federal and state laws or offers Plaintiffs' asserted works for free, and that Plaintiffs and Meta are competitors. Meta lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 124 and on that basis denies them.

125. Meta denies the allegations in Paragraph 125.

126. Meta denies the allegations in Paragraph 126.

127. Meta admits that it has invested money to develop its generative AI services. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 11, the article speaks for itself. Except as expressly admitted, Meta denies the remaining allegations in Paragraph 127.

128. Meta admits that it has invested money to develop its generative AI services. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 12, the article speaks for itself. Except as expressly admitted, Meta denies the allegations in Paragraph 128.

**129.** Meta denies the allegations in Paragraph 129.

**130.** Meta admits that it did not seek authorization from Plaintiffs to distribute its motion pictures through the BitTorrent network. Except as expressly admitted, Meta denies the allegations in Paragraph 130, including that Meta in fact downloaded or distributed any of Plaintiffs' motion pictures through the BitTorrent network or otherwise.

**131.** Meta admits that Plaintiffs notified Meta's attorneys that Meta was purportedly infringing Plaintiffs' asserted works. Except as expressly admitted, Meta denies the allegations in Paragraph 131, including that Meta infringed any of Plaintiffs' asserted works.

### *Meta Intentionally Targeted Plaintiffs' Works for AI Training*

**132.** Meta denies the allegations in Paragraph 132.

**133.** Meta denies the allegations in Paragraph 133 pertaining to Meta, including without limitation that Meta has infringed any of Plaintiffs' asserted works. Meta lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 133 and on that basis denies them.

**134.** Meta denies the allegations in Paragraph 134.

**135.** Meta denies the allegations in Paragraph 135.

**136.** Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and on that basis denies them.

**137.** Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and on that basis denies them.

**138.** Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, and on that basis denies them.

**139.** Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and on that basis denies them.

**140.** Meta denies the allegations in Paragraph 140.

**141.** Meta denies that it has trained any AI models on Plaintiffs' asserted works. To the extent the allegations in this paragraph purport to summarize or characterize the contents of the

article cited in Footnote 13, the article speaks for itself. Meta denies the remaining allegations in Paragraph 141.

142. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the training of unidentified AI models set forth in Paragraph 142, and on that basis denies them.

143. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 13, the article speaks for itself. Meta denies the remaining allegations in Paragraph 143.

144. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144, and on that basis denies them.

145. Meta denies the allegations in Paragraph 145.

146. Meta denies the allegations in Paragraph 146.

### Plaintiffs Did Not Authorize Meta to Use Its Works

147. Meta admits that it did not seek authorization from Plaintiffs to use Plaintiffs' asserted works. Except as expressly admitted, Meta denies the allegations in Paragraph 147, including without limitation that Meta in fact infringed, used, downloaded, or distributed any of Plaintiffs' asserted works.

148. Meta denies the allegations in Paragraph 148 pertaining to Meta, including without limitation that it used, downloaded, or distributed any of Plaintiffs' asserted works for any purpose, including AI training. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiffs' alleged tools purportedly recorded or detected, and on that basis denies them.

149. Meta denies the allegations in Paragraph 149.

150. Meta denies the allegations in Paragraph 150.

151. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, and on that basis denies them.

- 17 -

152. The allegations in Paragraph 152 state legal conclusions or recitations of the relief sought by Plaintiffs to which no response is required. To the extent a response is required, Meta denies that Plaintiffs are entitled to any relief from Meta.

153. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the senate hearing cited in Footnote 15, the cited material speaks for itself. Meta denies the remaining allegations in Paragraph 153.

154. Meta denies the allegations in Paragraph 154.

155. Meta denies the allegations in Paragraph 155.

**COUNT I**

**<u>Direct Copyright Infringement</u>**

156. Meta incorporates by reference its responses to paragraphs 1 through 155 above as though fully set forth herein.

157. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157, and on that basis denies them.

158. Meta denies the allegations in Paragraph 158.

159. Meta admits that it did not seek authorization from Plaintiffs to distribute Plaintiffs' asserted works, but denies that it distributed any of Plaintiffs' asserted works. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159, and on that basis denies them. Except as expressly admitted, Meta denies the allegations in Paragraph 159.

160. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in paragraph 160.

161. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in paragraph 161 and denies that Plaintiffs are entitled to any relief from Meta.

## COUNT II

### Secondary Copyright Infringement

**162.** Meta incorporates by reference its responses to paragraphs 1 through 155 above as though fully set forth herein. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in paragraph 162.

