United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STRIKE 3 HOLDINGS, LLC, et al.,

Plaintiffs,

v.

META PLATFORMS, INC.,

Defendant.

Case No.  25-cv-06213-EKL (SVK)

**ORDER RE PROTECTIVE ORDER FOR NON-PARTY SUBPEONA**

Re: Dkt. No. 72

Before the Court is the Parties' Joint Discovery Submission ("Joint Submission") pursuant to which Defendant Meta Platforms, Inc. ("Meta") seeks to quash a subpoena served by Plaintiff Strike 3 Holdings, LLC ("Strike 3") on non-party law firm Boies Schiller Flexner, LLP ("BSF"). BSF is Meta's counsel of record in the action styled as *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC (N.D. Cal.) ("*Kadrey*").[1]  Dkt. 72.  The disputed subpoena seeks all deposition transcripts, documents and discovery responses produced by Meta in *Kadrey*.  *Id*.  Meta's primary objection is, *inter alia*, that Plaintiff served identical document requests on Meta at the same time as it served the subpoena on BSF and therefore the Parties should address the propriety of the requests directly between themselves before burdening non-party BSF with production.  *Id*. at 1-3.  Plaintiff does not address this practical challenge, instead focusing on issues of relevance and standing.  *Id*. at 6-10.  The Court has reviewed the Parties' arguments and the relevant law, including Rules 1, 26 and 45 of the Federal Rules of Civil Procedure as well as the cases cited by the Parties in the Joint Submission and determines that this matter may be resolved without oral argument.  Civil L.R. 7-1(b).

First addressing Plaintiff's challenge to Meta's standing to move to quash the subpoena,

---

[1] In the present action, Meta is represented by Cleary, Gottlieb Steen & Hamilton LLP.

both Parties cite *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-cv-014165, 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019) for the proposition that a party may seek a protective order pursuant to Rule 26(c) if the party believes the party's own interests are jeopardized by discovery sought from the non-party. *Id*. Dkt. 72 at 2, 9;  see also, *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."). Meta asserts that the subpoena seeks documents from non-party BSF "that implicate not only burden, relevance, and proportionality concerns, but also privacy interests of third parties to whom Meta owes contractual obligations of notice and confidentiality that must be complied with in accordance with the Protective Order in *Kadrey* before any production." Dkt. 72 at 3.  The Court agrees.  At least some of Meta's *Kadrey* discovery responses are highly likely to reflect confidential information.  Regardless of the existence of protective order in this action, Meta has an interest in protecting its confidential data – particularly that which may not be responsive or relevant to this action.  Additionally, Meta's contractual obligations to protect the confidential information of third parties that would arise from any production by BSF also serve to confer standing for Meta to move to quash the subpoena.

Turning to the fact that Plaintiff is seeking identical discovery from both Meta and non-party BSF, the Court commends Plaintiff to Rule 1 which provides that all of the Rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Similarly, Rule 45(d) requires Plaintiff to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  Simultaneously seeking identical documents from both Meta and non-party BSF violates these mandates, not only requiring duplicative efforts by counsel to produce duplicative documents but potentially leading to duplicative motion practice before the Court as well.  Meta acknowledges that the documents sought in the discovery requests are in its custody and control.  Dkt. 72 at 2.  Accordingly, the appropriate path forward is for Plaintiff to pursue production from Meta in the first instance.  To

United States District Court
Northern District of California

2

that end, the Court **ORDERS** as follows:

1. The motion for Protective Order is **GRANTED** and the subpoena is quashed, **without prejudice** to Plaintiffs in the future seeking relevant, responsive discovery from BFS that it is unable to obtain from Meta;

2. The Parties are to engage in robust meet and confer efforts in accordance with this Court's standing order within **14 days of this Order** to agree upon a schedule for the timely production of relevant, responsive documents by Meta.

* * *

Both Parties address, in a relatively general fashion, the relevance of documents from *Kadrey*. Meaningful meet and confer efforts by counsel with sufficient knowledge of the case and authority to negotiate and compromise will focus these discussions which, if and when ripe, may be returned to the Court. The Court offers the following guidance for the Parties' meet and confer efforts: Based upon its experience in managing discovery disputes in AI-related actions, discovery directed to an AI company's efforts to build its AI models may be relevant across cases; discovery directed to plaintiffs in specific niches may not be relevant.

**SO ORDERED.**

Dated: July 27, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

3