CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
SAMUEL BLANKENSHIP (339905)
sblankenship@cgsh.com
KIMBERLY BITTINGER (359907)
kbittinger@cgsh.com
151 University Ave
Palo Alto, CA 94301
Telephone: (650) 815-4100
Facsimile: (650) 815-4199

CLEARY GOTTLIEB STEEN & HAMILTON LLP
THOMAS W. YEH (287118)
tyeh@cgsh.com
650 California Street, Suite 2400
San Francisco, CA 94108
Telephone: (415) 796-4400
Facsimile: (415) 796-4499

Attorneys for Defendant
META PLATFORMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company, and COUNTERLIFE MEDIA, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:25-CV-06213-EKL<br><br>**DEFENDANT META'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIV. L.R. 3-12, 7-11)**<br><br>Judge: Hon. Eumi K. Lee |

Plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related (Civ. L.R. 3-12, 7-11) (the "Motion") asks the Court to relate this case to *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 162.192.7.34*, 26-2578-VKD (N.D. Cal.) (the "*Doe* Action"). Neither Meta Platforms, Inc. ("Meta") nor the Court, however, has the information necessary to make that determination. *See* L.R. 3-12(a). Plaintiffs have redacted the identity of the individual at the center of the *Doe* Action ("the Subscriber"), and have not otherwise provided the Subscriber's identity to Meta. Thus, Meta does not know who he is and has had no opportunity to investigate Plaintiffs' allegations. Similarly, without the Subscriber's identity, the Court lacks the basis to determine whether the *Doe* Action is related to this case. Nor have Plaintiffs offered any sound basis to tie the conduct alleged in the *Doe* Action to Meta—or, under *Cobbler Nevada, LLC v. Gonzales*, even to the Subscriber himself. 901 F.3d 1142, 1145 (9th Cir. 2018) ("because multiple devices and individuals may be able to connect via an IP address, simply identifying the IP subscriber" is not enough to state a claim). On this record, neither Meta nor the Court has a sufficient basis to conclude that the cases satisfy Local Rule 3-12.

Meta therefore takes no position on the Motion at this time and reserves all rights, including the right to oppose the motion once Plaintiffs provide the Court and Meta with a properly sealed, unredacted copy of the Motion and Meta has had the opportunity to investigate these claims.

## I. LEGAL STANDARD

Local Rule 3-12 states that an "action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a).

## II. ARGUMENT

Plaintiffs' filings are procedurally flawed and do not permit the Court or Meta to determine whether relating the *Doe* Action to this case is appropriate. The Motion redacts the identity of the Subscriber, information essential to determining whether this case and the *Doe* Action are related. Without the Subscriber's identity, Meta cannot investigate whether the Subscriber is actually an employee of Meta as Plaintiffs claim, let alone whether he allegedly torrented content on behalf of

Meta. And Plaintiffs never lodged an unredacted version with the Court as Local Rule 79-5(e) requires. Even after filing an administrative motion to seal that material, which presupposes that an unredacted version has already been lodged and shared with both Meta and the Court, Plaintiffs failed to provide Meta or the Court with the Subscriber's identity. As a result, neither the Court nor Meta can meaningfully evaluate the Motion at this time.

To be clear, Meta maintains that the Subscriber's identity should be shielded from public disclosure. In the *Doe* Action, Magistrate Judge DeMarchi ordered that Strike 3 "shall not publicly disclose" the Subscriber's identity "absent consent of the subscriber or leave of court." *Doe* Action, Dkt. No. 9 at 2. Likewise, in this case, the Court has already issued a sealing order as to the identity of two other individuals named in Plaintiffs' pleadings. Dkt. 44. The proper course was therefore straightforward: seek leave from the Subscriber or Judge DeMarchi to disclose the Subscriber's identity to this Court and Meta, and then file the Motion to relate with an administrative motion seeking to maintain the individual's identity under seal. Plaintiffs did neither. Instead, they filed a redacted Motion and lodged no corresponding sealed, unredacted version. No rule or procedure authorizes that course of action.[1]

Without the Subscriber's identity, Meta cannot investigate Plaintiffs' allegations, determine whether the Subscriber was a Meta employee at the relevant time, or assess whether the alleged conduct has any connection to Meta (or this action) at all. And in reviewing the limited information the Motion does provide, nothing ties the residential downloads attributed to the Subscriber to Meta. Plaintiffs' theory of relation is that the Subscriber is a Meta executive in Reality Labs who subscribes to the IP address at issue in the *Doe* Action, and that the downloading on that address exceeds what one person "would have the time" to consume; therefore, Plaintiffs assert, the downloading must have been undertaken for Meta. Motion at 3–4. But as Judge DeMarchi recognized in the *Doe* Action, Plaintiffs "cannot rely on a bare allegation that [the Subscriber] is the registered subscriber of an internet protocol address associated with infringing activity to state a plausible claim for direct or contributory copyright infringement" against the Subscriber. *Doe*

[1] On August 31 and September 1, 2026 counsel for Meta sent Plaintiffs' counsel emails explaining Plaintiffs' procedural error, requesting that Plaintiffs disclose the Subscriber's identity or withdraw their motion.

Action, Dkt. No. 9 (citing *Cobbler*, 901 F.3d at 1144). Because "multiple devices and individuals may be able to connect via an IP address," identifying the subscriber is not enough; "[a] plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer." *Cobbler*, 901 F.3d at 1145.

The Motion offers no such "something more." Plaintiffs offer no factual basis to tie the alleged infringement to the Subscriber, let alone to Meta. They simply assume that the Subscriber is responsible for everything done on the IP address, and then leap to the additional, similarly unsupported assumption that he did it for Meta. *Cobbler* forecloses the first assumption, and nothing in the Motion supports the second. Plaintiffs' remaining theory—that Meta, within hours of receiving Strike 3's notice, secretly shifted its purported infringement scheme to a hidden residential address to evade detection—collapses under Plaintiffs' own pleading, which alleges both that Meta's purported infringement using "off-infra" IP addresses began years earlier in 2018, and also that Meta continued downloading Strike 3 content openly on its corporate IP addresses long after that notice. *See* ECF 70 ¶ 131. Plaintiffs' new theory cannot be logically reconciled with those it is already pursuing, and Meta reserves all rights as to each.

For these reasons, the Court should decline to relate the *Doe* Action to this cases on the present record and order Plaintiffs to file a properly sealed, unredacted version of the Motion with the Court and Meta, consistent with the Local Rules and Judge DeMarchi's order. Meta should then have the opportunity to investigate the Subscriber's identity and Plaintiffs' allegations and to respond on the merits. Meta otherwise reserves all rights.

Dated: September 1, 2026

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ *Angela L. Dunning*
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.