CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
SAMUEL BLANKENSHIP (339905)
sblankenship@cgsh.com
KIMBERLY BITTINGER (359907)
kbittinger@cgsh.com
151 University Ave
Palo Alto, CA 94301
Telephone: (650) 815-4100
Facsimile: (650) 815-4199

CLEARY GOTTLIEB STEEN & HAMILTON LLP
THOMAS W. YEH (287118)
tyeh@cgsh.com
650 California Street, Suite 2400
San Francisco, CA 94108
Telephone: (415) 796-4400
Facsimile: (415) 796-4499

Attorneys for Defendant
META PLATFORMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company, and COUNTERLIFE MEDIA, LLC, a Delaware limited liability company,

Plaintiffs,

v.

META PLATFORMS, INC., a Delaware corporation,

Defendant.

Case No. 5:25-CV-06213-EKL

**DEFENDANT META PLATFORMS, INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (CIV. L.R. 7-11, 79-5)**

Judge: Hon. Eumi K. Lee

Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed Re: Plaintiffs' Administrative Motion to Consider Whether Cases Should be Related (the "Sealing Motion") seeks to seal portions of Plaintiffs' Administrative Motion to Consider Whether Cases Should be Related (Dkt. 78) (the "Motion to Relate") and its accompanying declaration, on the grounds that the information therein is subject to Judge DeMarchi's limited protective order in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 162.192.7.34*, 26-cv-2578-VKD (N.D. Cal.) (Dkt. 9) (the "*Doe* Action"). But the Sealing Motion is itself procedurally improper. It was filed days after the Motion to Relate rather than concurrently, and Plaintiffs filed a unilaterally redacted version of the Motion to Relate on the public docket—without ever lodging an unredacted version under seal with the Court or serving one on Meta, as required by Local Rule 79-5. As a result, Meta does not know for certain what specific information has been redacted.

Notwithstanding the foregoing, Plaintiffs have represented, and from the context of their filing it appears, that the material they redacted consists of the identity of an individual IP subscriber to whom Plaintiffs attribute the downloading of Plaintiffs' adult videos (the "Subscriber"), and that Plaintiffs assert is a Meta employee. Assuming that to be true, then Meta agrees that the Subscriber's identity should remain outside the public docket for the same reasons set forth in Meta's prior statement in support of sealing and the corresponding order regarding the sealing of another Meta employee referenced in the Complaint. Dkts. 28, 44. In the interest of protecting its employee's privacy, and in reliance on Plaintiffs' representations about the Subscriber's employment with Meta, anticipates it will need to file a declaration in support of sealing this information once it has access to the Subscriber's identity and the opportunity to confirm whether the Subscriber is a Meta employee. However, Plaintiffs should nonetheless withdraw the errant Sealing Motion and Motion to Relate, obtain the required permission from Judge DeMarchi to disclose the Subscriber's identity to this Court and to Meta, and refile both motions in full compliance with Local Rule 79-5 so that the Court may evaluate the sealing request on a procedurally proper record and Meta has the information sufficient to determine if the Subscriber is an employee and Meta's confidential information is implicated.

## I. LEGAL STANDARD

Local Rule 79-5 governs the filing of documents under seal in this District and establishes clear procedural requirements that Plaintiffs have failed to follow. Under Local Rule 79-5, a party must file a motion to seal at the same time it submits the underlying document, unless a federal statute or prior court order ***in the same case*** expressly authorizes filing under seal. L.R. 79-5(b). Where a party seeks to file a redacted pleading or brief, the party must (1) file the redacted version on the public docket and (2) lodge the unredacted version under seal as an attachment to an Administrative Motion to File Under Seal, prominently marked "FILED UNDER SEAL" on the first page with the portions subject to sealing highlighted. L.R. 79-5(e).

## II. RELEVANT PROCEDURAL HISTORY

On August 28, 2026, Plaintiffs filed their Motion to Relate, requesting that the Court relate the *Doe* Action to this matter on the grounds that alleged infringement attributed to the IP address identified in the *Doe* Action was purportedly directed by Meta. In support of the Motion to Relate, Plaintiffs represent that the Subscriber of that IP address is a Meta executive in Meta's Reality Labs division. Prior to the filing of the Motion to Relate, Judge DeMarchi had issued a limited protective order in the *Doe* Action providing that: "If AT&T Internet produces information regarding the identity of the subscriber to Strike 3, Strike 3 shall not publicly disclose that information absent consent of the subscriber or leave of court." Dkt. 9 at 2. Citing this order, Plaintiffs filed the Motion to Relate and the corresponding declaration with the Subscriber's identifying information redacted. However, Plaintiffs failed to lodge the unredacted version with the Court or to serve it on Meta. Two days later, on Sunday, August 30, 2026, Plaintiffs filed the Sealing Motion seeking to maintain those redactions, but still did not provide an unredacted version to the Court or to Meta.

## III. ARGUMENT

Local Rule 79-5(b) is unambiguous: a motion to seal must be filed "at the same time" as the underlying document and include an unredacted version lodged under seal. Plaintiffs disregarded both requirements. They filed a redacted Motion to Relate and waited two days before filing the Sealing Motion. And, to date, Plaintiffs still have not lodged an unredacted version with the Court or served Meta with the unredacted version. They unilaterally decided what to redact, filed only

the redacted version, and left both the Court and Meta in the dark. The Court has no unredacted filing to review, and Meta has no unredacted filing from which to assess whether its own confidential information is implicated.

Plaintiffs' procedural errors appear to stem from their incorrect understanding of Judge DeMarchi's protective order in the *Doe* Action, which bars Strike 3 from "publicly disclos[ing]" the Subscriber's identity "absent consent of the subscriber or leave of court." Dkt. 9 at 2. Meta agrees that Plaintiffs should comply with that order. But it is not compliant with this Court's rules to unilaterally redact filings on this Court's docket while withholding from Meta the very information it needs to investigate whether the Subscriber is an employee of Meta and sealing is warranted. As Meta has previously advised Plaintiffs, the appropriate course of action is to seek permission from the Subscriber or leave from Judge DeMarchi to disclose the Subscriber's identity to Meta and this Court in an under-seal filing in support of the Motion to Relate.[1] Plaintiffs should therefore withdraw both the Sealing Motion and the Motion to Relate, obtain the required permission to disclose, and refile both Motions in full compliance with Local Rule 79-5—filing them concurrently, lodging the unredacted version under seal with the Court, and serving it on Meta.

In any event, although Meta does not know what information has been redacted and cannot verify Plaintiffs' assertions, in the interest of protecting its alleged (but unknown) employee's privacy, Meta agrees that the Subscriber's identity should remain under seal and off the public docket for the same reasons Meta asserted and that the Court endorsed in connection with Meta's request to seal a Meta employee's name referenced in the Complaint. See Dkts. 28, 44. Accordingly, in the event that Plaintiffs do not withdraw their Motions, Meta respectfully requests that the Court issue an order extending Meta's deadline under Local Rule 79-5(f)(3) to submit a declaration in support of sealing to seven days after Meta receives from Plaintiffs an unredacted version of the Motion to Relate.

[1] On August 31, September 1, and September 2, 2026, counsel for Meta sent Plaintiffs' counsel emails explaining Plaintiffs' procedural error and requesting that Plaintiffs withdraw their Motion.

Dated: September 3, 2026

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ *Angela L. Dunning*
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.