[Counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company, and COUNTERLIFE MEDIA, LLC, a Delaware limited liability company,

Plaintiffs,

vs.

META PLATFORMS, INC., a Delaware corporation,

Defendant.

Case Number: 5:25-cv-06213-EKL

**PLAINTIFFS' RENEWED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIV. L.R. 3-12, 7-11)**

Judge Eumi K. Lee

[N.D. Cal. Civil L.R. 3-12 & 7-11]

Pursuant to Civil Local Rules 3-12(b) and 7-11, Plaintiffs Strike 3 Holdings, LLC ("Strike 3") and Counterlife Media, LLC ("Counterlife") (collectively "Plaintiffs"), respectfully request that this Court relate the action, *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 162.192.7.34*, 26-2578-VKD (N.D. Cal.), ("Strike 3 John Doe Case"), to the earliest filed and lowest numbered action before this Court, *Strike 3 Holdings, LLC v. Meta Platforms, Inc.*, No. 25-6213-EKL-SVK ("Strike 3 v. Meta").

## I. INTRODUCTION

On March 24, 2026, Strike 3 filed the *Strike 3 John Doe Case* against an individual known only by his IP address ("John Doe"[1]) who Strike 3 detected infringing dozens of its motion pictures over the course of several months. *Strike 3 John Doe Case* (ECF No. 1). Because Strike 3 only knew the subscriber's IP address and not his actual identity, Strike 3 filed an *Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference* which Judge DeMarchi granted on April 15, 2026. *Id.* at ECF No. 9. Strike 3 then promptly served a subpoena on the John Doe's Internet service provider, AT&T, to obtain his identity and AT&T

[1] Judge DeMarchi entered a protective order in the Strike 3 John Doe Case which prohibits Strike 3 from "publicly" identifying the subscriber without leave of court. (ECF No. 9). Because of this, Strike 3 will refer to the subscriber as "John Doe."

responded to the subpoena. Exhibit A, Kennedy Decl., at ¶ 3.

After conducting its investigation, Strike 3 learned that John Doe was an executive with Meta Platforms, Inc. ("Meta"), the defendant in this case, in Meta's Reality Labs division.[2] *Id*. at ¶ 4. Specifically, the John Doe Subscriber is [redacted] who was the [redacted] for Reality Labs. *Id*. at ¶ 5. His LinkedIn profile shows he was employed by Facebook / Meta for over a decade. *Id*. at ¶ 6. Although the infringement emanated from John Doe's residential IP address, most notably, his infringement with his current IP address began the very same day that Strike 3 first notified Meta of the infringement happening on their corporate IP Addresses. *Id*. at ¶ 7. This may suggest that Meta desired to shift infringing activity to this hidden residential IP Address in order to prevent further detection.

On August 28, 2026, Plaintiffs filed an Administrative Motion to Consider Whether Cases Should be Related ("First Motion"). ECF No. 79. This Court denied the First Motion without prejudice, stating Strike 3 must obtain leave from Judge DeMarchi to reveal John Doe's identity to the Court. ECF No. 82. On October 15, 2026, Judge DeMarchi granted Plaintiffs leave to disclose the subscriber's name to the Court and Meta for the limited purpose to determine whether the cases should be related. *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 162.192.7.34*, 26-2578-VKD (N.D. Cal.) (ECF No. 19).

## II. ARGUMENT

Civil Local Rule 3-12(b) requires that "[w]henever a party knows . . . that an action, filed in . . .this district is (or the party believes that the action may be) related to an action which is . . . pending in this District . . . the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." An action "is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and

[2] Since the filing of the first Motion, Meta has informed Plaintiffs that John Doe no longer works at Meta and he updated his LinkedIn profile to reflect his position ending in April, 2025. However, Meta has provided no actual evidence to support its claim to Plaintiffs and Plaintiffs can find no evidence that John Doe is employed elsewhere.

expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). Both elements are met here.

Strike 3 has not yet filed an amended complaint against John Doe and Meta in the *Strike 3 John Doe Case* because Local Rule 3-12(b) requires that when a party "knows" or "believes that the action may be" related it must *promptly* file a motion to relate the cases. Here, the cases are likely related because the actions concern the same parties: Strike 3, Counterlife,[3] and Meta. And while the infringement was recorded through the John Doe's residential IP address, the infringement appears to be for work purposes and not for personal use.

First, the timing alone suggests that John Doe may have infringed at home as a result of Strike 3's email. Second, the infringement correlates to the same infringement at issue in this action.[4] Just as it did here, Strike 3 also logged BitTorrent network activity emanating from the John Doe's IP address involving files other than Plaintiffs' which Strike 3 refers to as its "Additional Evidence." Exhibit A, Kennedy Decl., at ¶ 11. Strike 3's Additional Evidence shows that John Doe's current IP address was used to torrent nearly 20,000 files, many of which relate to virtual reality adult film content (including specific content designed for Meta's Oculus/Quest headset, which is developed by Meta's Reality Labs).[5] *Id.* at ¶ 12. As the [redacted], John Doe's infringing transactions are consistent with work that would ensure that Meta's Oculus/Quest is compatible with adult film content, surely a lucrative business for Meta.[6] Therefore, it is reasonable (and plausible) to infer that the infringement was done on behalf of Meta, and not on an individual basis. *See, e.g., RCA/Ariola Intern., Inc. v. Thomas & Grayston*

---

[3] Although Counterlife was not an original Plaintiff to the *Strike 3 John Doe Case*, Strike 3 has recorded infringement of Counterlife's motion pictures by John Doe. Kennedy Decl., at ¶ 10.

