[Counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company, and COUNTERLIFE MEDIA, LLC, a Delaware limited liability company,

Plaintiff,

vs.

META PLATFORMS, INC., a Delaware corporation,

Defendant.

Case Number: 5:25-cv-06213-EKL

**DECLARATION OF CHRISTIAN W. WAUGH IN SUPPORT OF PLAINTIFFS' RENEWED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIV. L.R. 3-12, 7-11)**

Judge Eumi K. Lee

[N.D. Cal. Civil L.R. 3-12 & 7-11]

I, Christian W. Waugh, do hereby state and declare as follows:

1. My name is Christian W. Waugh. I am over the age of 18 and am otherwise competent to make this declaration.

2. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

3. I am counsel for Plaintiffs Strike 3 Holdings, LLC and Counterlife Media, LLC.

4. On October 15, 2026, I notified counsel for Defendant, Meta Platforms, Inc., of the John Doe Subscriber's name and address pursuant to Judge DeMarchi's Order granting Plaintiffs leave to disclose the subscriber's name to the Court and Meta for the limited purpose to determine whether the cases should be related. *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 162.192.7.34*, 26-2578-VKD (N.D. Cal.), ECF No. 19.

5. I also informed Meta that Plaintiffs would be filing a Renewed Administrative Motion to Consider Whether Cases Should Be Related pursuant to L.R. 3-12 and L.R. 7-11 and stated that Plaintiffs believed the action *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 162.192.7.34*, 26-2578-VKD (N.D. Cal.) should be related to this one.

6. On October 16, 2026, counsel for Meta notified me that because the John Doe Subscriber separated from Meta on April 18, 2025, Meta's position is that there is no basis to relate the cases. Counsel for Meta also claimed that for a substantive amount of time before John Doe's separation at Meta, he "no longer had access" to Meta's internal systems. Meta provided no evidence to support its claims other than directing Plaintiffs to review John Doe's recently updated LinkedIn page which now reflects that his employment ended in April, 2025.

7. The Parties further met and conferred via video call on October 19, 2026, and still remained at impasse.

## DECLARATION

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 4, 2026

WAUGH PLLC

/s/ Christian W. Waugh
Christian W. Waugh

Attorneys for Plaintiffs
STRIKE 3 HOLDINGS, LLC
and COUNTERLIFE MEDIA, LLC