# <u>EXHIBIT A</u>

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
SAMUEL BLANKENSHIP (339905)
sblankenship@cgsh.com
KIMBERLY BITTINGER (359907)
kbittinger@cgsh.com
151 University Avenue
Palo Alto, CA 94301
Telephone: (650) 815-4100
Facsimile: (650) 815-4199

CLEARY GOTTLIEB STEEN & HAMILTON LLP
THOMAS W. YEH (287118)
tyeh@cgsh.com
650 California Street, Suite 2400
San Francisco, CA 94108
Telephone: (415) 796-4400
Facsimile: (415) 796-4499

Attorneys for Defendant
META PLATFORMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company, and COUNTERLIFE MEDIA, LLC, a Delaware limited liability company,

Plaintiffs,

v.

META PLATFORMS, INC., a Delaware corporation,

Defendant.

Case No. 5:25-CV-06213-EKL

**DEFENDANT META PLATFORMS, INC.'S THIRD AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Judge: Hon. Eumi K. Lee

Trial Date: February 7, 2028
Date Action Filed: July 23, 2025

**PROPOUNDING PARTY:** **PLAINTIFFS STRIKE 3 HOLDINGS, LLC AND COUNTERLIFE MEDIA, LLC**

**RESPONDING PARTY:** **DEFENDANT META PLATFORMS, INC.**

**SET NUMBER:** **ONE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rules"), and Local Rule 34, Defendant Meta Platforms, Inc. ("Meta") responds as follows to Plaintiffs Strike 3 Holdings, LLC and CounterLife Media, LLC's (collectively, "Plaintiffs") First Set of Requests for Production of Documents to Meta. ("Requests," each individually a "Request").

## RESPONSES APPLICABLE TO ALL REQUESTS

**1.** Meta's responses to the Requests are made to the best of Meta's current employees' present knowledge, information, and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose, and Meta reserves the right to amend, supplement, or clarify the responses and objections propounded herein.

**2.** Meta reserves the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Requests but discovered after the date of Meta's initial production, including, but not limited to, any documents obtained in discovery herein.

**3.** To the extent that Meta agrees to produce documents in response to any Requests, Meta will respond with responsive, non-privileged information currently in its possession, custody, or control. Meta has no duty to produce or identify information outside of its possession, custody, or control. By stating in these responses that Meta will produce documents or is searching for documents, Meta does not represent that any document actually exists, but rather that it will make a good faith search and reasonable inquiry to ascertain whether documents responsive to these Requests do, in fact, exist and to produce such documents if they are found to exist and are within Meta's possession, custody, or control.

**4.** To the extent that Meta responds to a Request by stating that Meta will provide documents that Meta deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Rule 26(c) and/or Federal Rule of Evidence 501, Meta will only do so subject to, and in accordance with a stipulated Protective Order

and ESI Order to be entered by the Court, the Federal Rules of Evidence, Federal Rules of Civil Procedure ("Rules"), and all other orders of the Court (together, the "Governing Rules").

**5.** The provision of a response to any Request does not constitute a waiver of any objection regarding its use in these proceedings. Meta reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

**6.** Meta reserves the right to withhold or redact from the documents it produces any confidential research, development, commercial, financial, trade secret, or personally sensitive information not relevant to the subject matter of this litigation. To the extent Meta produces any confidential research, development, commercial, financial, trade secret, or personally sensitive information, it will only do so subject to, and in accordance with, any Protective Order and ESI Order as entered by the Court.

**7.** Meta objects to all Requests to the extent they purport to impose duties on Meta that differ from or exceed those imposed by the Governing Rules; would subject Meta to unreasonable, disproportionate, and undue burden and expense; seek to require Meta to identify and provide information outside its possession, custody, or control; seek to impose upon Meta an obligation to provide information already within Plaintiffs' possession, custody, or control; seek information that is not relevant to the claims and defenses in the case; or seek to require Meta to provide information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity ("Privileged Information"). Meta will comply with the Governing Rules in providing information, if any, in response to the Responses.

**8.** Specific objections on the ground of privilege are provided for emphasis and clarity only, and the absence of a specific objection is neither intended, nor should be interpreted, as an indication that Meta does not object to a Request on the basis of an applicable privilege, rule, doctrine, immunity, or protection from discovery.

**9.** Meta reserves the right to object on any ground and at any time to such other or supplemental requests for production that Plaintiffs may propound involving or relating to the subject matter of the Requests.

**10.** Unless otherwise stipulated in a production protocol or ordered by the Court, Meta will produce each document in response to these Requests in a form in which it is ordinarily maintained or in a reasonably usable form.

**11.** **AMENDED**: Meta objects to all Requests as overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case to the extent they seek documents or information relating to unidentified AI models, models that were not trained on any of Plaintiffs' asserted works, or models that are otherwise not relevant to the claims or defenses in this litigation.

**12.** **AMENDED:** Meta further objects to these Requests as vague, ambiguous, overbroad and unduly burdensome to the extent that the phrase "its AI" is intended to refer to unidentified AI. Meta will construe "its AI" to mean the models and projects referenced in the COMPLAINT in this ACTION, specifically Movie Gen, Llama 4, V-JePA 2, SlowFast, Ego4D, Make-A-Video AI, and ImageBind.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Whether or not separately set forth in response to each Request, Meta makes the following objections to the Definitions and Instructions accompanying Plaintiffs' Requests, and to each Request that includes them.

**1.** **AMENDED**: Meta objects to the definition of "AI DATA CATALOG" or "AIDC" (Plaintiffs' Definition No. 1) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. Despite purporting to reference a specific Meta internal data catalog, described in documents from *Kadrey v. Meta*, 3:23-cv-03417-VC ("*Kadrey*"), the definition also purports to include "any predecessor/successor" to that specific internal data catalog. Meta construes the term "AI DATA CATALOG" or "AIDC" to refer to Meta's AI Data Catalog used for cataloging information about datasets for potential use in training, including tracking approvals by privacy, policy, and legal teams for use in training.

**2.** Meta objects to the definition of "ARTIFICIAL INTELLIGENCE" and "AI"

(Plaintiffs' Definition No. 2) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. Meta construes this term to mean software that uses machine learning algorithms to identify patterns and statistical probabilities from its training data to enable a user to generate original content informed by user prompting and a variety of other user-selected parameters.

**3.** Meta objects to the definition of "BITTORRENT" (Plaintiffs' Definition No. 3) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. Plaintiffs' definition ambiguously refers to "a peer-to-peer file transfer protocol" without specificity. Meta construes this term to mean the peer-to-peer file transfer protocol available at www.bittorrent.com.

**4.** Meta objects to the definition of "CLOUD ACCOUNT" as (Plaintiffs' Definition No. 4) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. Meta further objects to the definition as nonsensical because the definition appears to describe a "model of data storage" rather than an "account" with a provider of such data storage, as the defined term would imply. Meta construes this term to mean user profiles that enable storage over the internet as opposed to on a local device.

**5.** Meta objects to the definition of "COMPLAINT" and "ACTION" (Plaintiffs' Definition No. 8) as vague, ambiguous, and nonsensical to the extent it refers to the "active pleading" in this case. Meta construes the term ACTION to mean the case captioned *Strike 3 Holdings, LLC et al. v. Meta Platforms, Inc.*, No. 5:25-cv-06213-EKL, and the term COMPLAINT to mean the operative complaint in the ACTION.

**6.** Meta objects to the definition of "COMPUTER DEVICE" and "DEVICE" (Plaintiffs' Definition No. 9) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. In purporting to include "any other electronic device capable of connecting to the internet," the definition includes appliances and tools that are not capable of holding information relevant to the ACTION. Meta further objects that the definition is nonsensical to the extent it purports to include devices "within possession custody, or control of any other individual residing with you at the address"—Meta is not aware of any individual residing

within its corporate offices. Meta construes this term to mean computers, mobile devices, or tablet devices that are capable of connecting to the internet and are within Meta's possession, custody, or control.

**7.** Meta objects to the definition of "CONTROL" (Plaintiffs' Definition No. 10) as overbroad, unduly burdensome, vague, ambiguous, nonsensical, and disproportionate to the needs of the case to the extent it purports to include "documents and things in the possession, custody, or control of any other individual residing with you at the address." Meta construes this term to mean in Meta's possession, custody, or control.

**8.** Meta objects to the definition of "COUNTERLIFE" and "COUNTERLIFE MEDIA, LLC" (Plaintiffs' Definition No. 11) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. This definition purports to require Meta to identify all of Counterlife Media, LLC's "agents, servants, employees, investigators, attorneys, affiliates, subsidiaries, and all other persons or entities representing either or acting [sic] on its behalf." Meta construes this term to mean Plaintiff CounterLife Media, LLC.

**9.** Meta objects to the definition of "DATA" (Plaintiffs' Definition No. 12) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. Meta further objects to definition as unintelligible to the extent it purports to encompass "DOCUMENTS and COMMUNICATIONS." Meta construes this term to have its ordinary meaning in the context in which it is used.

**10.** Meta objects to the definition of "DESCRIBE" (Plaintiffs' Definition No. 13) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case, including insofar as it purports to require Meta to identify each "fact, consideration, circumstance, act, omission, event, transaction, occurrence, or statement that supports [or] refutes" the subject matter of a given Request, which purported requirement would require Meta to make a subjective judgment in violation of the attorney work product doctrine and attorney-client privilege. Meta further objects to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it purports to require Meta to identify every oral communication and each document concerning, referring to, or relating to any given "fact, consideration, circumstance, act,

omission, event, transaction, occurrence, or statement." Meta construes this term to mean to state those facts relevant to the subject matter as can be ascertained from a reasonable investigation in accordance with the Governing Rules.

**11.** Meta objects to the definitions of "EXHIBIT A," "EXHIBIT B," "EXHIBIT C," "EXHIBIT D," "EXHIBIT E," "EXHIBIT F," "EXHIBIT G," "EXHIBIT H," and "EXHIBIT I" (Plaintiffs' Definition Nos. 16–24) to the extent they contain characterizations of the material contained within the referenced Exhibits. Meta expressly disputes each such characterization, including without limitation Plaintiffs' characterization that: EXHIBITS E and F reflect "infringement by META;" that EXHIBIT G reflects "a log of META's distribution of Plaintiffs' works;" and that EXHIBIT I displays "a log of Plaintiffs' Works infringed by META." Meta will construe these terms to refer to the respective Exhibits to the COMPLAINT.

**12.** Meta objects to the definition of "FILE" (Plaintiffs' Definition No. 25) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. The definition purports to require the production of irrelevant documents and information merely because such documents and information resided within the same "file, folder, binder, or other filing system" as relevant documents or information. The definition also purports to require Meta to determine whether a document that is not included within a file at the time of production is "normally kept within" any given "file, folder, binder, or other filing system." Mets construes this term to have the same meaning as DOCUMENT, consistent with its usage in the Requests.

**13.** Meta objects to the definition of "INTERNAL RANGES" (Plaintiffs' Definition No. 30) to the extent it purports to characterize the IP Ranges described on page 14 of the COMPLAINT as "internal" to Meta. Meta expressly disputes this characterization. Meta will construe this term to refer to the IP Ranges designated by Plaintiffs as IP Ranges A, B, C, D, E, and F on page 14 of the COMPLAINT.

**14.** Meta objects to the definition of "IP BANNED ADDRESSES" (Plaintiffs' Definition No. 32) as vague, ambiguous, and unintelligible in that it is incapable of being reasonably construed or applied. The definition provides no workable standard by which Meta can determine what is included or excluded, nor is there a plain and ordinary meaning of the term.

Meta will not adopt this definition, and will respond, if at all, based on a reasonable interpretation of the Request independent of this definition.

**15.** Meta objects to the definition of "META" (Plaintiffs' Definition No. 35) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. The definition purports to include all "social media platforms, advertising networks, products, services, and other subsidiaries" of Meta Platforms, Inc., regardless of whether they are relevant to this case, and includes all "employees, assigns, contractors, predecessors, and agents" without limitation. Meta construes this term to mean Meta Platforms, Inc. and its employees and agents known to Meta who may have documents or information relevant to the ACTION.

**16.** **AMENDED:** Meta objects to the definition of "ML HUB" (Plaintiffs' Definition No. 36) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. Despite purporting to reference a specific Meta internal platform the definition also purports to include "any predecessor/successor" to that system. Meta construes this term to refer to Meta's internal MLHub website that contains links to a collection of tools that are used for machine learning development.