**163.** Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163, and on that basis denies them.

**164.** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in paragraph 164.

**165.** Meta denies the allegations in Paragraph 165.

**166.** Meta denies the allegations in Paragraph 166.

**167.** Meta admits that Plaintiffs sent Meta correspondence beginning in March 2025 purporting to provide evidence of certain torrent downloads. Except as expressly admitted, Meta denies the allegations in Paragraph 167, including without limitation that this correspondence provided information that would allow Meta to find or prevent such activity, that Meta directed or had any knowledge or involvement in such activity, and that Meta used, downloaded, or distributed any of Plaintiffs' asserted works.

**168.** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in paragraph 168.

**169.** Meta denies the allegations in Paragraph 169.

**170.** Meta denies the allegations in Paragraph 170.

**171.** Meta denies the allegations in Paragraph 171.

**172.** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in paragraph 172.

**173.** Meta denies the allegations in Paragraph 173.

**174.**    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in paragraph 174.

**175.**    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in paragraph 175 and denies that Plaintiffs are entitled to any relief from Meta.

## AFFIRMATIVE DEFENSES

Meta asserts that Plaintiffs' claims are barred, in whole or in part, by the defenses set forth herein. By setting forth these defenses, Meta does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Meta reserves the right to plead any and all defenses that may be evident or revealed after investigation and discovery in this matter.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for lack of standing to the extent Plaintiffs do not own the copyright or do not own one or more of the rights afforded under 17 U.S.C. § 106 for some or all of their asserted works, did not suffer sufficient cognizable injury to confer Article III standing, and/or otherwise lack standing to assert the claims herein.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to the extent any of Plaintiffs' asserted works are in the public domain, unregistered works, works to which copyright protection has been abandoned, works that lack requisite originality, works that are not subject to copyright protection under the doctrines of merger, scènes à faire or under 17 U.S.C. § 102(b) or otherwise unprotectable under the law, or works that were not properly registered or renewed, provided improper notice, and/or did not comply with registration requirements and/or with other necessary formalities.

## THIRD AFFIRMATIVE DEFENSE

Meta did not engage in any volitional conduct capable of supporting a claim for direct copyright infringement.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged infringing conduct, to the extent it occurred, was performed by third parties, rather than Meta or a Meta employee acting within the course and scope of their employment, and is therefore not attributable to Meta under principles of agency law or *respondeat superior*.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs seek excessive statutory damages that are so disproportionate to the alleged legal violations, they are barred by the Due Process Clause of the Fifth Amendment.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' remedies are barred by the applicable three-year statute of limitations (17 U.S.C. § 507) to the extent the claims are based on acts that occurred three or more years prior to the filing of this lawsuit of which Plaintiffs had notice or with reasonable diligence should have been aware.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail, in whole or in part, because the alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or omissions of persons other than Meta.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for contributory and vicarious copyright infringement fail because there is no underlying act of direct infringement by any third party, which is a necessary predicate to any claim of secondary liability.

**NINTH AFFIRMATIVE DEFENSE**

Meta denies downloading or uploading any of Plaintiffs' asserted works. To the extent Plaintiffs seek to hold Meta liable for uploading portions of Plaintiffs' alleged copyrighted works in the context of downloading them via BitTorrent, any resulting alleged reproduction was de minimis and did not result in the creation of an identifiable or usable copy of any copyrighted work.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred under the doctrines of copyright misuse and unclean hands to the extent that Plaintiffs' asserted works quote from, copy, or otherwise incorporate works of others without permission; to the extent the asserted works are derivative of or copy preexisting works, including works undisclosed in Plaintiffs' copyright filings with the U.S. Copyright Office; and to the extent Plaintiffs misstated or overstated their claims of copyright ownership.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery of damages because of and to the extent of their failure to mitigate their damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail, in whole or in part, under the equitable doctrines of waiver, estoppel, and acquiescence.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Meta denies exercising any rights provided for under 17 U.S.C. § 106 with respect to any of Plaintiffs' asserted works, and therefore does not currently assert any fair use defense under 17 U.S.C. § 107. Meta reserves the right to assert a fair use defense, and any other applicable defenses, to the extent the facts develop to support them.

**DEMAND FOR TRIAL BY JURY**

Meta hereby demands a trial by jury on all claims, counterclaims, defenses, and issues in this action so triable.

Dated: July 21, 2026          CLEARY GOTTLIEB STEEN & HAMILTON LLP


                              /s/ Angela L. Dunning
                              Angela L. Dunning

                              Attorneys for Defendant
                              META PLATFORMS, INC.

- 22 -          **DEFENDANT META'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT CASE NO. 5:25-CV-06213-EKL**