[4] Plaintiffs have identified dozens of correlations emanating from the John Doe's residential infringement to Meta's corporate IPs, the hidden IPs, and the other Reality Labs infringer. Exhibit A, Kennedy Decl., at ¶ 16.

[5] *See, e.g., A Decade After Buying Oculus VR, Meta's Reality Labs' Losses are Spiraling out of Control, with No End in Sight* PC GAMER, (Aug. 5, 2024) https://finance.yahoo.com/news/decade-buying-oculus-vr-metas-151707364.

[6] *See, e.g., You Can Watch Augmented Reality Porn on a Meta Quest 3, LIFE HACKER,* (Jul. 29, 2024) https://lifehacker.com/tech/how-to-watch-augmented-reality-porn-on-meta-quest-3.

*Co*., 845 F.2d 773, 779–81 (8th Cir. 1988) (explaining "the most obvious basis for holding the retailers liable" was the action taken by "the retailers' employees").

Meta has informed Plaintiffs that John Doe stopped working at Meta just before the infringement of Plaintiffs' Works began in the *John Doe Subscriber Case*. Exhibit B, Waugh Decl. at ¶ 6. Meta also claims that weeks before John Doe's separation at Meta, he "no longer had access" to Meta's internal systems. *Id*. Meta has provided no evidence to support its claims other than that John Doe's recently updated LinkedIn reflects his employment ending in April, 2025. *Id*. Plaintiffs find this odd because prior to notifying Meta's counsel of John Doe's identity, his LinkedIn stated he still worked at Meta. Kennedy Decl. at ¶ 6.

[redacted]. *Id*. Cross referencing these IP addresses with Strike 3's infringement database, Strike 3 discovered over four years of BitTorrent infringement totaling roughly 70,000 files, including files from Anna's Archive and Library Genesis, which are at the heart of the *Kadrey* litigation. *Id*. Additionally, Strike 3's forensic PCAP files show the same torrent client (a version of libtorrent, which Meta admitted to using in *Kadrey*) across all IPs, connecting through the same ports, throughout the four years of torrenting (among other connections). It is without doubt that John Doe worked at Meta for the majority of this infringement.

John Doe is not the first person from Meta's Reality Labs associated with Plaintiffs' case. The residential infringer currently identified in Plaintiffs' Amended Complaint also worked for Meta's Reality Labs. ECF No.70, ¶¶ 103-107. And Meta identified Arrigo Benedetti, a former "computer vision" contractor who worked for Reality Labs in the *Kadrey* lawsuit as having downloaded a file from Plaintiffs' Exhibits B/C. *Kadrey*, ECF No. 758. Meta also identified at least one other Reality Labs employee that "interacted" with torrented files of Plaintiffs' Works

from its Amended Complaint. Waugh Decl. at ¶ . "Although the individual transactions addressed by each case are not identical, they are underlined by the same operative facts." *Pepper v. Apple Inc.*, No. 11-6714, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019). And, as a corporate executive for Meta, John Doe may be held jointly and severally liable for the infringement. *Carson v. Verismart Software,* No. 11-3766, 2012 WL 1038662, at *5 (N.D. Cal. Mar. 27, 2012) ("[C]orporate officers, shareholders, and employees may be held personally liable for the corporation's copyright infringements when they are a 'moving, active conscious force behind the corporation's infringement,' regardless as to whether they are aware that their acts will result in infringement").

There is also a serious risk of unduly burdensome duplication of labor and expense which could lead to conflicting results. For example, Meta has already sought discovery in this case about John Doe, which is massive given the long-term infringement, and has agreed to designate him as a custodian. Both Parties' experts will analyze Strike 3's forensic PCAPs related to John Doe and the Parties will depose John Doe. Consolidating the cases likely will allow more efficiency and save judicial resources. Although Meta disputes that John Doe worked for it during *some* of the infringement, many factual questions overlap between John Doe's case and this case, which may ultimately determine John Doe and Meta's liability. Having two courts determine the same factual issues may lead to contradictory results and unnecessary duplication of the Court's time. "The purpose of the related-case rule is to allow cases to be heard in a way that most efficiently uses judicial resources." *Univ. of California v. Eli Lilly & Co*., No. 90-373, 1991 WL 332056, at *10 (N.D. Cal. Nov. 4, 1991).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court relate the action *Strike 3 Holdings, LLC v. John Doe*, 26-2578-VKD (N.D. Cal.) to this case.

DATED: November 4, 2026

Respectfully submitted,

By: */s/ Christian W. Waugh*

Christian W. Waugh (FL SBN 71093)
WAUGH PLLC
201 E. Pine St., Ste. 315
Orlando, FL 32901
*cwaugh@waugh.legal*
Tel: (321) 800-6008

Trey D. Brown (SBN 314469)
Strike 3 Holdings, LLC
11271 Ventura Blvd., Ste. 717
Studio City, CA 91604
*trey@strike3holdings.com*
Tel: (323) 347-4721

Jeremy J. Thompson (MN SBN 402173)
Law Office of Jeremy J. Thompson PLLC
5200 Wilson Rd., Ste. 150
Edina, MN 55424
*jeremy@jthompson.law*
Tel: (952) 952-1883

Lincoln D. Bandlow, Esq. (CA #170449)
Law Offices of Lincoln Bandlow, PC
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
*lincoln@bandlowlaw.com*
Tel: (310) 556-9680

Brian S. Ginter (SBN 265786)
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071
bginter@bwslaw.com
Tel: (213) 236-0600

*Attorneys for Plaintiffs,*
STRIKE 3 HOLDINGS, LLC and
COUNTERLIFE MEDIA, LLC