**17.** Meta objects to the definition of "PEER-TO-PEER SOFTWARE" (Plaintiffs' Definition No. 39) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case, including because it fails to identify any program purportedly falling within the provided definition. Meta construes this term to refer to torrenting clients known to Meta other than BITTORRENT.

**18.** Meta objects to the definition of "REFER TO," "REFERRING TO," "RELATE TO," "RELATING TO," "CONCERN," and "CONCERNING" (Plaintiffs' Definition No. 42) as vague and ambiguous as it purports to include dozens of different terms and would require a subjective judgment and legal opinion of counsel in violation of the attorney work product doctrine. Meta construes these terms to mean referring to, referencing, evidencing, stating, reflecting, or constituting the stated subject matter.

**19.** **WITHDRAWN**.

**20.** Meta objects to the definition of "RESIDENTIAL IPs" (Plaintiffs' Definition No. 44) as overbroad, unduly burdensome, vague, ambiguous, harassing, and disproportionate to the needs of the case. The definition purports to include the unidentified home IP ADDRESS of every Meta employee, contractor, or agent, which raises a host of burden, proportionality, privacy, and confidentiality concerns, including that the residential IP addresses of its employees, contractors, and agents are not properly considered information within Meta's possession, custody, or control. Further, the IP ADDRESSES of Meta's employees, contractors, and agents without limitation are not relevant to any claim or defense in this ACTION. Meta construes "RESIDENTIAL IPs" to mean the residential IP ADDRESS described in paragraphs 97 and 103–107 of the COMPLAINT.

**21.** Meta objects to the definitions of "SET FORTH" and "IDENTIFY" (Plaintiffs' Definition Nos. 47–54) on the ground that they are overbroad, unduly burdensome, vague, ambiguous, harassing, and disproportionate to the needs of the case. Meta further objects to these definitions to the extent they render individual Requests vague, ambiguous, and unintelligible. Meta further objects to these definitions to the extent they purport to impose duties on Meta that differ from or exceed those imposed by the Governing Rules. Meta construes these terms in accordance with their ordinary meaning in the context in which they are used and will provide responses to any Requests that use these terms in a manner consistent with the Governing Rules.

**22.** Meta objects to the definition of "STRIKE 3" and "STRIKE 3 HOLDINGS, LLC" (Plaintiffs' Definition No. 56) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. This definition purports to require Meta to identify all of Strike 3 Holdings, LLC's "agents, servants, employees, investigators, attorneys, affiliates, subsidiaries, and all other persons or entities representing either or acting [sic] on its behalf." Meta construes this term to mean Plaintiff Strike 3 Holdings, LLC and its employees and agents known to Meta.

**23.** Meta objects to the definition of "TORRENT CLIENT(S)" (Plaintiffs' Definition No. 58) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. The definition purports to require Meta to determine whether works it obtained through BITTORRENT, if any and irrespective of whether such works relate to the claims or defenses at

issue in the ACTION, were copyrighted at the time of such alleged acquisition. Meta further objects to this definition to the extent it assumes that Meta used BITTORRENT or other "TORRENT CLIENT(S)" to obtain copyrighted works at issue in this ACTION, which Meta denies. Meta construes this term to mean software by which a PERSON may access files through BITTORRENT.

**24.** Meta objects to the definitions of "USE" and "USED" (Plaintiffs' Definition Nos. 59–67) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. Meta further objects to these definitions to the extent they render individual Requests vague, ambiguous, and unintelligible. Meta further objects to these definitions to the extent they purport to impose duties on Meta that differ from or exceed those imposed by the Governing Rules. Meta construes these terms to have their ordinary meaning in the context in which they are used and will provide responses to any Requests that use these terms in a manner consistent with the Governing Rules.

**25.** Meta objects to the definition of "USER ANONYMITY SOFTWARE" (Plaintiffs' Definition No. 68) to the extent it purports to characterize Virtual Private Network software as being "specifically designed to mask, switch, or hide an IP address or e-mail address."

**26.** Meta objects to the definition of "WORK" or "WORKS" (Plaintiffs' Definition No. 71) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case. The definition purports to include purported works of Plaintiffs that are not at issue in the ACTION. Meta construes this term to mean the specific titles identified in Exhibit D to the COMPLAINT.

**27.** Meta objects to the definition of "YOU," "YOUR," and "DEFENDANT" (Plaintiffs' Definition No. 73) as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case and incorporates by reference its objections to the definition of "META." Meta construes these terms to mean Meta Platforms, Inc. and its employees and agents known to Meta who may have documents or information relevant to the ACTION.

**28.** Meta objects to Plaintiffs' Instruction Nos. 1–2, 4–5, 7–8, and 12 as vague, ambiguous, and nonsensical to the extent they purport to impose obligations concerning

interrogatories, which requests are not included within these Requests. Meta will not consider the portions of Plaintiffs' Instruction 1–2, 4–5, 7–8, and 12 referring to "interrogatories," in responding to the Requests.

**29.** Meta objects to Plaintiffs' Instruction No. 3 as vague, ambiguous, and nonsensical to the extent it purports to require Meta to give the words and phrases defined in the Requests both their "usual and common meaning" and the "meaning set forth in the Definitions" to the Requests, regardless of whether these respective definitions are in conflict or would otherwise lead to different results. Meta will construe the words and phrases defined in the Requests to have the meaning set forth in Plaintiffs' Definitions except where Meta has objected herein, in which case Meta construes the words and phrases in accordance with Meta's own objections, responses, and definitions provided herein.

**30.** Meta objects to Plaintiffs' Instruction No. 5 as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case, including to the extent the Instruction purports to require Meta to determine whether information "originated, in whole or in part … from January 1, 2018 through the date of [Meta's] production." Meta further incorporates by reference its objections to the term "RELEVANT PERIOD" (Plaintiffs' Definition No. 43).

**31.** Meta objects to Plaintiffs' Instruction No. 6 as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case, including to the extent it purports to require Meta to "divulge[]" "[a]ll information…which is in [Meta's] possession or control," regardless of whether such information is irrelevant, constitutes Privileged Information, or is otherwise not discoverable. Meta further objects to this Instruction as nonsensical to the extent it contemplates the incorporation of knowledge "unknown to [Meta] individually"—Meta is not an "individual" and has no obligation to investigate documents or information outside of its possession, custody, or control. Meta will respond to the Requests consistent with its obligations under the Governing Rules.

**32.** Meta objects to Plaintiffs' Instruction No. 7 as vague, ambiguous, and nonsensical to the extent it purports to impose requirements for production of a privilege log concerning "any

document responsive to [a] document request." Meta will produce a privilege log in accordance with the protocol set forth in a Protective Order and/or ESI Order to be entered by the Court.

**33.** Meta objects to Plaintiffs' Instruction Nos. 8–12 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent they purport to require more of Meta than any obligation imposed by the Governing Rules. Meta will comply with the Governing Rules in responding to the Requests.

**34.** Meta objects to all Requests that use the phrases "All DOCUMENTS and FILES sufficient to show," "All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify," or other similar phrases, on the ground that such phrase is vague, ambiguous, and overbroad, including because FILES and COMMUNICATIONS are DOCUMENTS, and because it is unclear whether this construction purports to require anything beyond documents sufficient to show or identify the subject matter of the Request. As used in the Requests, Meta construes these and similar phrases to mean "DOCUMENTS sufficient to show."

## RESPONSES AND OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

Meta incorporates by reference all of the foregoing Responses and Objections as if fully set forth therein, whether or not restated below in response to any specific Request.

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and FILES sufficient to show META's data retention policies as they relate to data used in the development of its AI as well as data related to the ACTION.

**RESPONSE TO REQUEST NO. 1:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case. This Request seeks improper "discovery on discovery," rather than information or documents relevant to the claims and defenses at issue in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad and unduly burdensome to the extent that the phrase "its AI" is intended to refer to unidentified Meta AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION. Meta further

objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents relating to "data used in the development" of unidentified Meta AI models other than Movie Gen, or datasets that do not include Plaintiffs' WORKS (as defined above), on the ground that such data and datasets are not relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous to the extent it seeks information about undefined "data related to the ACTION." Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and FILES sufficient to show META preserved relevant data related to the ACTION.

**RESPONSE TO REQUEST NO. 2:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case. This Request seeks improper "discovery on discovery," rather than information or documents relevant to the claims and defenses at issue in this ACTION. Meta further objects to this Request as vague and ambiguous in its use of the undefined terms "relevant data" and "relevant data related to the ACTION." Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All network TOPOLOGY DIAGRAMS of META's NETWORK ARCHITECTURE during the RELEVANT PERIOD materials related to the ACTION.

**<u>RESPONSE TO REQUEST NO. 3:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "META," "RELEVANT PERIOD," and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because it seeks "[a]ll network TOPOLOGY DIAGRAMS" for META's NETWORK ARCHITECTURE across the entire company throughout the entire world, which have no bearing on any claims and defenses at issue in this ACTION and because it seeks "[a]ll network TOPOLOGY DIAGRAMS" rather than TOPOLOGY DIAGRAMS sufficient to show META's NETWORK ARCHITECTURE. Meta further objects to this request as vague and nonsensical in its use of the phrase "materials related to the ACTION," which appears to have been tacked on to the end of the Request in error. Meta further objects to this Request to the extent it seeks competitively sensitive confidential and trade secret information that is not relevant to any claims or defenses in this ACTION.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:</u>**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify, at the network level, how the IP addresses listed on Exhibit A to the Complaint were assigned by Meta during the RELEVANT PERIOD.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**

All DOCUMENTS and FILES sufficient to identify the assignment of IP addresses on EXHIBIT A to SERVERS on META'S NETWORK ARCHITECTURE during the RELEVANT PERIOD.

**<u>RESPONSE TO REQUEST NO. 4:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "EXHIBIT A," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, and nonsensical to the extent it presumes that

IP addresses were "assigned" to "servers on META's NETWORK ARCHITECTURE." Meta further objects to this Request to the extent it seeks competitively sensitive confidential and trade secret information that is not relevant to any claims or defenses in the case.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify, at the network level, how the IP addresses on Exhibit A were assigned by Meta during the RELEVANT PERIOD.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a proportional, reasonable search for and produce non-privileged, responsive DOCUMENTS, if any, sufficient to identify (a) how the IP addresses on Exhibit A were assigned by Meta during the RELEVANT PERIOD and (b) individuals and departments that had access to the IP addresses on Exhibit A, and will produce this information at whatever level of granularity is possible given the available records.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify the individuals and departments with access to the SERVERS associated with the IP addresses on EXHIBIT A during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 5:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "EXHIBIT A," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it calls for identification of all "individuals and departments with access to the SERVERS associated with IP addresses on EXHIBIT A," regardless of the individuals' and departments' involvement (or lack thereof) with any conduct

alleged in the COMPLAINT. Meta further objects to this Request as vague, ambiguous, and nonsensical to the extent it presumes that each of the IP addresses listed on EXHIBIT A was "associated" with Meta SERVERS during the RELEVANT PERIOD. Meta further objects to this Request as vague and ambiguous in its use of the undefined term "departments."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify, at the network level, how the IP addresses on Exhibit A were assigned, used, or made available by Meta during the RELEVANT PERIOD.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a proportional, reasonable search for and produce non-privileged, responsive DOCUMENTS, if any, sufficient to identify (a) how the IP addresses on Exhibit A were assigned by Meta during the RELEVANT PERIOD and (b) individuals and departments that had access to the IP addresses on Exhibit A, and will produce this information at whatever level of granularity is possible given the available records.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify PERSONS responsible for configuring or maintaining the SERVERS associated with the IP ADDRESSES on EXHIBIT A during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 6:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "EXHIBIT A," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks information about SERVER maintenance and configuration, which are not relevant to any claim or defense at issue in this

ACTION, and calls for identification all "PERSONS responsible" for SERVER maintenance and configuration regardless of their involvement (or lack thereof) with any conduct alleged in the COMPLAINT. Meta further objects to this Request to the extent that it presumes that Meta "SERVERS" were "associated with the IP ADDRESSES on EXHIBIT A." Meta objects to this Request as vague and ambiguous insofar as it uses the capitalized term "IP ADDRESSES" without defining that term.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify, at the network level, how the IP addresses listed on Exhibit A to the Complaint were assigned by Meta during the RELEVANT PERIOD.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a proportional, reasonable search for and produce non-privileged, responsive DOCUMENTS, if any, sufficient to identify individuals responsible for assigning the IP addresses on Exhibit A during the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and FILES sufficient to identify each CLOUD ACCOUNT that was assigned to, leased by, or USED by META during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 7:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "CLOUD ACCOUNT," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because it seeks identification of "each" CLOUD ACCOUNT used by META across the entire company throughout the entire

world, regardless of its use and regardless of whether any such account has any relevance to any claims and defenses at issue in this ACTION.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify any CLOUD ACCOUNT used by Meta or at its direction during the RELEVANT PERIOD to torrent or store Plaintiffs' alleged WORKS, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 8:**

All contracts, service agreements, and account records between META and any ISP or CLOUD NETWORK during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 8:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks "[a]ll contracts, service agreements, and account records" across the entire company and throughout the entire world for any internet service or cloud services provider, which documents are not relevant to any claim or defense at issue in this ACTION.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 9:</u>**

All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify any VIRTUAL MACHINES connected to the SERVERS associated with the IP ADDRESSES on EXHIBIT A operating on META's networks during the RELEVANT PERIOD.

**<u>RESPONSE TO REQUEST NO. 9:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "EXHIBIT A," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks documents regarding "any VIRTUAL MACHINES connected to the SERVERS associated with the IP addresses on EXHIBIT A," regardless of whether those VIRTUAL MACHINES were used for any purposes relevant to the claims and defenses at issue in this ACTION. Meta further objects to this Request as vague, ambiguous, and nonsensical to the extent it presumes that each of the IP addresses listed on EXHIBIT A was "associated" with Meta SERVERS during the RELEVANT PERIOD. Meta objects to this Request as vague and ambiguous insofar as it uses the capitalized term "IP ADDRESSES" without defining that term.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:</u>**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify VIRTUAL MACHINES, if any, associated with the IP ADDRESSES on EXHIBIT A operating on META's networks and used by Meta or at its direction to torrent or store Plaintiffs' alleged WORKS during the RELEVANT PERIOD, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**<u>REQUEST FOR PRODUCTION NO. 10:</u>**

All DOCUMENTS, COMMUNICATIONS, and FILES reflecting the installation of BITTORRENT or PEER-TO-PEER SOFTWARE on any COMPUTER DEVICE owned by META during the RELEVANT PERIOD.

**<u>RESPONSE TO REQUEST NO. 10:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORRENT," "PEER-TO-PEER SOFTWARE," "COMPUTER DEVICE," "META" and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks "[a]ll DOCUMENTS and FILES reflecting the installation of BITTORENT or PEER-TO-PEER SOFTWARE on any COMPUTER DEVICE owned by META," regardless of whether that COMPUTER DEVICE was allegedly used to download PLAINTIFFS' WORKS. As written, this Request would appear to require Meta to conduct an investigation into the software downloaded by every employee, contractor, or agent of Meta to be issued a Meta-owned device across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as duplicative of Request No. 16.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:</u>**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify whether BITTORRENT was installed by Meta or at its direction to torrent any of Plaintiffs' WORKS during the RELEVANT PERIOD, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should

not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 11:**

All configuration FILES for any BITTORRENT or PEER-TO-PEER SOFTWARE USED by META during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 11:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORRENT," "PEER-TO-PEER SOFTWARE," "META" and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks "[a]ll configuration FILES for any BITTORENT or PEER-TO-PEER SOFTWARE USED by META," regardless the FILES' relevance to any claims or defense at issue in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into the software used by every employee, contractor, or agent of Meta to be issued a Meta-owned device across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as vague and ambiguous in its use of the undefined term "configuration FILES."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, comprising BITTORRENT configuration files used by META or at its direction to torrent any of Plaintiffs' WORKS during the RELEVANT PERIOD, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should not

be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS related to the locations or methods of storing or hosting DATA obtained through BITTORRENT, TORRENT CLIENTS, or torrenting, including but not limited to local servers, virtual servers, cloud-based storage such as Amazon Web Services ("AWS") or any other third-party data hosting services.

**RESPONSE TO REQUEST NO. 12:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "DATA," "BITTORRENT," and "PEER-TO-PEER SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks "[a]ll DOCUMENTS and COMMUNICATIONS related to the locations or methods of storing or hosting DATA obtained through BITTORRENT, TORRENT CLIENTS, or torrenting," regardless the FILES' relevance to any claims or defense at issue in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, harassing, and disproportionate to the needs of the case to the extent it seeks "[all] DOCUMENTS and COMMUNICATIONS related to the locations or methods of storing rather than DOCUMENTS and COMMUNICATIONS sufficient to show the same. Meta further objects to this Request as overbroad, irrelevant, and disproportionate to the needs of the case to the extent it calls for information about DATA obtained through BITTORRENT, TORRENT CLIENTS, or torrenting of files other than PLAINTIFFS' WORKS, which have no bearing on any claims or defenses in this ACTION.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to show the locations or methods of storing or hosting Plaintiffs'

WORKS obtained by Meta or at its direction through BITTORRENT during the RELEVANT PERIOD, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and FILES that describe the activities or log the activities (including download, upload, and seeding histories) of any INDIVIDUAL at META using BITTORRENT or PEER-TO-PEER SOFTWARE during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 13:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORRENT," "PEER-TO-PEER SOFTWARE," and "RELEVANT PERIOD," further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it calls for identification of "[a]ll DOCUMENTS and FILES that describe the activities ... of any individual at META using BITTORRENT or PEER-TO-PEER SOFTWARE," regardless of the individuals' involvement (or lack thereof) with any conduct alleged in the COMPLAINT. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it is not limited to the documents, if any, reflecting the download, upload, or seeding of PLAINTIFFS' WORKS using BITTORENT or PEER-TO-PEER SOFTWARE. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify the use of BITTORRENT by Meta or at its direction

to torrent Plaintiffs' WORKS during the RELEVANT PERIOD, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 14:**

All torrent files (.torrent files) stored on COMPUTER DEVICES USED, leased, owned or CONTROLLED by META during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 14:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "COMPUTER DEVICE," "USED," "CONTROLLED," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent the Request seeks "[a]ll torrent files (.torrent files)" stored on any "COMPUTER DEVICE, USED, leased, owned, or CONTROLLED by META," rather than torrent files containing all or any portion of PLAINTIFFS' WORKS. As written, this Request would appear to require Meta to conduct an investigation into any torrent file stored by any employee, contractor, or agent of Meta to be issued a Meta-owned device across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 14:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce any .torrent files comprising Plaintiffs' WORKS stored by META or at its direction during the RELEVANT PERIOD. For the sake of clarity, this response is not intended, and should not be construed, as an admission that

Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS and FILES reflecting any configuration settings for bandwidth sharing, seeding limits, or peer connections in BITTORRENT or PEER-TO-PEER SOFTWARE on COMPUTER DEVICES USED, leased, owned or CONTROLLED by META during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 15:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORRENT," "PEER-TO-PEER SOFTWARE," "COMPUTER DEVICE," "USED," "CONTROLLED," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent the Request calls for "[a]ll DOCUMENTS and FILES reflecting configuration settings" for "BITTORRENT or PEER-TO-PEER SOFTWARE" on all "COMPUTER DEVICES USED, leased, owned or CONTROLLED by META," regardless of whether the COMPUTER DEVICE was used to download or upload any of PLAINTIFFS' WORKS. As written, this Request would appear to require Meta to conduct an investigation into the configuration settings of every employee, contractor, or agent of Meta to be issued a Meta-owned device across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as vague and ambiguous in its use of the undefined terms "configuration settings," "bandwidth sharing," "seeding limits" and "peer connections."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:</u>**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, comprising BITTORRENT configuration files used for any torrent of Plaintiffs' WORKS by Meta or at its direction during the RELEVANT PERIOD, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**<u>REQUEST FOR PRODUCTION NO. 16:</u>**

All DOCUMENTS and FILES reflecting the installation, removal, or deletion of BITTORRENT or PEER-TO-PEER SOFTWARE from any COMPUTER DEVICE USED, leased, owned or CONTROLLED by META during the RELEVANT PERIOD.

**<u>RESPONSE TO REQUEST NO. 16:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORRENT," "PEER-TO-PEER SOFTWARE," "COMPUTER DEVICE," "USED," "CONTROLLED," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent the Request calls for "[a]ll DOCUMENTS and FILES reflecting the installation, removal, or deletion of BITTORRENT or PEER-TO-PEER SOFTWARE from any COMPUTER DEVICE USED, leased, owned or CONTROLLED by META," regardless of whether the COMPUTER DEVICE was used to download or upload any of PLAINTIFFS' WORKS. As written, this Request would appear to require Meta to conduct an investigation into the software downloaded and deleted by every employee, contractor, or agent of Meta to be issued a Meta-owned device across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, and

disproportionate to the needs of the case insofar as the "installation, removal, or deletion of" BITTORENT software on any COMPUTER DEVICE has no bearing on any claims or defenses in this ACTION. Meta further objects to this Request as duplicative of Request No. 10.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 17:</u>**

All DOCUMENTS and FILES depicting META's internal policies regarding use by USER ANONYMITY SOFTWARE services by META's employees or contractors.

**<u>RESPONSE TO REQUEST NO. 17:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "USER ANONYMITY SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks internal policies regarding the use of USER ANONYMITY SOFTWARE regardless of the policies' relevance or application to the sourcing of training content for the Movie Gen AI Model, and because the Request seeks "[a]ll DOCUMENTS and FILES sufficient to identify" META's internal policies, rather than DOCUMENTS sufficient to show the same. Meta further objects to this Request on the ground that the phrase "use by USER ANONYMITY SOFTWARE services" is vague, ambiguous, and nonsensical.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**<u>REQUEST FOR PRODUCTION NO. 18:</u>**

All DOCUMENTS and COMMUNICATIONS discussing, mentioning, or referencing USER ANONYMITY SOFTWARE use for downloading any media.

**<u>RESPONSE TO REQUEST NO. 18:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the term "USER ANONYMITY SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate

to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS discussing ... USER ANONYMITY SOFTWARE," regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case to the extent it seeks information about media downloaded other than PLAINTIFFS' WORKS, which have no bearing on any claims and defenses at issue in this ACTION.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS related to the USE of "fairspark."

**RESPONSE TO REQUEST NO. 19:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "USE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS related to the USE of "fairspark," for an over eight year period, without limiting the Request to uses (if any) relating to the downloading, uploading or storage of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined term "fairspark."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS and COMMUNICATIONS related to the USE of "PySpark", or any other tools used to download or re-download files from torrent networks, and any revisions or updates to the code.

**RESPONSE TO REQUEST NO. 20:**

Meta incorporates by reference its foregoing objections, including its objection to and definitions of the term "USE," and further objects to this Request as vague, ambiguous, overbroad,

unduly burdensome, harassing, irrelevant, compound, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS related to the USE of "PySpark" or "any other tools used to download or re-download files from torrent networks and any revisions or updates to the code," for an over eight year period, without limiting the Request to uses (if any) relating to the downloading, uploading or storage of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it seeks documents outside of Meta's possession, custody, or control regarding "any revisions or updates to the code" for PySpark or any other tools used to download or re-download files from torrent networks. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "PySpark" and "torrent networks."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to show use of PySpark by Meta or at its direction to download or re-download Plaintiffs' WORKS during the RELEVANT PERIOD, to the extent Meta identifies any such downloads. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or downloaded or directed the torrenting or download of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify each IP ADDRESS associated with all AWS servers USED, leased, or CONTROLLED by META.

**RESPONSE TO REQUEST NO. 21:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "USED," "CONTROLLED," and "META," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks identification of

"each IP ADDRESS associated with all AWS servers USED, leased or CONTROLLED by META," for an over eight year period, without limiting the Request to IP addresses (if any) used to download or upload PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta objects to this Request as vague and ambiguous insofar as it uses the capitalized term "IP ADDRESSES" without defining that term.

Subject to and without waiving the foregoing responses and objections, Meta will produce non-privileged DOCUMENTS sufficient to identify each IP address associated with the six AWS SERVERS referenced in the *Kadrey* lawsuit, as alleged in paragraph 98 of the COMPLAINT, to the extent they can be located following a reasonable investigation.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS identifying IP addresses, logins, and account access relating to connections between services CONTROLLED by META using the Pyspark or FairSpark protocols and BITTORRENT networks or PEER-TO-PEER SOFTWARE.

**RESPONSE TO REQUEST NO. 22:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "CONTROLLED," "META," "BITTORRENT," and "PEER-TO-PEER SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks identification of "[a]ll DOCUMENTS identifying IP addresses, logins, and account access," for an over eight year period, without limiting the Request to IP addresses, logins, and accounts (if any) used for the downloading, uploading or storage of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "PySpark and FairSpark protocols." Meta further objects to this request as vague and unintelligible in its use of the phrase "connections between services CONTROLLED by META using the Pyspark or FairSpark protocols and BITTORRENT networks or PEER-TO-PEER SOFTWARE." Meta is unable to determine the exact nature of the Request based on the current wording.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:</u>**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a proportional, reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, produced by META in the *Kadrey* lawsuit referring or relating to IP addresses used for torrenting, including those associated with Pyspark or the servers constituting Meta's "FairSpark" cluster of virtual servers.

**<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:</u>**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

In addition to the foregoing, Meta will conduct a proportional, reasonable search for and produce non-privileged, responsive DOCUMENTS, if any, sufficient to show the IP addresses used by Meta employees for torrenting related to the conduct alleged in the Complaint, including those associated with Pyspark or the servers constituting Meta's "FairSpark" cluster of virtual servers. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or downloaded or directed the torrenting or download of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**<u>REQUEST FOR PRODUCTION NO. 23:</u>**

All copies of PLAINTIFFS' WORKS described in Exhibit D in META's CONTROL.

**<u>RESPONSE TO REQUEST NO. 23:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "WORKS," "EXHIBIT D," "META," and "CONTROL," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to investigate every Meta-owned or leased computer or other device, across the entire company throughout the entire world, to determine if any Meta employee, agent, or contractor has ever downloaded any of PLAINTIFFS' WORKS, even if those downloads were licensed or otherwise authorized pursuant to a subscription, purchase, or otherwise, even if those downloads were traditional downloads rather

than torrent downloads as alleged in the COMPLAINT, and even if Meta had no knowledge of or involvement in those downloads.

Subject to and without waiving the foregoing responses and objections, Meta will produce copies of PLAINTIFFS' WORKS, if any, that are in Meta's possession, custody or control and that can be located following a reasonable investigation.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS related to torrent files, infohashes. and filehashes stored in the ML HUB or AI DATA CATALOG.

**RESPONSE TO REQUEST NO. 24:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "ML HUB" and "AI DATA CATALOG," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks "[a]ll DOCUMENTS and COMMUNICATIONS related to torrent files, infohashes. and filehashes stored in the ML HUB or AI DATA CATALOG," for an over eight year period, without limiting the Request to torrent files, infohashes. and filehashes (if any) associated with PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "torrent files," "infohashes.," and "filehashes."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 24:**

Meta incorporates all of its foregoing objections, and further objects to this Request as vague, ambiguous, and unintelligible in its use of the phrase "stored in the ML HUB." ML Hub is a Meta internal website that contains links to a collection of tools that are used for machine learning development; it is not a database or data repository, and it does not "store" documents and communications that can be searched. *Kadrey*, ECF No. 785-5.

Subject to and without waiving any of the foregoing objections, Meta further responds as follows:

Meta will conduct a proportional, reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, found within AI DATA CATALOG ("AIDC") that constitute, reference, or include Plaintiffs' WORKS, by searching using existing, internal search capabilities and parameters available within AIDC. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or stored or directed the torrenting or storage of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMETS and FILES contained in, referenced by, indexed by, or generated within the ML HUB or AI DATA CATALOG that mention, describe, reference, or relate to any of the WORKS (by title, file hash, torrent info-hash, or any other identifier).

**RESPONSE TO REQUEST NO. 25:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "ML HUB," "AI DATA CATALOG," "RELATE TO," and "WORKS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case in its use of the undefined term "any other identifier" and to the extent it fails to provide any "title, file hash, torrent info-hash, or any other identifier" by which it asks Meta to search for the document and files sought. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to run as search terms the thousands of titles, file hashes, and torrent info-hashes alleged in the COMPLAINT across ML HUB or any AI DATA CATALOG, particularly where there are other, more efficient means of discovery into whether and to what extent Meta allegedly downloaded or used any of the WORKS for AI training. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks documents and information about materials used to train AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 25:**

Meta incorporates all of its foregoing objections, and further objects to this Request as vague, ambiguous, and unintelligible in its use of the phrase "stored in the ML HUB." ML Hub is a Meta internal website that contains links to a collection of tools that are used for machine learning development; it is not a database or data repository, and it does not "store" documents and communications that can be searched. *Kadrey*, ECF No. 785-5.

Subject to and without waiving any of the foregoing objections, Meta further responds as follows:

Meta will conduct a proportional, reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, found within AI DATA CATALOG ("AIDC") that constitute, reference, or include Plaintiffs' WORKS, by searching using existing, internal search capabilities and parameters available within AIDC. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or stored or directed the torrenting or storage of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 26:**

All entries, manifests, dataset cards, metadata records, inventory listings, or catalog records in the AI DATA CATALOG (or any linked system) for any dataset that includes sexually explicit adult content, pornography, BitTorrent-sourced material, or any torrented material USED (or proposed for use) in training, fine-tuning, validating, red-teaming or evaluating any AI Model during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 26:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "AI DATA CATALOG," "USED," "BITTORENT," and "RELEVANT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll entries,

manifests, dataset cards, metadata records, inventory listings, or catalog records," for an over eight year period, without limiting the Request to entries, manifests, dataset cards, metadata records, inventory listings, or catalog records (if any) related to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it seeks this information as to "any dataset that includes sexually explicit adult content, pornography, BitTorrent-sourced material, or any torrented material," without defining any means of identifying whether content in datasets constitutes "sexually explicit adult content" or "pornography," and regardless of whether the datasets include allegedly BITTORENT-sourced copies PLAINTIFFS' WORKS. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that the phrase "any AI Model" is intended to refer to unidentified Meta AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "manifests," "inventory listings," "catalog records," "fine-tuning," "validating," and "red-teaming."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 26:</u>**

Meta incorporates all of its foregoing objections, and further objects to this Request as vague, ambiguous, and unintelligible in its use of the phrase "stored in the ML HUB." ML Hub is a Meta internal website that contains links to a collection of tools that are used for machine learning development; it is not a database or data repository, and it does not "store" documents and communications that can be searched. *Kadrey*, ECF No. 785-5.

Subject to and without waiving any of the foregoing objections, Meta further responds as follows:

Meta will conduct a proportional, reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, found within AI DATA CATALOG ("AIDC") that constitute, reference, or include Plaintiffs' WORKS, by searching using existing, internal search capabilities

and parameters available within AIDC. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or stored or directed the torrenting or storage of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 27:**

All logs, audit trails, access records, upload/download histories, job records, or ingestion pipelines in the ML HUB reflecting the processing, storage, transformation, or use of any sexually explicit video files, pornography, BitTorrent-derived data, or torrented material for any AI Model.

**RESPONSE TO REQUEST NO. 27:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "ML HUB" and "BITTORENT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll logs, audit trails, access records, upload/download histories, job records, or ingestion pipelines" for an over eight year period, without limiting the Request to logs, audit trails, access records, upload/download histories, job records, or ingestion pipelines (if any) related to PLAINTIFFS' WORKS, without defining any means of identifying whether content reflects "sexually explicit adult content" or "pornography," and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it seeks this information for "any sexually explicit video files, pornography, BitTorrent-derived data, or torrented material," regardless of whether the files or data include allegedly BITTORENT-sourced copies PLAINTIFFS' WORKS. Meta further objects to this Request as vague, ambiguous, overbroad and unduly burdensome to the extent that the phrase "any AI Model" is intended to refer to unidentified Meta AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "audit trails," and "ingestion pipelines."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 28:</u>**

All DOCUMENTS and COMMUNICATIONS within or attached to the ML HUB or AI DATA CATALOG that discuss, approve, flag, reject, or evaluate the use of sexually explicit adult video content, pornography, and torrented material, as training, validation, or test data.

**<u>RESPONSE TO REQUEST NO. 28:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "ML HUB," and "AI DATA CATALOG," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS … that discuss, approve, flag, reject, or evaluate the use of sexually explicit adult video content, pornography, and torrented material, as training, validation, or test data," for an over eight year period, without defining any means of identifying whether content constitutes "sexually explicit adult content" or "pornography," without limiting the Request to DOCUMENTS and COMMUNICATIONS discussing, approving, flagging, rejecting, or evaluating the use of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad and unduly burdensome to the extent it seeks information about unidentified Meta AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION.

Subject to and without waiving the foregoing responses and objections, Meta will produce non-privileged DOCUMENTS sufficient to show Meta's policies, practices, and procedures, if any, regarding use of sexually explicit video content for training Meta's Movie Gen model, including any policies, practices, and procedures that prevent or prohibit the use of sexually explicit video content for training Movie Gen, to the extent they can be located following a reasonable investigation.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 28:</u>**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to show Meta's policies, practices, and procedures during the

RELEVANT PERIOD, if any, regarding use of sexually explicit video content for training Meta's generative AI video models, to the extent they can be located following a reasonable investigation.

**REQUEST FOR PRODUCTION NO. 29:**

All version histories, change logs, revision records, or deletion records in the ML HUB or AI DATA CATALOG for any dataset containing sexually explicit adult content, pornography or torrented material that was modified, supplemented, removed, or archived during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 29:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "AI DATA CATALOG," "ML HUB" and "RELEVANT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll version histories, change logs, revision records, or deletion records," without defining any means of identifying whether a dataset contains content that constitutes "sexually explicit adult content" or "pornography," without limiting the Request to datasets (if any) that contain allegedly BITTORENT-sourced copies of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "version histories," "change logs," "revision records," and "deletion records."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS between YOU and any PERSON (excluding those COMMUNICATIONS between YOU and YOUR attorneys) that REFER TO, RELATE TO, OR CONCERN PLAINTIFFS.

**RESPONSE TO REQUEST NO. 30:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," "REFER TO," "RELATE TO," and "CONCERN," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant,

and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll COMMUNICATIONS … that REFER TO, RELATE TO, OR CONCERN PLAINTIFFS," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 30:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged COMMUNICATIONS during the RELEVANT PERIOD, if any, referencing Plaintiffs or their alleged internet domains by name.

**REQUEST FOR PRODUCTION NO. 31:**

All COMMUNICATIONS between YOU and any PERSON (excluding those COMMUNICATIONS between YOU and YOUR attorneys) that REFER TO, RELATE TO, OR CONCERN any WORKS.

**RESPONSE TO REQUEST NO. 31:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," "REFER TO," "RELATE TO," "CONCERN," and "WORKS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll COMMUNICATIONS … that REFER TO, RELATE TO, OR CONCERN any WORKS," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 31:</u>**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a proportional, reasonable search for and produce responsive, non-privileged DOCUMENTS, if any. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or distributed any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**<u>REQUEST FOR PRODUCTION NO. 32:</u>**

All COMMUNICATIONS between YOU and any PERSON (excluding those COMMUNICATIONS between YOU and YOUR attorneys) that REFER TO, RELATE TO, OR CONCERN the ACTION.

**<u>RESPONSE TO REQUEST NO. 32:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," "REFER TO," "RELATE TO," "CONCERN," and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll COMMUNICATIONS … that REFER TO, RELATE TO, OR CONCERN the ACTION," for an over eight year period, without limiting the Request to COMMUNICATIONS relating to PLAINTIFFS' WORKS, and regardless of any given COMMUNICATION's relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 32:</u>**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged COMMUNICATIONS during the RELEVANT PERIOD, if any, referencing Plaintiffs or their alleged internet domains by name.

**<u>REQUEST FOR PRODUCTION NO. 33:</u>**

All DOCUMENTS and COMMUNICATIONS between YOU and any DATA CENTER OR VPN COMPANY related to the ACTION.

**<u>RESPONSE TO REQUEST NO. 33:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU" and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS … related to the ACTION," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent the Request purports to require META to subjectively determine whether any COMMUNICATION or DOCUMENT was exchanged with an entity that Plaintiffs would characterize as a "DATA CENTER OR VPN COMPANY" for an over eight year period. Meta further objects to this Request as vague and ambiguous insofar as it uses the capitalized term "DATA CENTER" without defining that term.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**<u>REQUEST FOR PRODUCTION NO. 34:</u>**

All DOCUMENTS and COMMUNICATIONS between YOU and any DATA CENTER OR VPN COMPANY related to the PLAINTIFFS.

**<u>RESPONSE TO REQUEST NO. 34:</u>**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS … related to the PLAINTIFFS," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad,

unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent the Request purports to require META to subjectively determine whether any COMMUNICATION or DOCUMENT was exchanged with an entity that Plaintiffs would characterize as a "DATA CENTER OR VPN COMPANY" for an over eight year period. Meta objects to this Request as vague and ambiguous insofar as it uses the capitalized term "DATA CENTER" without defining that term.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS between YOU and [redacted] relating to BITTORRENT or PEER-TO-PEER SOFTWARE.

**RESPONSE TO REQUEST NO. 35:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," "RELATE TO," and "BITTORRENT," and "PEER-TO-PEER SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between YOU and [redacted] relating to BITTORRENT or PEER-TO-PEER SOFTWARE," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION or the alleged conduct attributed to [redacted] in the COMPLAINT. Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Subject to and without waiving the foregoing responses and objections, Meta will produce non-privileged communications, if any, between [redacted] and Meta related to Plaintiffs or the conduct alleged in Paragraphs 103 through 107 of the COMPLAINT, to the extent they can be located following a reasonable investigation and subject to further meet and confer on the RELEVANT PERIOD.

**<u>REQUEST FOR PRODUCTION NO. 36:</u>**

All DOCUMENTS and COMMUNICATIONS between YOU and [redacted] relating to PLAINTIFFS.

**<u>RESPONSE TO REQUEST NO. 36:</u>**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between YOU and [redacted] relating to PLAINTIFFS," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION or the alleged conduct attributed to [redacted] in the COMPLAINT. Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Subject to and without waiving the foregoing responses and objections, Meta will produce non-privileged communications, if any, between [redacted] and Meta related to Plaintiffs or the conduct alleged in Paragraphs 103 through 107 of the COMPLAINT, to the extent they can be located following a reasonable investigation and subject to further meet and confer on the RELEVANT PERIOD.

**<u>REQUEST FOR PRODUCTION NO. 37:</u>**

All DOCUMENTS and COMMUNICATIONS between YOU and [redacted] relating to THIS ACTION.

**<u>RESPONSE TO REQUEST NO. 37:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between YOU and [redacted] relating to THIS ACTION," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION or the alleged conduct attributed to [redacted] in the COMPLAINT. Meta further objects to

this Request as vague and ambiguous to the extent it seeks unspecified DOCUMENTS and COMMUNICATIONS "related to the ACTION." Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Subject to and without waiving the foregoing responses and objections, Meta will produce non-privileged communications, if any, between [redacted] and Meta related to Plaintiffs or the conduct alleged in Paragraphs 103 through 107 of the COMPLAINT, to the extent they can be located following a reasonable investigation and subject to further meet and confer on the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS between YOU and [redacted]

**RESPONSE TO REQUEST NO. 38:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between YOU and [redacted]," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Subject to and without waiving the foregoing responses and objections, Meta will produce non-privileged communications, if any, between [redacted] and Meta related to Plaintiffs or the conduct alleged in Paragraphs 103 through 107 of the COMPLAINT, to the extent they can be located following a reasonable investigation and subject to further meet and confer on the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS between YOU and COGENT.

**RESPONSE TO REQUEST NO. 39:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between [Meta] and COGENT," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Indeed, Meta's communications with ISPs have no bearing on the conduct alleged in the COMPLAINT or on any claim or defense in this ACTION.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS between YOU and FREEDOMTECH.

**RESPONSE TO REQUEST NO. 40:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between [Meta] and FREEDOMTECH," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. As Again, Meta's communications with ISPs have no bearing on the conduct alleged in the COMPLAINT and any claim or defense in this ACTION.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 40:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS and COMMUNICATIONS between Meta and FREEDOMTECH during the RELEVANT PERIOD, if any, sufficient to show any use of FREEDOMTECH IP ADDRESSES by Meta or at its direction to torrent Plaintiffs' WORKS. For the sake of clarity, this response is

not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS and COMMUNICATIONS between YOU and PROTONVPN.

**RESPONSE TO REQUEST NO. 41:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between [Meta] and PROTONVPN," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as duplicative of Requests Nos. 33 and 34 which request COMMUNICATIONS between Meta and VPN COMPANIES.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 41:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS and COMMUNICATIONS between Meta and PROTONVPN during the RELEVANT PERIOD, if any, sufficient to show any use of PROTONVPN IP ADDRESSES by Meta or at its direction to torrent Plaintiffs' WORKS. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS and COMMUNICATIONS between YOU and KAPE.

**RESPONSE TO REQUEST NO. 42:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the terms "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent

it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between [Meta] and KAPE," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as duplicative of Requests Nos. 33 and 34 which request COMMUNICATIONS between Meta and VPN COMPANIES.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 42:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS and COMMUNICATIONS between Meta and KAPE during the RELEVANT PERIOD, if any, sufficient to show any use of KAPE IP ADDRESSES by Meta or at its direction to torrent Plaintiffs' WORKS. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS and COMMUNICATIONS between YOU and XTOM.

**RESPONSE TO REQUEST NO. 43:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between [Meta] and XTOM," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 44:</u>**

All DOCUMENTS and FILES of DMCA notices and copyright infringement notices YOU received associated with the IP ADDRESSES on EXHIBIT A during the RELEVANT PERIOD.

**<u>RESPONSE TO REQUEST NO. 44:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," "EXHIBIT A," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and FILES of DMCA notices and copyright infringement notices . . . associated with the IP ADDRESSES on EXHIBIT A" for an over eight-year period, without limiting the Request to notices (if any) relating to torrenting PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, vague, and ambiguous to the extent it fails to define any means of identifying whether a notice is "associated" with an IP Address. Meta further objects to this Request as vague and ambiguous insofar as it uses the capitalized term "IP ADDRESSES" without defining that term. Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**<u>REQUEST FOR PRODUCTION NO. 45:</u>**

All DOCUMENTS, COMMUNICATIONS and FILES from any PERSON, organization, or company relating to illegal activity associated with the IP ADDRESSES on EXHIBIT A during the RELEVANT PERIOD.

**<u>RESPONSE TO REQUEST NO. 45:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "EXHIBIT A," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and

disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS, COMMUNICATIONS and FILES … relating to illegal activity associated with the IP ADDRESSES on EXHIBIT A" without any limitation, and regardless of whether the alleged illegal activity is related to PLAINTIFFS' WORKS. Meta further objects to this Request to the extent it purports to require Meta to reach a subjective legal conclusion as to whether any given activity associated with the IP addresses on EXHIBIT A constitutes "illegal activity" in violation of the work product doctrine. Meta further objects to this Request to the extent it purports to require Meta to produce documents or information that are not in its possession, custody, or control. Meta objects to this Request as vague and ambiguous insofar as it uses the capitalized term "IP ADDRESSES" without defining that term. Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS and FILES identifying file hashes corresponding to the WORKS.

**RESPONSE TO REQUEST NO. 46:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "FILES," and further objects to this Request and overbroad, unduly burdensome, cumulative, and disproportionate to the needs of the case to the extent that it seeks information that was already set forth in the COMPLAINT and EXHIBITS to the COMPLAINT, rendering this Request duplicative and unnecessary. Meta further objects to this Request to the extent it purports to request information outside of Meta's possession, custody, or control, and indeed that is necessarily within Plaintiffs' possession, custody, and control. Meta further objects to this Request as vague and ambiguous as it uses the undefined term "file hashes."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 46:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a proportional, reasonable search for and produce responsive, non-privileged DOCUMENTS, if any. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or distributed any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS and FILES sufficient to identify any of the activity described or referenced in EXHIBITS A, B, C, D, E, F, G, H, and I to the COMPLAINT.

**RESPONSE TO REQUEST NO. 47:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES" and "EXHIBITS A–I," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the need. As written, the Request fails to identify the information sought with reasonable particularity and would require Meta to undertake an open-ended investigation and analysis on behalf of the PLAINTIFFS, and would require Meta to subjectively determine whether any given DOCUMENT or FILE is "sufficient to identify any of the activity described or referenced" in the COMPLAINT. Meta further objects to this Request to the extent it presumes the "activity" alleged in EXHIBITS A–I occurred, or that Exhibits A-I reference "activity" at all; Exhibit D, for example, is merely a list of Plaintiffs' purported copyright registrations. Meta further objects to this Request on the ground that it purports to request information outside of Meta's possession, custody, or control.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS and FILES that contain WORKS including backup files or archival records.

**<u>RESPONSE TO REQUEST NO. 48:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," and "WORKS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to investigate every Meta-owned or leased computer or other device to determine if any Meta employee, agent, or contractor has DOCUMENTS or FILES that contain any of PLAINTIFFS' WORKS (including the exceptionally burdensome process of searching backup files and archival records), even if those copies of the WORKS were licensed or otherwise authorized pursuant to a subscription, purchase, or otherwise, even if those copies were acquired through traditional downloads rather than torrent downloads as alleged in the COMPLAINT, and regardless of whether Meta had any knowledge of or involvement in those downloads. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES that contain WORKS" rather than copies of the WORKS themselves. Meta further objects to this Request as duplicative of Request No. 23.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 48:</u>**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a proportional, reasonable search for and produce responsive, non-privileged DOCUMENTS, if any. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or distributed any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**<u>REQUEST FOR PRODUCTION NO. 49:</u>**

All DOCUMENTS and FILES showing inbound or outbound BITTORRENT or PEER-TO-PEER SOFTWARE protocol connections during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 49:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORENT," "PEER-TO-PEER SOFTWARE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES" reflecting all "inbound or outbound BITTORRENT or PEER-TO-PEER SOFTWARE protocol connections," for an over eight year period, without limiting the Request to BITTORENT protocol connections (if any) relating to the downloading or uploading of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into any inbound or outbound BITTORENT protocol connections across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request to the extent it is not limited to Meta's BITTORENT protocol connections and seeks information outside of Meta's possession, custody, or control.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 49:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a proportional, reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 49:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

In addition to the foregoing, Meta will conduct a proportional, reasonable search for and produce non-privileged, responsive DOCUMENTS, if any, concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent the third-party works alleged in Exhibits B and C. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of the third-party works alleged in Exhibits B and C or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS and FILES identifying the ports used by META for BITTORRENT and PEER-TO-PEER SOFTWARE communications during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 50:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORENT," "PEER-TO-PEER SOFTWARE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES" identifying all "ports used by META for BITTORRENT and PEER-TO-PEER SOFTWARE communications," for an over eight year period, without limiting the Request to ports (if any) use for the downloading or uploading of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into any ports used for BITTORENT across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as vague and ambiguous as it uses the undefined term "ports."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 51:</u>**

All DOCUMENTS and FILES reflecting data volumes uploaded or downloaded by META, whatever its means, via BITTORRENT or PEER-TO-PEER software during the RELEVANT PERIOD.

**<u>RESPONSE TO REQUEST NO. 51:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORENT," "PEER-TO-PEER SOFTWARE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES reflecting data volumes uploaded or downloaded by META … via BITTORENT," without limiting the Request to data volumes associated to the uploads and downloads of PLAINTIFFS' WORKS (if any), and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into the total amount of data uploaded or downloaded by Meta via BITTORENT, across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this request as vague, ambiguous, and unintelligible in its use of the phrase, "whatever it means."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 52:</u>**

All internal COMMUNICATIONS and DOCUMENTS REFERRING TO, RELATING TO, OR CONCERNING the WORKS.

**<u>RESPONSE TO REQUEST NO. 52:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "REFER TO," "RELATE TO," "CONCERN," and "WORKS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant,

and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll internal COMMUNICATIONS and DOCUMENTS REFERRING TO, RELATING TO, OR CONCERNING the WORKS," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it purports to require the production of Privileged Information. Meta further objects to this Request as duplicative of Request No. 31.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 52:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a proportional, reasonable search for and produce responsive, non-privileged DOCUMENTS, if any. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or distributed any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 53:**

All network monitoring reports reflecting BITTORRENT traffic.

**RESPONSE TO REQUEST NO. 53:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "BITTORENT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll network monitoring reports reflecting BITTORENT traffic," for an over eight year period, without limiting the Request to BITTORENT traffic (if any) related to the upload or download of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into all reports reflecting BITTORENT traffic, across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT

for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this request as vague, ambiguous, and unintelligible in its use of the phrase, "network monitoring reports." Meta further objects to the Request to the extent it presumes that monitors BITTORENT traffic.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS reflecting META blocking, throttling, or filtering BITTORRENT or PEER-TO-PEER SOFTWARE traffic.

**RESPONSE TO REQUEST NO. 54:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "META," "BITTORENT," and "PEER-TO-PEER SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS reflecting META blocking, throttling, or filtering BITTORRENT or PEER-TO-PEER SOFTWARE traffic," for an over eight year period, without limiting the Request to BITTORENT traffic (if any) related to the upload or download of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into blocking, throttling, or filtering (if any) of BITTORENT traffic, across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to the Request to the extent it presumes that Meta blocks, throttles, or filters BITTORENT or PEER-TO-PEER SOFTWARE traffic. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "blocking," "throttling," or "filtering."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 55:</u>**

All DOCUMENTS and FILES reflecting investigations into BITTORRENT or PEER- TO-PEER SOFTWARE use on networks assigned to, leased by, CONTROLLED by, or USED by META during the RELEVANT PERIOD.

**<u>RESPONSE TO REQUEST NO. 55:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORENT," "PEER-TO-PEER SOFTWARE," "CONTROLLED," "USED," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and FILES reflecting investigations into BITTORRENT or PEER- TO-PEER SOFTWARE," without limiting the Request to investigations relating to the downloading, uploading or storage of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information. Meta further objects to this request to the extent it seeks information outside is possession, custody, or control.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 56:</u>**

All DOCUMENTS and FILES reflecting investigations during the RELEVANT PERIOD into claims made by PLAINTIFFS against META. For clarification, this should also include any investigation(s) that lead META to proffer that any BITTORRENT or PEER-TO-PEER SOFTWARE use was done for "personal use."

**<u>RESPONSE TO REQUEST NO. 56:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORENT," "PEER-TO-PEER SOFTWARE," "META," and "RELEVANT PERIOD," and further objects to this Request to the extent it purports to require Meta to produce Privileged Information.

Based on the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS and COMMUNICATIONS relating to IP BANNED ADDRESSES.

**RESPONSE TO REQUEST NO. 57:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "IP BANNED ADDRESSES." Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, as it does not reasonably identify the information sought. Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS and COMMUNICATIONS related to any META EMPLOYEE'S work tasks in "Stealth Mode." *E.g.*, Document 568-3 from *Kadrey v. Meta*, 3:23-cv-03417-VC.

**RESPONSE TO REQUEST NO. 58:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "META," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS related to any META EMPLOYEE'S work tasks in 'Stealth Mode,'" for an over eight year period, without limiting the Request to uses of "Stealth Mode" (if any) relating to the downloading or uploading of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined term "Stealth Mode." Meta objects to this Request as vague and ambiguous insofar as it uses the capitalized term "EMPLOYEE'S" without defining that term.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS and COMMUNICATIONS related to the decision not to involve Meta's Data Infrastructure ("DI") team in the acquisition, storage, downloading, or handling of any activity related to the use of BITTORRENT.

**RESPONSE TO REQUEST NO. 59:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "BITTORENT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS related to a purported decision not to involve Meta's Data Infrastructure ('DI') team in the acquisition, storage, downloading, or handling of any activity related to the use of BITTORRENT," for an over eight year period, without limiting the Request to information related to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case insofar as the involvement, or lack thereof, of Meta's Data Infrastructure team in the acquisition, storage, downloading, or handling of any activity related to the use of BITTORRENT bears no relevance on any claims or defenses in this ACTION. Meta further objects to this Request to the extent it presumes that any "decision," let alone the purported decision described in the Request, was made not to involve Meta's Data Infrastructure team in the acquisition, storage, downloading, or handling of training data for Meta's Movie Gen AI model, which is the only model relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined term "Data Infrastructure ('DI') team."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

ALL COMMUNICATIONS discussing BITTORRENT or PEER-TO-PEER SOFTWARE including work requests, support tickets, and other records of actions taken to request, setup,

configure or operate any TORRENT CLIENT software during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 60:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "BITTORENT," "PEER-TO-PEER SOFTWARE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, irrelevant, harassing, and disproportionate to the needs of the case to the extent it seeks "[a]ll COMMUNICATIONS discussing BITTORRENT or PEER-TO-PEER SOFTWARE," for an over eight year period, without limiting the Request to information relating to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into every conversation regarding BITTORENT and PEER-TO-PEER SOFTWARE, across the entire company and throughout the entire world, regardless of individuals' involvement (or lack thereof) with any conduct alleged in the COMPLAINT. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this request to the extent it seeks information outside is possession, custody, or control. As written, the Request is not limited to Meta's COMMUNICATIONS and DOCUMENTS. Meta further objects to this Request as duplicative of a myriad of Plaintiffs' other Requests, including, for example, Request Nos. 10-11, 13, 16, 63, and 65.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

All COMMUNICATIONS involving META discussing, mentioning, or referencing downloading, uploading, or sharing the WORKS.

**RESPONSE TO REQUEST NO. 61:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the terms "META," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case

to the extent it purports to require Meta to produce "[a]ll COMMUNICATIONS involving META discussing, mentioning, or referencing downloading, uploading, or sharing the WORKS," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into every conversation regarding PLAINTIFFS' WORKS, regardless of individuals' involvement (or lack thereof) with any conduct alleged in the COMPLAINT. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case to the extent it seeks COMMUNICATIONS regarding WORKS that were licensed or otherwise authorized pursuant to a subscription or purchase or were traditional downloads rather than torrent downloads as alleged in the COMPLAINT, and regardless of whether Meta had any knowledge of or involvement in those downloads. Meta further objects to this Request to the extent it purports to require the production of Privileged Information. Meta further objects to this Request as duplicative of Request Nos. 31 and 52.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS and COMMUNICATIONS related to ARTIFICIAL INTELLIGENCE training data referencing the word "pornography".

**RESPONSE TO REQUEST NO. 62:**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "ARTIFICIAL INTELLIGENCE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS related to ARTIFICIAL INTELLIGENCE training data referencing the word 'pornography,'" for an over eight year period, without limiting the referenced "pornography" to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that the phrase

"ARTIFICIAL INTELLIGENCE training data" is intended to refer to training data associated with unidentified Meta AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad and unduly burdensome to the extent that the phrase "pornography" is intended to refer to non-video media which is not relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined term "training data."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS, FILES, and COMMUNICATIONS reflecting instructions, directions, or policies of META to include files obtained from BITTORRENT in the ML HUB.

**RESPONSE TO REQUEST NO. 63:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORENT," and "ML HUB," further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS, FILES, and COMMUNICATIONS reflecting instructions, directions, or policies of META to include files obtained from BITTORRENT in the ML HUB" rather than DOCUMENTS sufficient to show the same. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks, [a]ll DOCUMENTS, FILES, and COMMUNICATIONS reflecting instructions, directions, or policies of META to include files obtained from BITTORRENT in the ML HUB," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad and unduly burdensome to the extent it seeks instructions, directions, or policies relating to unidentified Meta AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION. Meta further objects to this Request to the extent it presumes that these instructions, directions, or policies exist.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS and FILES created during the RELEVANT PERIOD articulating a methodology or policy for establishing the fair use of material that was downloaded, uploaded, distributed, or otherwise infringed upon by META.

**RESPONSE TO REQUEST NO. 64:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "RELEVANT PERIOD," and "META," and further objects to this Request to the extent it presumes that Meta has a "methodology or policy for establishing the fair use of material that was downloaded, uploaded, distributed, or otherwise infringed upon by META"—or that Meta infringed works at all. Meta further objects to this Request to the extent it seeks Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS and FILES sufficient to identify any document retention policies related to network logs or BITTORRENT or PEER-TO-PEER SOFTWARE logs during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 65:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORENT," "PEER-TO-PEER SOFTWARE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because this Request seeks improper "discovery on discovery" rather than information or documents relevant to the claims and defenses at issue in this ACTION and because it is not limited to "network logs or BITTORRENT or PEER-TO-PEER SOFTWARE logs" (if any) that reflect

download or uploads of PLAINTIFFS' WORKS by Meta. Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify any policies, procedures, or directives supporting, encouraging, requiring, mandating, or otherwise leading to META's infringement of PLAINTIFFS's WORKS.

**RESPONSE TO REQUEST NO. 66:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "WORKS," and further objects to this Request to the extent it presumes that any META "policies, procedures, or directives" supported, encouraged, required, mandated, or lead to the infringement of PLAINTIFFS' WORKS—or that Meta infringed Plaintiffs' works at all. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it would require Meta to subjectively determine which policies (if any) support, encourage, require, mandate, or otherwise led to the alleged infringement. Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify any policies, procedures, or directives supporting, encouraging, requiring, mandating, or otherwise relating to META's employees, contractors, and agents use of residential IP addresses to bypass and otherwise avoid blockers from torrenting through corporate and data center associated IP addresses.

**RESPONSE TO REQUEST NO. 67:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "RESIDENTIAL IPS," and further objects to this

Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "any policies, procedures, or directives" as to any Meta employee, contractor, and agent" regardless of the employee, contractor, or agent's involvement (or lack thereof) in sourcing of ARTIFICIAL INTELLIGENCE training content for the Movie Gen AI Model. Meta further objects to this Request to the extent it presumes that Meta has policies "directives supporting, encouraging, requiring, mandating, or otherwise relating to . . . [the] use of residential IP addresses to bypass and otherwise avoid blockers from torrenting." Meta further objects to this Request as vague, ambiguous, and unintelligible insofar as its use of the phrase "through corporate and data center associated IP addresses."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify any policies and procedures aimed at preventing the distribution of illegal content on BITTORRENT or the distribution of adult content on BITTORRENT without required age verification.

**RESPONSE TO REQUEST NO. 68:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," and "BITTORENT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "any policies and procedures aimed at preventing the distribution of illegal content on BITTORRENT or the distribution of adult content on BITTORRENT without required age verification," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION, including their application to Meta's sourcing of ARTIFICIAL INTELLIGENCE training content for the Movie Gen AI Model. Meta further objects to this Request as unduly burdensome, irrelevant, overbroad, and disproportionate to the needs of the case insofar as "the distribution of adult content on BITTORENT without the required age verification" bears no relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined term "illegal content." Meta further objects

to this Request insofar as it purports to require Meta to reach a subjective legal conclusion as to whether content is "illegal" in violation of the work product doctrine.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 68:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, constituting Meta policies relating to use of BITTORRENT during the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS and FILES sufficient to identify the name and existence of any algorithm, script, source code, cron job, or COMMUNICATIONS regarding any method by which META searches for, downloads, uploads, distributes, or otherwise has infringed upon the WORKS.

**RESPONSE TO REQUEST NO. 69:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORENT," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, disproportionate and unintelligible. Meta is unable to determine the nature of the Request based on the current wording. Meta further objects to this request to the extent it presumes that Meta has searched for, downloaded, uploaded, distributed, or otherwise infringed any of PLAINTIFFS' WORKS, which Meta denies. Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined terms "source code," "algorithm," "script," and "cron job."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**<u>REQUEST FOR PRODUCTION NO. 70:</u>**

All DOCUMENTS and FILES sufficient to show the actual source code, algorithm, script or software tools used, created, modified, or executed by META during the RELEVANT PERIOD that were capable of identifying, locating, or indexing torrent files or BITTORRENT swarms.

**<u>RESPONSE TO REQUEST NO. 70:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "USED," "META," "BITTORENT," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it asks for "[a]ll DOCUMENTS and FILES sufficient show the actual source code, algorithm, script or software tools used, created, modified, or executed by META during the RELEVANT PERIOD that were capable of identifying, locating, or indexing torrent files or BITTORRENT swarms" for an over eight year period, regardless of whether they were ever actually used for that purpose as to any works, much less any of PLAINTIFFS' WORKS. Meta further objects to this Request to the extent that it presumes Meta "used, created, modified, or executed" and "source code, algorithm, script or software tools … capable of identifying, locating, or indexing torrent files or BITTORENT swarms." Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined terms "source code," "algorithm," "script," "software tools" and "BITTORENT swarms."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 71:</u>**

All DOCUMENTS and FILES sufficient to show the actual source code, algorithm, script or software tools (and all versions of them) USED, created, modified, or executed by META during the RELEVANT PERIOD that were capable of searching BITTORRENT or other PEER-TO-PEER SOFTWARE networks for digital media files or identifying files corresponding to any WORKS.

**<u>RESPONSE TO REQUEST NO. 71:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "USED," "META," "BITTORENT," and "PEER-TO-PEER SOFTWARE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it asks for "[a]ll DOCUMENTS and FILES sufficient show the actual source code, algorithm, script or software tools USED, created, modified, or executed by META during the RELEVANT PERIOD that were capable of searching BITTORRENT or other PEER-TO-PEER SOFTWARE networks for digital media files" for an over eight year period, regardless of whether they were every actually used for that purpose as to any works, much less any of PLAINTIFFS' WORKS. Meta further objects to this Request to the extent that it presumes that Meta "USED, created, modified, or executed" any "source code, algorithm, script or software tools … capable of searching BITTORENT or other PEER-TO-PEER SOFTWARE networks for digital media files or identifying files corresponding to any WORKS." Meta further objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks information about tools capable of searching "BITTORRENT or other PEER-TO-PEER SOFTWARE networks for digital media files" for digital media other than PLAINITFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined terms "source code," "algorithm," "script," and "software tools."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 72:</u>**

All DOCUMENTS and FILES reflecting search terms, keywords, file names, hash values, or identifiers used by META to search for files on BITTORRENT or PEER-TO-PEER SOFTWARE networks during the RELEVANT PERIOD.

**<u>RESPONSE TO REQUEST NO. 72:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORENT," and "PEER-TO-PEER SOFTWARE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing and disproportionate to the needs of the case to the extent it seeks information regarding "[a]ll DOCUMENTS and FILES reflecting search terms, keywords, file names, hash values, or identifiers used by META to search for files," without limiting the Request to searches (if any) of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks "[a]ll DOCUMENTS and FILES reflecting search terms, keywords, file names, hash values, or identifiers used by META" rather than documents sufficient to identify the same. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it uses the undefined terms "hash values" and "identifiers."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 73:</u>**

All DOCUMENTS reflecting any automated queries executed against torrent indexes, trackers, or peer-to-peer networks during the RELEVANT PERIOD.

**<u>RESPONSE TO REQUEST NO. 73:</u>**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the terms "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks information regarding "[a]ll DOCUMENTS reflecting any automated queries executed against torrent indexes, trackers, or peer-to-peer networks," without limiting the Request to queries (if any) relating to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into "any automated queries executed against torrent

indexes, trackers, or peer-to-peer networks" across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined terms "automated queries" and "torrent indexes," "trackers," or "peer-to-peer networks."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS and FILES sufficient to identify any META job descriptions, job advertisements, or contractor instructions that mention searching or using BITTORRENT or any PEER-TO-PEER SOFTWARE.

**RESPONSE TO REQUEST NO. 74:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORENT," and "PEER-TO-PEER SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks information regarding "any META job description job advertisements, or contractor instructions that mention searching or using BITTORRENT or any PEER-TO-PEER SOFTWARE," for an over eight year period, without limiting the Request to jobs and contractor positions related to the sourcing of training data for Meta's AI model Movie Gen, and regardless of their relevance to any claims or defenses in this ACTION.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS and FILES regarding META's ability to monitor employees, contractors, or agents use of BITTORRENT remotely, including META's ability to review online

work, activity, and history as well as META's ability to remote access Internet connections or computer devices.

**RESPONSE TO REQUEST NO. 75:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "USE," and "BITTORENT," and further objects to this Request to the extent it presumes that META has the ability to monitor employees, contractors, or agents' USE of BITTORENT. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES regarding META's ability to monitor employees, contractors, or agents use of BITTORRENT remotely," for an over eight year period, and regardless of their involvement (or lack thereof) with any conduct alleged in the COMPLAINT. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks "[a]ll DOCUMENTS and FILES regarding META's ability to monitor employees, contractors, or agents use of BITTORRENT remotely" rather than documents sufficient to show the same.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS and FILES regarding what software or services META gave, leased, or provided to remote employees, contractors, or agents so that META may avoid detection of BITTORRENT USE on its network during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 76:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORENT," "USE," and "RELEVANT PERIOD," and further objects to this Request to the extent it presumes that META provided "software or services" to employees, contractors, or agents "so that META may avoid detection of BITTORENT USE." Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it

seeks "[a]ll DOCUMENTS and FILES regarding" the software Meta provided to all remote employees, contractors, or agents, without limitation, regardless of the employees, contractors, or agents' involvement (or lack thereof) with any conduct alleged in the COMPLAINT, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES" regarding software or services rather than documents sufficient to show the same.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS and FILES concerning payments of (fully, partially, or stipends) of VPN and VPC equipment for remote employees, contractors, or agents during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 77:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES concerning payments . . . of VPN and VPC equipment for remote employees, contractors, or agents," over an eight year period, regardless of the remote employees, contractors, or agents' involvement (or lack thereof) with any conduct alleged in the COMPLAINT, and regardless of their relevance to any claims or defenses in this ACTION.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS and FILES concerning META's policies relating to payments of (fully, partially, or stipends) utilities, including energy, Internet, and cell phone for remote employees, contractors, or agents during the RELEVANT PERIOD.

**<u>RESPONSE TO REQUEST NO. 78:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES concerning" META's policies relating to payments of utilities of remote employees, contractors, or agents, for an over eight year period, without limitation, regardless of the remote employees, contractors, or agents' involvement (or lack thereof) with any conduct alleged in the COMPLAINT, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requests "[a]ll DOCUMENTS and FILES concerning Meta's policies" rather than documents sufficient to show the same.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 79:</u>**

All DOCUMENTS and FILES, including databases, spreadsheets, or data files, generated by scripts or software used to identify or catalog torrent files during the RELEVANT PERIOD.

**<u>RESPONSE TO REQUEST NO. 79:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES . . . generated by scripts or software used to identify or catalog torrent files," for an over eight year period, without limiting the Request to torrent files (if any) relating to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into all DOCUMENTS used to identify or catalog torrent files across the entire company and throughout the entire world and determine whether they were generated by scripts or software, regardless of any relevance or proportionality to the claims

and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined terms "scripts," and "torrent files." Meta further objects to this Request to the extent it presumes that Meta used scripts or software "to identify or catalog torrent files."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS, COMMUNICATIONS and FILES relating to automated downloading or seeding of torrent files during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 80:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS, COMMUNICATIONS and FILES relating to automated downloading or seeding of torrent files," for an over eight year period, regardless of whether the alleged downloading or seeding involve PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined terms "automated downloading," "seeding," and "torrent files." Meta further objects to this Request to the extent it seeks Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS, COMMUNICATIONS and FILES that mention, discuss, identify, or reference the development, modification, or operation of scripts or software used to locate or download files from BITTORRENT or peer-to-peer networks.

**RESPONSE TO REQUEST NO. 81:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," and "BITTORENT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS, COMMUNICATIONS and FILES" regarding the "development, modification, or operation of scripts or software used to locate or download files from BITTORENT," for an over eight year period, without limiting the Request to information (if any) relating to the downloading and uploading of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation for any DOCUMENT, COMMUNICATION, or FILE that references the development, modification, or operation of scripts or software used to download files from BITTORENT across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request to the extent it presumes that Meta used "scripts or software" to locate or download "files from BITTORENT." Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined terms "scripts" and "peer-to-peer networks."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 82:**

Forensic images or complete copies of any server, workstation, or virtual machine used by META, including by its employees, contractors, or agents, to download, upload, distribute, or otherwise infringe upon any WORKS.

**RESPONSE TO REQUEST NO. 82:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "META," and "WORKS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs

of the case, including because the Request seeks production of "[f]orensic images or complete copies of any server, workstation, or virtual machine used by META" to allegedly infringe upon any of PLAINTIFFS' WORKS and requires extensive collection disproportionate to claims and defenses at issue in this ACTION. Meta further objects to this Request to the extent it presumes that Meta, through its employees, contractors, or agents, downloaded, uploaded, distributed, or otherwise infringed upon PLAINTIFFS' WORKS, which Meta denies. Meta further objects to this Request to the extent it seeks competitively sensitive confidential and trade secret information that is not relevant to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it seeks Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS and FILES sufficient to show downloading, uploading, or distribution of any TORRENT FILES on the INTERNAL RANGES during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 83:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "INTERNAL RANGES," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent that it seeks information about the torrenting of files other than PLAINTIFFS' WORKS, which bear no relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it presumes that Meta owns or CONTROLs the INTERNAL RANGES. Meta further objects to this Request because it seeks information outside of the possession, custody, or control of Meta. Meta objects to this Request as vague and ambiguous insofar as it uses the capitalized term "TORRENT" without defining that term.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**<u>Request For Production No. 84:</u>**

All DOCUMENTS and FILES sufficient to show ownership, control, possession, or use of the HAWAII RANGE by META during the RELEVANT PERIOD.

**<u>Response To Request No. 84:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "HAWAII RANGE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, and nonsensical to the extent it presumes that Meta owns, CONTROLS, possesses, or USES the HAWAII RANGE.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**<u>Supplemental Response To Request No. 84:</u>**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS and FILES, if any, sufficient to identify the ownership of the HAWAII RANGE and any alleged use of the HAWAII RANGE by Meta or at its direction to torrent Plaintiffs' WORKS during the RELEVANT PERIOD. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**<u>Request For Production No. 85:</u>**

All DOCUMENTS, COMMUNICATIONS and FILES that reference or identify 2138 Randall Drive.

**<u>Response To Request No. 85:</u>**

Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "FILES," and further objects to this Request as vague, ambiguous, and nonsensical to the extent it presumes that Meta has any association with or information about "2138 Randall Drive." Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent that it would require Meta to search "[a]ll DOCUMENTS, COMMUNICATIONS and FILES," for an

over eight year period, regardless of whether the references to 2138 Randall Drive have any relevance to the claims and defenses at issue in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks "[a]ll DOCUMENTS, COMMUNICATIONS and FILES that reference or identify 2138 Randall Drive" rather than DOCUMENTS sufficient to show its purported connection with META, if any, as alleged in the COMPLAINT.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 85:**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS and FILES, if any, sufficient to identify the ownership of the HAWAII RANGE and any alleged use of the HAWAII RANGE by Meta or at its direction to torrent Plaintiffs' WORKS during the RELEVANT PERIOD. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS, COMMUNICATIONS and FILES sufficient to show ownership, CONTROL, possession, or USE of RESIDENTIAL IPS by META during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 86:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "CONTROL," "USE," "RESIDENTIAL IPS," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, and nonsensical to the extent it presumes that Meta owned, CONTROLLED, or USED RESIDENTIAL IP addresses at all, let alone for the conduct alleged in the COMPLAINT. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it extends to every Meta employee, contractor or agent's USE

of their home IP address for any reason, regardless of whether it allegedly was used to download PLAINTIFFS' WORKS and regardless of the individuals' involvement (or lack thereof) with the sourcing of training data for Meta's Movie Gen AI Model. Meta further objects to this Request to the extent it purports to require the production of sensitive personally identifying or confidential information that is irrelevant to any claim or defense in the ACTION.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS and FILES sufficient to show downloading, uploading, or distribution of any WORKS on RESIDENTIAL IPS during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 87:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "WORKS," "RESIDENTIAL IPS," and "RELEVANT PERIOD," and further objects to this Request to the extent it presumes that Meta owns or CONTROLS the RESIDENTIAL IPS and that PLAINITFFS' WORKS were downloaded, uploaded, and distributed using those RESIDENTIAL IPS. Meta further objects to this Request because it seeks information outside of its possession, custody, or control. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent that it purports to require Meta to search for WORKS downloaded, uploaded, or distributed using RESIDENTIAL IP addresses irrespective of whether that activity was conducted with Meta's knowledge or at its direction and irrespective of whether such material was ever transmitted to or used by Meta for any purpose.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS and FILES reflecting META's tracking or monitoring of BITTORRENT activity on its corporate networks, including any alerts, blocks, or reports generated by security tools.

**<u>RESPONSE TO REQUEST NO. 88:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "BITTORENT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because it seeks "[a]ll DOCUMENTS and FILES" reflecting any tracking or monitoring of BITTORENT, "including any alerts, blocks, or reports generated by security tools," for an over eight year period, without limiting the Request tracking and monitoring relating to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into the tracking and monitoring of BITTORENT activity across its entire corporate network, across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks "[a]ll DOCUMENTS and FILES reflecting META's tracking or monitoring of BITTORRENT" rather than DOCUMENTS sufficient to show the same.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 88:</u>**

Subject to and without waiving the foregoing objections, Meta further responds as follows:

Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, constituting alerts, blocks, or reports generated by security tools referencing use of BITTORRENT to torrent Plaintiffs' WORKS. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS reflecting internal financial or accounting documents showing costs saved or profits attributable (directly or indirectly) to the use of BITTORRENT-sourced data in ARTIFICIAL INTELLIGENCE model development.

**RESPONSE TO REQUEST NO. 89:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "BITTORENT" and "ARTIFICIAL INTELLIGENCE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because it seeks documents showing "costs saved or profits attributable" to Meta's use of "BITTORENT-sourced data" generally, and is not limited to the alleged use of PLAINIFFS' WORKS at issue in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks "[a]ll DOCUMENTS … showing costs saved or profits attributable" rather than DOCUMENTS sufficient to show the same. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that the phrase "ARTIFICIAL INTELLIGENCE model development" is intended to refer to unidentified Meta AI models other than Movie Gen, which are not relevant to the claims or defenses in this ACTION. Meta further objects to this Request to the extent it presumes that Meta used "BITTORENT-sourced data in ARTIFICIAL INTELLIGENCE model development."

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS sufficient to identify the physical and virtual locations of any ESI responsive to these requests.

**RESPONSE TO REQUEST NO. 90:**

Meta incorporates by reference its foregoing objections, and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case. This Request seeks improper "discovery on discovery," rather than

information or documents relevant to the claims and defenses at issue in this ACTION. Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 91:**

All written retainers, fee agreements, and engagement letters authorizing each of the defense attorneys and/or law firms in this ACTION to represent YOU in this ACTION. This includes all written retainers, fee agreements, and engagement letters evidencing that an agent, litigation financing firm or institution, or any other third-party individual or entity, retained YOUR attorneys in this ACTION to represent YOU.

**RESPONSE TO REQUEST NO. 91:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "ACTION" and "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case. Meta's "written retainers, fee agreements, and engagement letters" with the "defense attorneys and/or law firms" representing it in the ACTION are irrelevant to the claims and defenses at issue in this ACTION. Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS and COMMUNICATIONS that contain the contents listed in Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi) related to YOUR retained experts for work in this ACTION.

**RESPONSE TO REQUEST NO. 92:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOUR" and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs

of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS" that contain the information listed in Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi), while the text of the Rule makes clear that the information listed therein must merely be contained in a given expert's report. Meta further objects to this Request to the extent it calls for documents or information that is not in Meta's possession, custody, or control. Meta further objects to this Request to the extent it calls for the production of Privileged Information. Meta further objects to this Request as premature; the Governing Rules make clear that experts need be disclosed "at the times and in the sequence that the court orders," or "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D).

Based on and subject to the foregoing objections, Meta responds that it will disclose experts on which it intends to rely, if any, in accordance with the Governing Rules.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS and COMMUNICATIONS that contain the contents listed in Fed. R. Civ. P. 26(b)(4)(C) related to YOUR retained experts for work in this ACTION.

**RESPONSE TO REQUEST NO. 93:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOUR" and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS" that contain the information listed in Fed. R. Civ. P. 26(b)(4)(C), rather than the "facts or data actually provided" or the "assumptions that the party's attorney provided" themselves. Meta further objects to this Request to the extent it calls for documents or information that is not in Meta's possession, custody, or control. Meta further objects to this Request to the extent it calls for the production of Privileged Information. Meta further objects to this Request as premature; the Governing Rules make clear that experts need be disclosed "at the times and in the sequence that the court orders," or "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D).

Based on and subject to the foregoing objections, Meta responds that it will disclose experts on which it intends to rely, if any, in accordance with the Governing Rules and pursuant to the Court-ordered case schedule for this ACTION. Except as expressly stated herein, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 94:**

All agreements between YOU and any expert YOU (or YOUR attorneys on YOUR behalf) retained in this ACTION.

**RESPONSE TO REQUEST NO. 94:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," "YOUR," and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case. This Request purports to require Meta to produce "[a]ll agreements between [Meta] and any expert [Meta] … retained in this ACTION," regardless of whether said agreement relates to the ACTION at all, let alone Meta's retention of any given expert in this ACTION. Meta further objects to this Request as vague and ambiguous through its use of the undefined term "agreements." Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Based on and subject to the foregoing objections, Meta responds that it will disclose experts on which it intends to rely, if any, in accordance with the Governing Rules. Except as expressly stated herein, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 95:**

All expert reports YOU intend to rely upon at trial in this ACTION.

**RESPONSE TO REQUEST NO. 95:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU" and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and harassing. Meta further objects to this Request as premature; the Governing Rules make clear that experts need be disclosed "at the times and in the

sequence that the court orders," or "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D).

Based on and subject to the foregoing objections, Meta responds that it will disclose experts on which it intends to rely, if any, in accordance with the Governing Rules and pursuant to the Court-ordered case schedule for this ACTION. Except as expressly stated herein, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 96:**

All expert reports whether or not intended for use at trial in this ACTION.

**RESPONSE TO REQUEST NO. 96:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOUR" and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, nonsensical, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll expert reports," full stop, irrespective of whether they were procured by Meta or prepared on Meta's behalf or relate to this case in any way. Meta further objects to this Request to the extent it calls for the production of expert reports that are not in Meta's possession, custody, or control. Meta further objects to this Request to the extent it purports to impose obligations in excess of those required by the Governing Rules, including Fed. R. Civ. P. 26(a)(2) (A-B). Meta further objects to this Request as premature; the Governing Rules make clear that experts need to be disclosed "at the times and in the sequence that the court orders," or "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D).

Based on and subject to the foregoing objections, Meta responds that it will disclose experts on which it intends to rely, if any, in accordance with the Governing Rules and pursuant to the Court-ordered case schedule for this ACTION. Except as expressly stated herein, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS and COMMUNICATIONS YOU intend on using at any trial or at hearings in this matter.

**<u>RESPONSE TO REQUEST NO. 97:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, and premature. Meta further objects to this Request to the extent it purports to require Meta to produce documents and information that are not in its possession, custody, or control, including documents and information in the possession, custody, or control of Plaintiffs, third parties, and documents and information that are publicly available.

Based on and subject to the foregoing objections, Meta will produce non-privileged responsive documents in its possession, custody, or control on which it intends to rely at any hearings or trial in this matter to the extent not otherwise produced by Plaintiffs or third parties in this ACTION.

**<u>REQUEST FOR PRODUCTION NO. 98:</u>**

All DOCUMENTS and COMMUNICATIONS (excluding those COMMUNICATIONS between YOU and YOUR attorneys) REFERRING TO, RELATING TO, OR CONCERNING the subject matter of this ACTION, including (but not limited to) the claims asserted by each party, the factual support for such claims and/or the defenses thereto, or the anticipated outcome of such litigation.

**<u>RESPONSE TO REQUEST NO. 98:</u>**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," "YOUR," "REFERRING TO," "RELATING TO," "CONCERNING, and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS … REFERRING TO, RELATING TO, OR CONCERNING the subject matter of this ACTION," without defining that "subject matter" and regardless of their relevance to any of the actual claims or defenses in this ACTION. Meta further objects to this Request to the extent it seeks to require Meta to subjectively determine whether any given DOCUMENT or COMMUNICATION constitutes "factual support for [the] claims and/or the defenses" to the ACTION or concerns the "anticipated outcomes of such

litigation" in violation of the work product doctrine. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, harassing, and disproportionate to the needs of the case insofar as META's DOCUMENTS and COMMUNICATIONS CONCERNING "the anticipated outcome of such litigation" have no bearing on the claims or defenses in this ACTION. Meta further objects to this Request as duplicative of a myriad of Plaintiffs' other Requests, including, for example, Requests No. 30–32. Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS and things identified or requested to be identified in response to Plaintiff's interrogatories or relied upon by YOU to formulate responses to Plaintiff's interrogatories.

**RESPONSE TO REQUEST NO. 99:**

Meta incorporates by reference its foregoing objections, and further objects to this Request as overbroad, unduly burdensome, irrelevant, disproportionate to the needs of the case, and harassing to the extent it seeks information Meta "relied upon . . . to formulate responses to PLAINTIFFS' interrogatories." This Request explicitly seeks information protected from disclosure by the attorney-client privilege and work product doctrine, which information Meta is not required to and will not disclose. This Request seeks improper "discovery on discovery," rather than information or documents relevant to the claims and defenses at issue in this ACTION. Meta further objects to this Request as vague, ambiguous, and unintelligible to the extent it seeks "[a]ll DOCUMENTS and things identified or requested to be identified in response to Plaintiff's interrogatories." Meta further objects to this Request to the extent it purports to require Meta to produce documents and information that are not in its possession, custody, or control, including documents and information in the possession, custody, or control of Plaintiffs, third parties, and documents and information that are publicly available. Meta further objects to this Request on the ground that it purports to impose upon Meta obligations exceeding those imposed under the

Governing Rules. To the extent that Meta invokes its right to identify business records pursuant to Fed. R. Civ. P. 33(d), it will comply with that Rule in doing so. Meta further objects to this Request on the ground that it is duplicative of many other Requests, including but not limited to PLAINTIFFS' Request Nos. 5, 52, 55-56, 61, and 66.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS not otherwise produced that REFER TO, RELATE TO, OR CONCERN to any matters at issue in this ACTION.

**RESPONSE TO REQUEST NO. 100:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms “REFER TO,” “RELATE TO,” “CONCERN,” and “ACTION, and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case. This Request purports to require Meta to subjectively determine whether every DOCUMENT it has not otherwise produced in response to Plaintiffs’ other Requests (which, at the time of writing, numbered 102) relates to “any matters at issue in this ACTION,” and indeed what unidentified “matters” are “at issue in this ACTION,” in violation of the work product doctrine. Meta further objects to this Request to the extent it purports to require Meta to produce documents and information that are not in its possession, custody, or control, including documents and information in the possession, custody, or control of Plaintiffs, third parties, and documents and information that are publicly available. Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS and COMMUNICATIONS that REFER TO, RELATE TO, OR CONCERN communications made with third parties, including, but not limited to, individuals at

third-party law firms, media organizations, EFF and other nonprofit or business organizations, and universities, regarding this ACTION or other matters involving PLAINTIFFS.

**RESPONSE TO REQUEST NO. 101:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "REFER TO," "RELATE TO," "CONCERN," and "ACTION, and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, nonsensical, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS," without limitation, that relate to "communications [sic] made with third parties … regarding this ACTION or other matters involving PLAINTIFFS," regardless of whether such DOCUMENTS and COMMUNICATIONS include Meta or relate to any claim or defense at issue in the ACTION. Meta further objects to this Request to the extent it purports to require Meta to produce documents and information that are not in its possession, custody, or control, including documents and information in the possession, custody, or control of Plaintiffs, third parties, and documents and information that are publicly available. Meta further objects to this Request to the extent it purports to require the production of Privileged Information.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS and FILES sufficient to identify steps or processes undertaken by META to ensure that any AI it has developed or created will not be influenced or trained by any WORKS.

**RESPONSE TO REQUEST NO. 102:**

Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "WORKS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent that the phrase "any AI it has developed or created" is intended to refer to unidentified Meta AI models other than Movie Gen, which is the only model relevant to

the claims or defenses in this ACTION. Meta further objects to this Request as vague, ambiguous, and nonsensical to the extent it presumes that the unidentified Meta AI models could have been influenced or trained by PLAINTIFFS' WORKS. Meta further objects to this Request on the ground that the undefined terms "influenced" and "trained by any WORKS" are vague, ambiguous, and unintelligible.

Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.

Dated: October 30, 2026

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Angela L. Dunning*
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.