# JOINT CHART ON DISCOVERY DISPUTES

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 1**: All DOCUMENTS and FILES sufficient to show META's data retention policies as they relate to data used in the development of its AI as well as data related to the ACTION. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case. This Request seeks improper "discovery on discovery," rather than information or documents relevant to the claims and defenses at issue in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad and unduly burdensome to the extent that the phrase "its AI" is intended to refer to unidentified Meta AI models | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Meta stands on its objections, including its "discovery on discovery" objection. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | other than Movie Gen,[1] which is the only model relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents relating to "data used in the development" of unidentified Meta AI models other than Movie Gen, or datasets that do not include Plaintiffs' WORKS (as defined above), on the ground that such data and datasets are not relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous to the extent it seeks information about undefined "data related | | | |

[1] In light of the Motion to Dismiss Order (Dkt. No. 61), Meta withdrew its general objection that MovieGen was the only Meta model at issue in this action and is not limiting its search or production in response to any request based on that objection.

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | to the ACTION." Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 2**: All DOCUMENTS and FILES sufficient to show META preserved relevant data related to the ACTION. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case. This Request seeks improper "discovery on discovery," rather than information or documents relevant to the claims and | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with | The parties have not met and conferred on this request. Meta stands on its objections, including its "discovery on discovery" objection. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | defenses at issue in this ACTION. Meta further objects to this Request as vague and ambiguous in its use of the undefined terms "relevant data" and "relevant data related to the ACTION." Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | fourteen days upon entry of an order from the Court. | | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 8**: All contracts, service agreements, and account records between META and any ISP or CLOUD NETWORK during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks "[a]ll contracts, service agreements, and account records" across the entire company and throughout the entire world for any internet service or cloud services provider, which documents are not relevant to any claim or defense at issue in this ACTION. Based on and subject to the foregoing objections, Meta will not search for or produce | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request. However, as stated in response to RFP Nos. 40–42, Meta is conducting a reasonable search for and will produce responsive, non-privileged DOCUMENTS and COMMUNICATIONS between Meta and FREEDOMTECH, PROTONVPN, and KAPE during the RELEVANT PERIOD, if any, sufficient to show any use of FREEDOMTECH, PROTONVPN, or KAPE IP ADDRESSES by Meta or at its direction to torrent Plaintiffs' WORKS. Meta would also be willing to consider conducting a reasonable | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | documents in response to this Request. | | search for communications between Meta and other specific ISPs and CLOUD NETWORKS once Plaintiffs have identified the ISPs and CLOUD NETWORKS they contend are at-issue and explained the basis for that contention. | |
| **RFP No. 16**: All DOCUMENTS and FILES reflecting the installation, removal, or deletion of BITTORRENT or PEER-TO-PEER SOFTWARE from any COMPUTER DEVICE USED, leased, owned or CONTROLLED by META during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORRENT," "PEER-TO-PEER SOFTWARE," "COMPUTER DEVICE," "USED," "CONTROLLED," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and- | The parties have not met and conferred on this request. However, as stated in response to RFP No. 10, Meta has already agreed to "conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify whether BITTORRENT was installed by Meta or at its direction to | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | disproportionate to the needs of the case to the extent the Request calls for "[a]ll DOCUMENTS and FILES reflecting the installation, removal, or deletion of BITTORRENT or PEER-TO-PEER SOFTWARE from any COMPUTER DEVICE USED, leased, owned or CONTROLLED by META," regardless of whether the COMPUTER DEVICE was used to download or upload any of PLAINTIFFS' WORKS. As written, this Request would appear to require Meta to conduct an investigation into the software downloaded and deleted by every employee, contractor, or agent of Meta to be issued a Meta-owned device across the entire company and | confers, the parties must confer with fourteen days upon entry of an order from the Court. | torrent any of Plaintiffs' WORKS during the RELEVANT PERIOD, to the extent Meta identifies any such torrents." Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in *Kadrey* v. Meta Platforms, Inc., 3:23-cv-03417 (N.D. Cal. 2023) ("Kadrey")[2] related to torrenting. Meta is also willing to consider conducting a reasonable search for documents, if any, reflecting the removal or deletion of BITTORRENT software from any | |

[2] Meta directs the Court to both Plaintiffs' Amended Complaint (Dkt. 70) and Meta's Motion for a Protective Order (Dkt. 72), which outline Plaintiffs' contentions that the *Kadrey* litigation is relevant to their claims.

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case insofar as the "installation, removal, or deletion of" BITTORRENT software on any COMPUTER DEVICE has no bearing on any claims or defenses in this ACTION. Meta further objects to this Request as duplicative of Request No. 10. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | computers that appear to have been used to torrent Plaintiffs' WORKS. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 17**: All DOCUMENTS and FILES depicting META's internal policies regarding use by USER ANONYMITY SOFTWARE services by META's employees or contractors. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "USER ANONYMITY SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks internal policies regarding the use of USER ANONYMITY SOFTWARE regardless of the policies' relevance or application to the sourcing of training content for the Movie Gen AI Model, and because the Request seeks "[a]ll DOCUMENTS and FILES sufficient to identify" META's internal policies, rather than DOCUMENTS sufficient to show the same. Meta further | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request. However, as stated in response to RFP No. 68, Meta has already agreed to "conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, constituting Meta policies relating to use of BITTORRENT during the RELEVANT PERIOD," which would include policies related to the use of user anonymity software for purposes of torrenting. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | objects to this Request on the ground that the phrase "use by USER ANONYMITY SOFTWARE services" is vague, ambiguous, and nonsensical. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer. | | | |
| **RFP No. 18**: All DOCUMENTS and COMMUNICATIONS discussing, mentioning, or referencing USER ANONYMITY SOFTWARE use for downloading any media. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the term "USER ANONYMITY SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' | The parties have not met and conferred on this request. However, as stated in response to RFP No. 68, Meta has already agreed to "conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, constituting Meta policies relating to use | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | seeks "[a]ll DOCUMENTS and COMMUNICATIONS discussing ... USER ANONYMITY SOFTWARE," regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case to the extent it seeks information about media downloaded other than PLAINTIFFS' WORKS, which have no bearing on any claims and defenses at issue in this ACTION. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer. | deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | of BITTORRENT during the RELEVANT PERIOD," which would include policies related to the use of user anonymity software for purposes of torrenting. | |
| **RFP No. 19**: All DOCUMENTS and COMMUNICATIONS | Meta incorporates by reference its foregoing objections, including its | Meta must search for responsive material. Meta must | The parties have not met and conferred on this request. However, | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| related to the USE of "fairspark." | objection to and definition of the term "USE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS related to the USE of 'fairspark,' for an over eight year period, without limiting the Request to uses (if any) relating to the downloading, uploading or storage of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined term "fairspark." Based on and subject to the foregoing objections, Meta will not search for or produce | begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | as stated in response to RFP No. 22, Meta has already agreed to "conduct a proportional, reasonable search for and produce non-privileged, responsive DOCUMENTS, if any, sufficient to show the IP addresses used by Meta employees for torrenting related to the conduct alleged in the Complaint, including those associated with PySpark or the servers constituting Meta's 'FairSpark' cluster of virtual servers." Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | documents in response to this Request. | | related to torrenting, including documents and information relating to the use of the FairSpark cluster. | |
| **RFP No. 27**: All logs, audit trails, access records, upload/download histories, job records, or ingestion pipelines in the ML HUB reflecting the processing, storage, transformation, or use of any sexually explicit video files, pornography, BitTorrent-derived data, or torrented material for any AI Model. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "ML HUB" and "BITTORRENT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll logs, audit trails, access records, upload/download histories, job records, or ingestion pipelines" for an over eight year period, without limiting the Request to logs, audit trails, access records, upload/download histories, job records, or ingestion | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request. However, in response to RFP Nos. 24–26, Meta responded that ML HUB is a "Meta internal website that contains links to a collection of tools that are used for machine learning development; it is not a database or data repository, and it does not 'store' documents and communications that can be searched." Further, in response to RFP Nos. 24–26, Meta has agreed to "search for and produce responsive, non- | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | pipelines (if any) related to PLAINTIFFS' WORKS, without defining any means of identifying whether content reflects "sexually explicit adult content" or "pornography," and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it seeks this information for "any sexually explicit video files, pornography, BitTorrent-derived data, or torrented material," regardless of whether the files or data include allegedly BITTORRENT-sourced copies PLAINTIFFS' WORKS. Meta further objects to this Request as vague, ambiguous, overbroad and unduly burdensome to the | | privileged DOCUMENTS, if any, found within AI DATA CATALOG ('AIDC') that constitute, reference, or include Plaintiffs' WORKS, by searching using existing, internal search capabilities and parameters available within AIDC," and welcomed Plaintiffs to meet and confer as to the scope of that search. AIDC is used for cataloging information about datasets for potential use in AI training. The ML HUB links to AIDC. In addition, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | extent that the phrase "any AI Model" is intended to refer to unidentified Meta AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "audit trails," and "ingestion pipelines." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | *Kadrey* litigation pertaining to the torrenting of adult video and images. | |
| **RFP No. 29**: All version histories, change logs, revision records, or deletion records in the ML HUB or AI DATA CATALOG for any dataset containing sexually explicit adult content, pornography or | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "AI DATA CATALOG," "ML HUB" and "RELEVANT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks | The parties have not met and conferred on this request. However, in response to RFP Nos. 24–26, Meta responded that ML HUB is a "Meta internal website that contains links to a collection of tools that are used for machine | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| torrented material that was modified, supplemented, removed, or archived during the RELEVANT PERIOD. | harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll version histories, change logs, revision records, or deletion records," without defining any means of identifying whether a dataset contains content that constitutes "sexually explicit adult content" or "pornography," without limiting the Request to datasets (if any) that contain allegedly BITTORRENT-sourced copies of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "version histories," "change logs," "revision records," and "deletion records." Based on and subject to the foregoing objections, Meta will not | compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | learning development; it is not a database or data repository, and it does not 'store' documents and communications that can be searched." Further, in response to RFP Nos. 24–26, Meta has agreed to "search for and produce responsive, non-privileged DOCUMENTS, if any, found within AI DATA CATALOG ('AIDC') that constitute, reference, or include Plaintiffs' WORKS, by searching using existing, internal search capabilities and parameters available within AIDC," and welcomed Plaintiffs to meet and confer as to the scope of that search. AIDC is used for | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | search for or produce documents in response to this Request. | | cataloging information about datasets for potential use in AI training. The ML HUB links to AIDC. In addition, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation pertaining to the torrenting of adult video and images. | |
| **RFP No. 33**: All DOCUMENTS and COMMUNICATIONS between YOU and any DATA CENTER OR VPN COMPANY related to the ACTION. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU" and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not | As discussed in the parties' meet and confer, Meta is unsure what DATA CENTERS or VPN COMPANIES this Request is referring to. However, as stated in response to RFP Nos. 40–42, Meta has already agreed to conduct a reasonable | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS … related to the ACTION," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent the Request purports to require META to subjectively determine whether any COMMUNICATION or DOCUMENT was exchanged with an entity that Plaintiffs would characterize as a "DATA CENTER OR VPN COMPANY" for an over eight year period. Meta further objects to this Request as vague and ambiguous insofar as it uses the | covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | search for and produce responsive, non-privileged DOCUMENTS and COMMUNICATIONS between Meta and FREEDOMTECH, PROTONVPN, and KAPE during the RELEVANT PERIOD, if any, sufficient to show any use of FREEDOMTECH, PROTONVPN, or KAPE IP ADDRESSES by Meta or at its direction to torrent Plaintiffs' WORKS. Meta would be willing to consider conducting a reasonable search for communications between Meta and other specific DATA CENTERS and VPN COMPANIES once Plaintiffs have identified the DATA | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | capitalized term "DATA CENTER" without defining that term. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer. | | CENTERS and VPN COMPANIES they contend are at-issue and explained the basis for that contention. In addition, in response to RFP Nos. 30, 31 and 52, Meta has already agreed to conduct a reasonable search for and produce non-privileged communications between Meta and any third party that refer to, relate to, or concern any of the Works or that reference Plaintiffs by name, which by definition would capture any documents relating to the Action. | |
| **RFP No. 34**: All DOCUMENTS and COMMUNICATIONS between YOU and any DATA CENTER OR | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further | Meta must search for responsive material. Meta must begin production within thirty days | As discussed in the parties' meet and confer, Meta is unsure what DATA CENTERS or VPN COMPANIES | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| VPN COMPANY related to the PLAINTIFFS. | objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS … related to the PLAINTIFFS," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent the Request purports to require META to subjectively determine whether any COMMUNICATION or DOCUMENT was exchanged with an entity that Plaintiffs would characterize as a | upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | this Request is referring to. However, as stated in response to RFP Nos. 40–42, Meta has already agreed to conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS and COMMUNICATIONS between Meta and FREEDOMTECH, PROTONVPN, and KAPE during the RELEVANT PERIOD, if any, sufficient to show any use of FREEDOMTECH, PROTONVPN, or KAPE IP ADDRESSES by Meta or at its direction to torrent Plaintiffs' WORKS. Meta would be willing to consider searching for communications between Meta and other | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | "DATA CENTER OR VPN COMPANY" for an over eight year period. Meta objects to this Request as vague and ambiguous insofar as it uses the capitalized term "DATA CENTER" without defining that term. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer. | | specific DATA CENTERS and VPN COMPANIES once Plaintiffs have identified the DATA CENTERS and VPN COMPANIES they contend are at-issue and explained the basis for that contention. Further, in response to RFP Nos. 30 and 32, Meta has already agreed to "conduct a reasonable search for and produce responsive, non-privileged COMMUNICATIONS during the RELEVANT PERIOD, if any, referencing Plaintiffs or their alleged internet domains by name," which by definition would capture any documents relating to the Action. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 39**: All DOCUMENTS and COMMUNICATIONS between YOU and COGENT. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between [Meta] and COGENT," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Indeed, Meta's communications with ISPs have no bearing on the conduct alleged in the COMPLAINT or on any claim or defense in this ACTION. Based on and subject to the foregoing objections, Meta will not | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request. However, as stated in response to RFP Nos. 40–42, Meta has already agreed to conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS and COMMUNICATIONS between Meta and FREEDOMTECH, PROTONVPN, and KAPE during the RELEVANT PERIOD, if any, sufficient to show any use of FREEDOMTECH, PROTONVPN, or KAPE IP ADDRESSES by Meta or at its direction to torrent Plaintiffs' WORKS. Meta would be willing to consider searching for communications | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | search for or produce documents in response to this Request. | | between Meta and COGENT relating to Plaintiffs or this ACTION, provided Plaintiffs first explain the purported relevance of such communications to the claims or defenses at issue and which at-issue IP addresses they contend are owned by COGENT. | |
| **RFP No. 43**: All DOCUMENTS and COMMUNICATIONS between YOU and XTOM. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or | The parties have not met and conferred on this request. However, as stated in response to RFP Nos. 40–42, Meta has already agreed to conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS and COMMUNICATIONS between Meta and FREEDOMTECH, | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | between [Meta] and XTOM," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | PROTONVPN, and KAPE during the RELEVANT PERIOD, if any, sufficient to show any use of FREEDOMTECH, PROTONVPN, or KAPE IP ADDRESSES by Meta or at its direction to torrent Plaintiffs' WORKS. Meta would be willing to consider searching for communications between Meta and XTOM relating to Plaintiffs or this ACTION, provided Plaintiffs first explain the purported relevance of such communications to the claims or defenses at issue and which at-issue IP addresses they contend are owned by XTOM. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 44**: All DOCUMENTS and FILES of DMCA notices and copyright infringement notices YOU received associated with the IP ADDRESSES on EXHIBIT A during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," "EXHIBIT A," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and FILES of DMCA notices and copyright infringement notices . . . associated with the IP ADDRESSES on EXHIBIT A" for an over eight-year period, without limiting the Request to notices (if any) relating to torrenting PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | As Meta explained during the meet and confer, it is unclear what this request seeks. DMCA takedown requests pertain to the posting of infringing content online and are not tied to specific IP addresses. Meta would be willing to amend its response to confirm that no documents responsive to this request as written exist. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | Meta further objects to this Request as overbroad, unduly burdensome, vague, and ambiguous to the extent it fails to define any means of identifying whether a notice is "associated" with an IP Address. Meta further objects to this Request as vague and ambiguous insofar as it uses the capitalized term "IP ADDRESSES" without defining that term. Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer. | | | |
| **RFP No. 45**: All DOCUMENTS, COMMUNICATIONS and FILES from any | Meta incorporates by reference its foregoing objections, including its objections to and definitions | Meta must search for responsive material. Meta must begin production | The parties have not met and conferred on this request. However, in response to RFP No. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| PERSON, organization, or company relating to illegal activity associated with the IP ADDRESSES on EXHIBIT A during the RELEVANT PERIOD. | of the terms "FILES," "EXHIBIT A," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS, COMMUNICATIONS and FILES … relating to illegal activity associated with the IP ADDRESSES on EXHIBIT A" without any limitation, and regardless of whether the alleged illegal activity is related to PLAINTIFFS' WORKS. Meta further objects to this Request to the extent it purports to require Meta to reach a subjective legal conclusion as to whether any given activity associated with the IP addresses on | within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to conduct a reasonable search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | EXHIBIT A constitutes "illegal activity" in violation of the work product doctrine. Meta further objects to this Request to the extent it purports to require Meta to produce documents or information that are not in its possession, custody, or control. Meta objects to this Request as vague and ambiguous insofar as it uses the capitalized term "IP ADDRESSES" without defining that term. Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 47**: All DOCUMENTS and FILES sufficient to | Meta incorporates by reference its foregoing objections, including its | Meta must search for responsive material. Meta must | In response to RFP No. 49, Meta has already agreed to conduct a | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| identify any of the activity described or referenced in EXHIBITS A, B, C, D, E, F, G, H, and I to the COMPLAINT. | objections to and definitions of the terms "FILES" and "EXHIBITS A–I," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the need. As written, the Request fails to identify the information sought with reasonable particularity and would require Meta to undertake an open-ended investigation and analysis on behalf of the PLAINTIFFS, and would require Meta to subjectively determine whether any given DOCUMENT or FILE is "sufficient to identify any of the activity described or referenced" in the COMPLAINT. Meta further objects to this Request to the extent it presumes the "activity" alleged in EXHIBITS A–I occurred, or that Exhibits A-I reference | begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to conduct a reasonable search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | "activity" at all; Exhibit D, for example, is merely a list of Plaintiffs' purported copyright registrations. Meta further objects to this Request on the ground that it purports to request information outside of Meta's possession, custody, or control. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer. | | | |
| **RFP No. 51**: All DOCUMENTS and FILES reflecting data volumes uploaded or downloaded by META, whatever its means, via BITTORRENT or PEER-TO-PEER software during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORRENT," "PEER-TO-PEER SOFTWARE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES reflecting data volumes uploaded or downloaded by META … via BITTORRENT," without limiting the Request to data volumes associated to the uploads and downloads of PLAINTIFFS' WORKS (if any), and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into the total amount of data uploaded or downloaded by Meta via BITTORRENT, across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, | Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this request as vague, ambiguous, and unintelligible in its use of the phrase, "whatever it means." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 53**: All network monitoring reports reflecting BITTORRENT traffic. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "BITTORRENT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | produce "[a]ll network monitoring reports reflecting BITTORRENT traffic," for an over eight year period, without limiting the Request to BITTORRENT traffic (if any) related to the upload or download of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into all reports reflecting BITTORRENT traffic, across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this request | deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | as vague, ambiguous, and unintelligible in its use of the phrase, "network monitoring reports." Meta further objects to the Request to the extent it presumes that monitors BITTORRENT traffic. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 54**: All DOCUMENTS reflecting META blocking, throttling, or filtering BITTORRENT or PEER-TO-PEER SOFTWARE traffic. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "META," "BITTORRENT," and "PEER-TO-PEER SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and- | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | produce "[a]ll DOCUMENTS reflecting META blocking, throttling, or filtering BITTORRENT or PEER-TO-PEER SOFTWARE traffic," for an over eight year period, without limiting the Request to BITTORRENT traffic (if any) related to the upload or download of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into blocking, throttling, or filtering (if any) of BITTORRENT traffic, across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including | confers, the parties must confer with fourteen days upon entry of an order from the Court. | COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to conduct a reasonable search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. Further, as stated in response to RFP No. 68, Meta has already agreed to "conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, constituting Meta policies relating to use of BITTORRENT during the RELEVANT PERIOD. In addition in response to Plaintiffs' Second Set of Requests for Production, Meta | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | to push out software updates to users of its platforms. Meta further objects to the Request to the extent it presumes that Meta blocks, throttles, or filters BITTORRENT or PEER-TO-PEER SOFTWARE traffic. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "blocking," "throttling," or "filtering." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |
| **RFP No. 55**: All DOCUMENTS and FILES reflecting investigations into BITTORRENT or PEER- TOPEER SOFTWARE use on networks assigned to, leased by, | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORRENT," "PEER-TO-PEER SOFTWARE," "CONTROLLED," "USED," "META," and "RELEVANT | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| CONTROLLED by, or USED by META during the RELEVANT PERIOD. | PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and FILES reflecting investigations into BITTORRENT or PEER- TO-PEER SOFTWARE," without limiting the Request to investigations relating to the downloading, uploading or storage of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information. Meta further objects to this request to the extent it seeks information outside is possession, custody, | objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | or control. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 56**: All DOCUMENTS and FILES reflecting investigations during the RELEVANT PERIOD into claims made by PLAINTIFFS against META. For clarification, this should also include any investigation(s) that lead META to proffer that any BITTORRENT or PEER-TO-PEER SOFTWARE use was done for "personal use." | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORRENT," "PEER-TO-PEER SOFTWARE," "META," and "RELEVANT PERIOD," and further objects to this Request to the extent it purports to require Meta to produce Privileged Information. Based on the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer. | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | As discussed in the parties' meet and confer, Meta will be producing non-privileged documents sufficient to show any facts learned as part of its ongoing investigation into Plaintiffs' allegations, but otherwise stands on its work product and privilege objections. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 57**: All DOCUMENTS and COMMUNICATIONS relating to IP BANNED ADDRESSES. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "IP BANNED ADDRESSES." Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, as it does not reasonably identify the information sought. Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | The parties have not met and conferred on this request, and it is unclear to Meta what "IP BANNED ADDRESSES" refers to. Meta is willing to meet and confer. | |
| **RFP No. 58**: All DOCUMENTS and COMMUNICATIONS related to any META | Meta incorporates by reference its foregoing objections, including its objection to and definition of | Meta must search for responsive material. Meta must begin production | The parties have not met and conferred on this request. Further, in response to Plaintiffs' | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| EMPLOYEE'S work tasks in "Stealth Mode." *E.g.*, Document 568-3 from *Kadrey v. Meta*, 3:23-cv-03417-VC. | the term "META," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS related to any META EMPLOYEE'S work tasks in 'Stealth Mode,'" for an over eight year period, without limiting the Request to uses of "Stealth Mode" (if any) relating to the downloading or uploading of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined term "Stealth Mode." Meta objects to this Request as vague and ambiguous insofar as it uses | within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | the capitalized term "EMPLOYEE'S" without defining that term. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 59**: All DOCUMENTS and COMMUNICATIONS related to the decision not to involve Meta's Data Infrastructure ("DI") team in the acquisition, storage, downloading, or handling of any activity related to the use of BITTORRENT. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "BITTORRENT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS related to a purported decision not to involve Meta's Data Infrastructure ('DI') team in the acquisition, storage, | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon | The parties have not met and conferred on this request, and Meta does not understand what Plaintiffs are seeking by this request. Meta is willing to meet and confer. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | downloading, or handling of any activity related to the use of BITTORRENT," for an over eight year period, without limiting the Request to information related to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case insofar as the involvement, or lack thereof, of Meta's Data Infrastructure team in the acquisition, storage, downloading, or handling of any activity related to the use of BITTORRENT bears no relevance on any claims or defenses in this ACTION. Meta further objects to this Request to the extent it presumes that any "decision," let alone the purported | entry of an order from the Court. | | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | decision described in the Request, was made not to involve Meta's Data Infrastructure team in the acquisition, storage, downloading, or handling of training data for Meta's Movie Gen AI model, which is the only model relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined term "Data Infrastructure ('DI') team." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 60**: ALL COMMUNICATIONS discussing BITTORRENT or PEER-TO-PEER SOFTWARE including work requests, support | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "BITTORRENT," "PEER-TO-PEER SOFTWARE," and | Meta must search for responsive material or supplement its response to indicate that it will search for responsive | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| tickets, and other records of actions taken to request, setup, configure or operate any TORRENT CLIENT software during the RELEVANT PERIOD. | "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, irrelevant, harassing, and disproportionate to the needs of the case to the extent it seeks "[a]ll COMMUNICATIONS discussing BITTORRENT or PEER-TO-PEER SOFTWARE," for an over eight year period, without limiting the Request to information relating to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into every conversation regarding BITTORRENT and PEER-TO-PEER SOFTWARE, across the entire company and throughout the entire world, | materials. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to conduct a reasonable search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. In response to RFP No. 11, Meta also agreed to search for and produce DOCUMENTS, if any, "comprising BITTORRENT configuration files used by META or at its | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | regardless of individuals' involvement (or lack thereof) with any conduct alleged in the COMPLAINT. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this request to the extent it seeks information outside is possession, custody, or control. As written, the Request is not limited to Meta's COMMUNICATIONS and DOCUMENTS. Meta further objects to this Request as duplicative of a myriad of Plaintiffs' other Requests, including, for example, Request Nos. 10-11, 13, 16, 63, and 65. Based on and subject to the foregoing objections, Meta will not search for or produce | | direction to torrent any of Plaintiffs' WORKS during the RELEVANT PERIOD." Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | documents in response to this Request. | | | |
| **RFP No. 61**: All COMMUNICATIONS involving META discussing, mentioning, or referencing downloading, uploading, or sharing the WORKS. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the terms "META," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll COMMUNICATIONS involving META discussing, mentioning, or referencing downloading, uploading, or sharing the WORKS," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request. However, in response to RFP Nos. 31 and 52, Meta has already agreed to conduct a reasonable search for and produce communications between Meta and any third party that refer to, relate to, or concern any of the Works, as well as all internal communications and documents referring to, relating to, or concerning the Works. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | investigation into every conversation regarding PLAINTIFFS' WORKS, regardless of individuals' involvement (or lack thereof) with any conduct alleged in the COMPLAINT. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case to the extent it seeks COMMUNICATIONS regarding WORKS that were licensed or otherwise authorized pursuant to a subscription or purchase or were traditional downloads rather than torrent downloads as alleged in the COMPLAINT, and regardless of whether Meta had any knowledge of or involvement in those downloads. Meta further objects to this Request to the extent it purports to require the production of Privileged Information. Meta | | | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | further objects to this Request as duplicative of Request Nos. 31 and 52. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer. | | | |
| **RFP No. 62**: All DOCUMENTS and COMMUNICATIONS related to ARTIFICIAL INTELLIGENCE training data referencing the word "pornography". | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "ARTIFICIAL INTELLIGENCE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS related to ARTIFICIAL INTELLIGENCE training | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon | The parties have not met and conferred on this request. However, in response to RFP No. 28, Meta has already agreed to conduct a reasonable search and produce "responsive, non-privileged DOCUMENTS, if any, sufficient to show Meta's policies, practices, and procedures during the RELEVANT PERIOD, if any, regarding use of sexually explicit video content for training | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | data referencing the word 'pornography,'" for an over eight year period, without limiting the referenced "pornography" to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that the phrase "ARTIFICIAL INTELLIGENCE training data" is intended to refer to training data associated with unidentified Meta AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague, ambiguous, overbroad and unduly burdensome to the extent that the phrase "pornography" is intended to | entry of an order from the Court. | Meta's generative AI video models, to the extent they can be located following a reasonable investigation." In addition, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation pertaining to the torrenting of adult video and images. Moreover, in response to RFP No. 30, Meta has already agreed to conduct a reasonable search for and produce responsive, non-privileged communications referencing Plaintiffs' internet domains by name. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | refer to nonvideo media which is not relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined term "training data." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 63**: All DOCUMENTS, FILES, and COMMUNICATIONS reflecting instructions, directions, or policies of META to include files obtained from BITTORRENT in the ML HUB. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORRENT," and "ML HUB," further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS, | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or | The parties have not met and conferred on this request. However, in response to RFP Nos. 24–26, Meta responded that ML HUB is a "Meta internal website that contains links to a collection of tools that are used for machine learning development; it is not a database or data repository, and it does not 'store' | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | FILES, and COMMUNICATIONS reflecting instructions, directions, or policies of META to include files obtained from BITTORRENT in the ML HUB" rather than DOCUMENTS sufficient to show the same. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks, [a]ll DOCUMENTS, FILES, and COMMUNICATIONS reflecting instructions, directions, or policies of META to include files obtained from BITTORRENT in the ML HUB," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as | prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | documents and communications that can be searched." RFP Nos. 24–26, Meta has agreed to conduct a reasonable "search for and produce responsive, non-privileged DOCUMENTS, if any, found within AI DATA CATALOG ('AIDC') that constitute, reference, or include Plaintiffs' WORKS, by searching using existing, internal search capabilities and parameters available within AIDC," and welcomed Plaintiffs to meet and confer as to the scope of that search. AIDC is a tool linked in the ML HUB used for cataloging information about datasets for potential use in AI | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | vague, ambiguous, overbroad and unduly burdensome to the extent it seeks instructions, directions, or policies relating to unidentified Meta AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION. Meta further objects to this Request to the extent it presumes that these instructions, directions, or policies exist. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | training. Moreover, as stated in response to RFP No. 68, Meta has already agreed to "conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, constituting Meta policies relating to use of BITTORRENT during the RELEVANT PERIOD." In addition, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation pertaining to the torrenting of adult video and images. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 64**: All DOCUMENTS and FILES created during the RELEVANT PERIOD articulating a methodology or policy for establishing the fair use of material that was downloaded, uploaded, distributed, or otherwise infringed upon by META. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "RELEVANT PERIOD," and "META," and further objects to this Request to the extent it presumes that Meta has a "methodology or policy for establishing the fair use of material that was downloaded, uploaded, distributed, or otherwise infringed upon by META"—or that Meta infringed works at all. Meta further objects to this Request to the extent it seeks Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent | The parties have not met and conferred on this request, and Meta stands on its objections, including privilege. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | | Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | | |
| **RFP No. 65**: All DOCUMENTS and FILES sufficient to identify any document retention policies related to network logs or BITTORRENT or PEER-TO-PEER SOFTWARE logs during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORRENT," "PEER-TO-PEER SOFTWARE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and- | The parties have not met and conferred on this request. However, as stated in response to RFP No. 68, Meta has already agreed to "conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, constituting Meta policies relating to use of BITTORRENT during the RELEVANT | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | this Request seeks improper "discovery on discovery" rather than information or documents relevant to the claims and defenses at issue in this ACTION and because it is not limited to "network logs or BITTORRENT or PEER-TO-PEER SOFTWARE logs" (if any) that reflect download or uploads of PLAINTIFFS' WORKS by Meta. Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | confers, the parties must confer with fourteen days upon entry of an order from the Court. | PERIOD." Meta otherwise stands on its objections, including its "discovery on discovery" objection. | |
| **RFP No. 66**: All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify any policies, | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," | | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| procedures, or directives supporting, encouraging, requiring, mandating, or otherwise leading to META's infringement of PLAINTIFFS's WORKS. | "META," and "WORKS," and further objects to this Request to the extent it presumes that any META "policies, procedures, or directives" supported, encouraged, required, mandated, or lead to the infringement of PLAINTIFFS' WORKS—or that Meta infringed Plaintiffs' works at all. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it would require Meta to subjectively determine which policies (if any) support, encourage, require, mandate, or otherwise led to the alleged infringement. Meta further objects to this Request to the extent it purports to require the production of Privileged Information. Based on and | | agreed to search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Further, in response to RFP Nos. 31 and 52, Meta has also agreed to conduct a proportional, reasonable search for and produce responsive, non-privileged COMMUNICATIONS and DOCUMENTS, if any, that refer to, relate to, or concern Plaintiffs' WORKS. Further, as stated in response to RFP No. 68, Meta has | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | already agreed to "conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, constituting Meta policies relating to use of BITTORRENT during the RELEVANT PERIOD." | |
| **RFP No. 67**: All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify any policies, procedures, or directives supporting, encouraging, requiring, mandating, or otherwise relating to META's employees, contractors, and agents use of residential IP addresses to bypass and otherwise avoid blockers from | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "RESIDENTIAL IPS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "any policies, | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and- | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| torrenting through corporate and data center associated IP addresses. | procedures, or directives" as to any Meta employee, contractor, and agent" regardless of the employee, contractor, or agent's involvement (or lack thereof) in sourcing of ARTIFICIAL INTELLIGENCE training content for the Movie Gen AI Model. Meta further objects to this Request to the extent it presumes that Meta has policies "directives supporting, encouraging, requiring, mandating, or otherwise relating to . . . [the] use of residential IP addresses to bypass and otherwise avoid blockers from torrenting." Meta further objects to this Request as vague, ambiguous, and unintelligible insofar as its use of the phrase "through corporate and data center associated IP addresses." Based on and subject to the foregoing objections, Meta will not search for or produce | confers, the parties must confer with fourteen days upon entry of an order from the Court. | COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to conduct a reasonable search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | documents in response to this Request, but is willing to meet and confer. | | | |
| **RFP No. 69**: All DOCUMENTS and FILES sufficient to identify the name and existence of any algorithm, script, source code, cron job, or COMMUNICATIONS regarding any method by which META searches for, downloads, uploads, distributes, or otherwise has infringed upon the WORKS. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORRENT," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, disproportionate and unintelligible. Meta is unable to determine the nature of the Request based on the current wording. Meta further objects to this request to the extent it presumes that Meta has searched for, downloaded, uploaded, distributed, or otherwise infringed any of PLAINTIFFS' WORKS, which Meta denies. Meta further objects to this Request | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Further, in response to RFP Nos. 31 and 52, Meta has already agreed to conduct a reasonable search for | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | as vague and ambiguous insofar as it uses the undefined terms "source code," "algorithm," "script," and "cron job." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer. | | and produce communications between Meta and any third party that refer to, relate to, or concern any of the Works, as well as all internal communications and documents referring to, relating to, or concerning the Works. | |
| **RFP No. 70**: All DOCUMENTS and FILES sufficient to show the actual source code, algorithm, script or software tools used, created, modified, or executed by META during the RELEVANT PERIOD that were capable of identifying, locating, or indexing torrent files or BITTORRENT swarms. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "USED," "META," "BITTORRENT," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it asks for "[a]ll DOCUMENTS | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | and FILES sufficient show the actual source code, algorithm, script or software tools used, created, modified, or executed by META during the RELEVANT PERIOD that were capable of identifying, locating, or indexing torrent files or BITTORRENT swarms" for an over eight year period, regardless of whether they were ever actually used for that purpose as to any works, much less any of PLAINTIFFS' WORKS. Meta further objects to this Request to the extent that it presumes Meta "used, created, modified, or executed" and "source code, algorithm, script or software tools … capable of identifying, locating, or indexing torrent files or BITTORRENT swarms." Meta further objects to this Request as vague and | must confer with fourteen days upon entry of an order from the Court. | torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | ambiguous insofar as it uses the undefined terms "source code," "algorithm," "script," "software tools" and "BITTORRENT swarms." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 71**: All DOCUMENTS and FILES sufficient to show the actual source code, algorithm, script or software tools (and all versions of them) USED, created, modified, or executed by META during the RELEVANT PERIOD that were capable of searching BITTORRENT or other PEER-TO-PEER SOFTWARE networks for digital media files | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "USED," "META," "BITTORRENT," and "PEER-TO-PEER SOFTWARE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| or identifying files corresponding to any WORKS. | asks for "[a]ll DOCUMENTS and FILES sufficient show the actual source code, algorithm, script or software tools USED, created, modified, or executed by META during the RELEVANT PERIOD that were capable of searching BITTORRENT or other PEER-TO-PEER SOFTWARE networks for digital media files" for an over eight year period, regardless of whether they were every actually used for that purpose as to any works, much less any of PLAINTIFFS' WORKS. Meta further objects to this Request to the extent that it presumes that Meta "USED, created, modified, or executed" any "source code, algorithm, script or software tools… capable of searching BITTORRENT or other PEER-TO-PEER | fourteen days upon entry of an order from the Court. | WORKS via BITTORRENT." Meta also agreed to conduct a reasonable search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. Further, in response to RFP Nos. 31 and 52, Meta has already agreed to conduct a reasonable search for and produce communications between Meta and any third party (excluding | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | SOFTWARE networks for digital media files or identifying files corresponding to any WORKS." Meta further objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks information about tools capable of searching "BITTORRENT or other PEER-TO-PEER SOFTWARE networks for digital media files" for digital media other than PLAINITFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined terms "source code," "algorithm," "script," and "software tools." Based on and subject to the | | attorney-client communications) that refer to, relate to, or concern any of the Works, as well as all internal communications and documents referring to, relating to, or concerning the Works. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 72**: All DOCUMENTS and FILES reflecting search terms, keywords, file names, hash values, or identifiers used by META to search for files on BITTORRENT or PEER-TO-PEER SOFTWARE networks during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORRENT," and "PEER-TO-PEER SOFTWARE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing and disproportionate to the needs of the case to the extent it seeks information regarding "[a]ll DOCUMENTS and FILES reflecting search terms, keywords, file names, hash values, or identifiers used by META to search for files," without limiting the Request to searches (if any) | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to search for and produce, if any, documents concerning the torrenting of third- | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks "[a]ll DOCUMENTS and FILES reflecting search terms, keywords, file names, hash values, or identifiers used by META" rather than documents sufficient to identify the same. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it uses the undefined terms "hash values" and "identifiers." Based on and subject to the foregoing objections, Meta will not search for or produce | | party works identified in Exhibits B and C to the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | documents in response to this Request. | | | |
| **RFP No. 73**: All DOCUMENTS reflecting any automated queries executed against torrent indexes, trackers, or peer-to-peer networks during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the terms "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks information regarding "[a]ll DOCUMENTS reflecting any automated queries executed against torrent indexes, trackers, or peer-to-peer networks," without limiting the Request to queries (if any) relating to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | require Meta to conduct an investigation into "any automated queries executed against torrent indexes, trackers, or peer-to-peer networks" across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined terms "automated queries" and "torrent indexes," "trackers," or "peer-to-peer networks." Based on and subject to the foregoing objections, Meta will not search for or produce | | the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | documents in response to this Request. | | | |
| **RFP No. 74**: All DOCUMENTS and FILES sufficient to identify any META job descriptions, job advertisements, or contractor instructions that mention searching or using BITTORRENT or any PEER-TO-PEER SOFTWARE. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORRENT," and "PEER-TO-PEER SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks information regarding "any META job description job advertisements, or contractor instructions that mention searching or using BITTORRENT or any PEER-TO-PEER SOFTWARE," for an over eight year period, without limiting the Request to jobs and contractor positions related to the | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request, and Meta stands on its objections. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | sourcing of training data for Meta's AI model Movie Gen, and regardless of their relevance to any claims or defenses in this ACTION. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 75**: All DOCUMENTS and FILES regarding META's ability to monitor employees, contractors, or agents use of BITTORRENT remotely, including META's ability to review online work, activity, and history as well as META's ability to remote access Internet connections or computer devices. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "USE," and "BITTORRENT," and further objects to this Request to the extent it presumes that META has the ability to monitor employees, contractors, or agents' USE of BITTORRENT. Meta further objects to this Request as vague, ambiguous, overbroad, | | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES regarding META's ability to monitor employees, contractors, or agents use of BITTORRENT remotely," for an over eight year period, and regardless of their involvement (or lack thereof) with any conduct alleged in the COMPLAINT. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks "[a]ll DOCUMENTS and FILES regarding META's ability to monitor employees, contractors, or agents use of BITTORRENT remotely" rather than documents sufficient to show the same. Based on and subject to the foregoing objections, Meta | | COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to conduct a reasonable search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. Further as stated in response to RFP No. 68, Meta has already agreed to "conduct a reasonable search for and produce | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | will not search for or produce documents in response to this Request, but is willing to meet and confer. | | responsive, non-privileged DOCUMENTS, if any, constituting Meta policies relating to use of BITTORRENT during the RELEVANT PERIOD." | |
| **RFP No. 76**: All DOCUMENTS and FILES regarding what software or services META gave, leased, or provided to remote employees, contractors, or agents so that META may avoid detection of BITTORRENT USE on its network during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORRENT," "USE," and "RELEVANT PERIOD," and further objects to this Request to the extent it presumes that META provided "software or services" to employees, contractors, or agents "so that META may avoid detection of BITTORRENT USE." Meta further objects to this Request as vague, ambiguous, overbroad, unduly | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES regarding" the software Meta provided to all remote employees, contractors, or agents, without limitation, regardless of the employees, contractors, or agents' involvement (or lack thereof) with any conduct alleged in the COMPLAINT, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES" regarding software or services rather than documents sufficient to show the same. Based on and subject to the foregoing | entry of an order from the Court. | BITTORRENT." Meta also agreed to search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 77**: All DOCUMENTS and FILES concerning payments of (fully, partially, or stipends) of VPN and VPC equipment for remote employees, contractors, or agents during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES concerning payments . . . of VPN and VPC equipment for remote employees, contractors, or agents," over an eight year period, regardless of the remote employees, contractors, or agents' involvement (or lack thereof) | | The parties have not met and conferred on this request, and Meta stands on its objections. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | with any conduct alleged in the COMPLAINT, and regardless of their relevance to any claims or defenses in this ACTION. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 78**: All DOCUMENTS and FILES concerning META's policies relating to payments of (fully, partially, or stipends) utilities, including energy, Internet, and cell phone for remote employees, contractors, or agents during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES concerning" META's policies relating to payments of utilities of | | The parties have not met and conferred on this request, and Meta stands on its objections. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | remote employees, contractors, or agents, for an over eight year period, without limitation, regardless of the remote employees, contractors, or agents' involvement (or lack thereof) with any conduct alleged in the COMPLAINT, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requests "[a]ll DOCUMENTS and FILES concerning Meta's policies" rather than documents sufficient to show the same. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 79**: All DOCUMENTS and FILES, including databases, spreadsheets, or data files, generated by scripts or software used to identify or catalog torrent files during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES . . . generated by scripts or software used to identify or catalog torrent files," for an over eight year period, without limiting the Request to torrent files (if any) relating to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into all DOCUMENTS used | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to conduct a reasonable search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. Further, in response to | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | to identify or catalog torrent files across the entire company and throughout the entire world and determine whether they were generated by scripts or software, regardless of any relevance or proportionality to the claims and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined terms "scripts," and "torrent files." Meta further objects to this Request to the extent it presumes that Meta used scripts or software "to identify or catalog torrent files." Based on and subject to the foregoing objections, Meta will not search for or | | Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. Further as stated in response to RFP No. 68, Meta has already agreed to "conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, constituting Meta policies relating to use of BITTORRENT during the RELEVANT PERIOD." | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | produce documents in response to this Request. | | | |
| **RFP No. 80**: All DOCUMENTS, COMMUNICATIONS and FILES relating to automated downloading or seeding of torrent files during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS, COMMUNICATIONS and FILES relating to automated downloading or seeding of torrent files," for an over eight year period, regardless of whether the alleged downloading or seeding involve PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this | Meta must search for responsive material or supplement its response to indicate that it will search for responsive materials. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | Request as vague and ambiguous insofar as it uses the undefined terms "automated downloading," "seeding," and "torrent files." Meta further objects to this Request to the extent it seeks Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | entry of an order from the Court. | the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. Further as stated in response to RFP No. 68, Meta has already agreed to "conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, constituting Meta policies relating to use of BITTORRENT during the RELEVANT PERIOD." | |
| **RFP No. 81**: All DOCUMENTS, | Meta incorporates by reference its foregoing | Meta must search for responsive | The parties have not met and conferred on | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| COMMUNICATIONS and FILES that mention, discuss, identify, or reference the development, modification, or operation of scripts or software used to locate or download files from BITTORRENT or peer-to-peer networks. | objections, including its objections to and definitions of the terms "FILES," and "BITTORRENT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS, COMMUNICATIONS and FILES" regarding the "development, modification, or operation of scripts or software used to locate or download files from BITTORRENT," for an over eight year period, without limiting the Request to information (if any) relating to the downloading and uploading of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta | material or supplement its response to indicate that it will search for responsive materials. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | to conduct an investigation for any DOCUMENT, COMMUNICATION, or FILE that references the development, modification, or operation of scripts or software used to download files from BITTORRENT across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request to the extent it presumes that Meta used "scripts or software" to locate or download "files from BITTORRENT." Meta further objects to this Request as vague and ambiguous insofar as it uses the undefined terms | | already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. Further as stated in response to RFP No. 68, Meta has already agreed to "conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, constituting Meta policies relating to use of BITTORRENT during the RELEVANT PERIOD." | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | "scripts" and "peer-to-peer networks." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 82**: Forensic images or complete copies of any server, workstation, or virtual machine used by META, including by its employees, contractors, or agents, to download, upload, distribute, or otherwise infringe upon any WORKS. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "META," and "WORKS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks production of "[f]orensic images or complete copies of any server, workstation, or virtual machine used by META" to allegedly infringe upon any of PLAINTIFFS' WORKS and requires extensive collection | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Further, in response to | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | disproportionate to claims and defenses at issue in this ACTION. Meta further objects to this Request to the extent it presumes that Meta, through its employees, contractors, or agents, downloaded, uploaded, distributed, or otherwise infringed upon PLAINTIFFS' WORKS, which Meta denies. Meta further objects to this Request to the extent it seeks competitively sensitive confidential and trade secret information that is not relevant to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it seeks Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | RFP Nos. 7, 9, and 12, Meta has also agreed to conduct a reasonable search for and produce DOCUMENTS, if any, sufficient to identify any CLOUD ACCOUNT or VIRTUAL MACHINES used by Meta or at its direction to torrent or store Plaintiffs' WORKS, and the locations or methods of storing or hosting any of Plaintiffs' WORKS obtained by Meta or at its direction through BITTORRENT. Lastly, in response to RFP No. 23, Meta has agreed to produce copies of Plaintiffs' WORKS, if any, that are in Meta's possession, custody, or control and that can be located following a | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | | | reasonable investigation. | |
| **RFP No. 83**: All DOCUMENTS and FILES sufficient to show downloading, uploading, or distribution of any TORRENT FILES on the INTERNAL RANGES during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "INTERNAL RANGES," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent that it seeks information about the torrenting of files other than PLAINTIFFS' WORKS, which bear no relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it presumes that Meta owns or CONTROLs the INTERNAL RANGES. Meta | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to search for and produce, if any, documents concerning the torrenting of third-party works identified | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | further objects to this Request because it seeks information outside of the possession, custody, or control of Meta. Meta objects to this Request as vague and ambiguous insofar as it uses the capitalized term "TORRENT" without defining that term. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer. | | in Exhibits B and C to the Complaint. Further, in response to Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |
| **RFP No. 86**: All DOCUMENTS, COMMUNICATIONS and FILES sufficient to show ownership, CONTROL, possession, or USE of RESIDENTIAL IPS by META during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "CONTROL," "USE," "RESIDENTIAL IPS," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, and nonsensical to the extent it presumes that Meta owned, | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in | During meet and confer, Plaintiffs represented that they would narrow the definition of "RESIDENTIAL IPS" to identify the IP addresses at issue. In response to RFP Nos. 35–38, Meta has already agreed to search for and produce | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | CONTROLLED, or USED RESIDENTIAL IP addresses at all, let alone for the conduct alleged in the COMPLAINT. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it extends to every Meta employee, contractor or agent's USE of their home IP address for any reason, regardless of whether it allegedly was used to download PLAINTIFFS' WORKS and regardless of the individuals' involvement (or lack thereof) with the sourcing of training data for Meta's Movie Gen AI Model. Meta further objects to this Request to the extent it purports to require the production of sensitive personally identifying or | Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | communications, if any, with the registrant of the one residential IP address specifically identified in the Complaint, as well as non-privileged communications with that person's son. Meta would be willing to consider conducting a reasonable search for documents and communications regarding additional RESIDENTIAL IP ADDRESSES once Plaintiffs have identified specific RESIDENTIAL IP ADDRESSES they contend are at-issue and explained the basis for that contention. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | confidential information that is irrelevant to any claim or defense in the ACTION. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer. | | | |
| **RFP No. 87**: All DOCUMENTS and FILES sufficient to show downloading, uploading, or distribution of any WORKS on RESIDENTIAL IPS during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "WORKS," "RESIDENTIAL IPS," and "RELEVANT PERIOD," and further objects to this Request to the extent it presumes that Meta owns or CONTROLS the RESIDENTIAL IPS and that PLAINITFFS' WORKS were downloaded, uploaded, and distributed using those RESIDENTIAL IPS. Meta further objects to this Request because it seeks information | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon | During meet and confer, Plaintiffs represented that they would narrow the definition of "RESIDENTIAL IPS" to identify the IP addresses at issue. In response to RFP Nos. 35–38, Meta has already agreed to search for and produce communications, if any, with the registrant of the one residential IP address specifically identified in the Complaint, as well as | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | outside of its possession, custody, or control. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent that it purports to require Meta to search for WORKS downloaded, uploaded, or distributed using RESIDENTIAL IP addresses irrespective of whether that activity was conducted with Meta's knowledge or at its direction and irrespective of whether such material was ever transmitted to or used by Meta for any purpose. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | entry of an order from the Court. | non-privileged communications with that person's son. Meta would be willing to consider conducting a reasonable search for documents and communications regarding additional RESIDENTIAL IP ADDRESSES once Plaintiffs have identified specific RESIDENTIAL IP ADDRESSES they contend are at-issue and explained the basis for that contention. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 89**: All DOCUMENTS reflecting internal financial or accounting documents showing costs saved or profits attributable (directly or indirectly) to the use of BITTORRENT-sourced data in ARTIFICIAL INTELLIGENCE model development. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "BITTORRENT" and "ARTIFICIAL INTELLIGENCE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because it seeks documents showing "costs saved or profits attributable" to Meta's use of "BITTORRENT-sourced data" generally, and is not limited to the alleged use of PLAINIFFS' WORKS at issue in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks "[a]ll DOCUMENTS … | | The parties have not met and conferred on this request. However, in response to RFP No. 49, Meta has already agreed to conduct a reasonable search for and produce documents "concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT." Meta also agreed to conduct a reasonable search for and produce, if any, documents concerning the torrenting of third-party works identified in Exhibits B and C to the Complaint. Further, in response to | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | showing costs saved or profits attributable" rather than DOCUMENTS sufficient to show the same. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that the phrase "ARTIFICIAL INTELLIGENCE model development" is intended to refer to unidentified Meta AI models other than Movie Gen, which are not relevant to the claims or defenses in this ACTION. Meta further objects to this Request to the extent it presumes that Meta used "BITTORRENT-sourced data in ARTIFICIAL INTELLIGENCE model development." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | Plaintiffs' Second Set of Requests for Production, Meta has already agreed to produce all documents it produced in the *Kadrey* litigation related to torrenting. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 90**: All DOCUMENTS sufficient to identify the physical and virtual locations of any ESI responsive to these requests. | Meta incorporates by reference its foregoing objections, and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case. This Request seeks improper "discovery on discovery," rather than information or documents relevant to the claims and defenses at issue in this ACTION. Meta further objects to this Request to the extent it purports to require Meta to produce Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request, and Meta stands on its objections to this request, including that it seeks "discovery on discovery." | |
| **RFP No. 98**: All DOCUMENTS and COMMUNICATIONS | Meta incorporates by reference its foregoing objections, including its | Meta must search for responsive material. Meta must | The parties have not met and conferred on this request. By | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| (excluding those COMMUNICATIONS between YOU and YOUR attorneys) REFERRING TO, RELATING TO, OR CONCERNING the subject matter of this ACTION, including (but not limited to) the claims asserted by each party, the factual support for such claims and/or the defenses thereto, or the anticipated outcome of such litigation. | objections to and definitions of the terms "YOU," "YOUR," "REFERRING TO," "RELATING TO," "CONCERNING, and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS … REFERRING TO, RELATING TO, OR CONCERNING the subject matter of this ACTION," without defining that "subject matter" and regardless of their relevance to any of the actual claims or defenses in this ACTION. Meta further objects to this Request to the extent it seeks to require Meta to subjectively determine whether any given DOCUMENT or | begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | definition, this request encompasses every request for which Meta has agreed to conduct a reasonable search and produce documents related to this Action. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | COMMUNICATION constitutes "factual support for [the] claims and/or the defenses" to the ACTION or concerns the "anticipated outcomes of such litigation" in violation of the work product doctrine. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, harassing, and disproportionate to the needs of the case insofar as META's DOCUMENTS and COMMUNICATIONS CONCERNING "the anticipated outcome of such litigation" have no bearing on the claims or defenses in this ACTION. Meta further objects to this Request as duplicative of a myriad of Plaintiffs' other Requests, including, for example, Requests No. 30–32. Meta further objects to this Request to the extent it purports to | | | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | require the production of Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 99**: All DOCUMENTS and things identified or requested to be identified in response to Plaintiff's interrogatories or relied upon by YOU to formulate responses to Plaintiff's interrogatories. | Meta incorporates by reference its foregoing objections, and further objects to this Request as overbroad, unduly burdensome, irrelevant, disproportionate to the needs of the case, and harassing to the extent it seeks information Meta "relied upon . . . to formulate responses to PLAINTIFFS' interrogatories." This Request explicitly seeks information protected from disclosure by the attorney-client privilege and work product doctrine, which information Meta is not required to and will not disclose. This Request seeks improper "discovery on | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request. Meta otherwise stands on its objections, including that this Request seeks improper "discovery on discovery." | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | discovery," rather than information or documents relevant to the claims and defenses at issue in this ACTION. Meta further objects to this Request as vague, ambiguous, and unintelligible to the extent it seeks "[a]ll DOCUMENTS and things identified or requested to be identified in response to Plaintiff's interrogatories." Meta further objects to this Request to the extent it purports to require Meta to produce documents and information that are not in its possession, custody, or control, including documents and information in the possession, custody, or control of Plaintiffs, third parties, and documents and information that are publicly available. Meta further objects to this Request on the ground that it purports to impose upon Meta obligations | | | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | exceeding those imposed under the Governing Rules. To the extent that Meta invokes its right to identify business records pursuant to Fed. R. Civ. P. 33(d), it will comply with that Rule in doing so. Meta further objects to this Request on the ground that it is duplicative of many other Requests, including but not limited to PLAINTIFFS' Request Nos. 5, 52, 55-56, 61, and 66. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 100**: All DOCUMENTS not otherwise produced that REFER TO, RELATE TO, OR CONCERN to any matters at issue in this ACTION. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "REFER TO," "RELATE TO," "CONCERN," and "ACTION, and further objects to this Request as | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains | The parties have not met and conferred on this request, and Meta stands on its objections to this request. By definition, this request encompasses every request for which Meta has agreed to conduct a | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case. This Request purports to require Meta to subjectively determine whether every DOCUMENT it has not otherwise produced in response to Plaintiffs' other Requests (which, at the time of writing, numbered 102) relates to "any matters at issue in this ACTION," and indeed what unidentified "matters" are "at issue in this ACTION," in violation of the work product doctrine. Meta further objects to this Request to the extent it purports to require Meta to produce documents and information that are not in its possession, custody, or control, including documents and information in the possession, custody, or control of Plaintiffs, third parties, and documents and | objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | reasonable search and produce documents related to this Action. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | information that are publicly available. Meta further objects to this Request to the extent it purports to require the production of Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 101**: All DOCUMENTS and COMMUNICATIONS that REFER TO, RELATE TO, OR CONCERN communications made with third parties, including, but not limited to, individuals at third-party law firms, media organizations, EFF and other nonprofit or business organizations, and universities, regarding | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "REFER TO," "RELATE TO," "CONCERN," and "ACTION, and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, nonsensical, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties | The parties have not met and conferred on this request. However, in response to RFP Nos. 30 and 32, Meta has already agreed to "conduct a reasonable search for and produce responsive, non-privileged COMMUNICATIONS during the RELEVANT PERIOD, if any, referencing Plaintiffs or their alleged internet domains by name." | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| this ACTION or other matters involving PLAINTIFFS. | and COMMUNICATIONS," without limitation, that relate to "communications [sic] made with third parties … regarding this ACTION or other matters involving PLAINTIFFS," regardless of whether such DOCUMENTS and COMMUNICATIONS include Meta or relate to any claim or defense at issue in the ACTION. Meta further objects to this Request to the extent it purports to require Meta to produce documents and information that are not in its possession, custody, or control, including documents and information in the possession, custody, or control of Plaintiffs, third parties, and documents and information that are publicly available. Meta further objects to this Request to the extent it purports to require the production of Privileged Information. Based on and | must confer with fourteen days upon entry of an order from the Court. | Further, in response to RFP Nos. 31 and 52, Meta has already agreed to conduct a reasonable search for and produce communications between Meta and any third party that refer to, relate to, or concern any of the Works, as well as all internal communications and documents referring to, relating to, or concerning the Works. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |
| **RFP No. 102**: All DOCUMENTS and FILES sufficient to identify steps or processes undertaken by META to ensure that any AI it has developed or created will not be influenced or trained by any WORKS. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "WORKS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent that the phrase "any AI it has developed or created" is intended to refer to unidentified Meta AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION. Meta further objects to this Request as | Meta must search for responsive material. Meta must begin production within thirty days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | The parties have not met and conferred on this request, and Meta stands on its objections to this request. | |

| RFPs in which "Meta will not search for or produce Documents" | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | vague, ambiguous, and nonsensical to the extent it presumes that the unidentified Meta AI models could have been influenced or trained by PLAINTIFFS' WORKS. Meta further objects to this Request on the ground that the undefined terms "influenced" and "trained by any WORKS" are vague, ambiguous, and unintelligible. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer. | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 3**: All network TOPOLOGY DIAGRAMS of META's NETWORK ARCHITECTURE during the RELEVANT PERIOD materials related to the ACTION. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "META," "RELEVANT PERIOD," and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because it seeks "[a]ll network TOPOLOGY DIAGRAMS" for META's NETWORK ARCHITECTURE across the entire company throughout the entire world, which have no bearing on any claims and defenses at issue in this ACTION and because it seeks "[a]ll network TOPOLOGY DIAGRAMS" rather than TOPOLOGY DIAGRAMS sufficient to show META's NETWORK | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | ARCHITECTURE. Meta further objects to this request as vague and nonsensical in its use of the phrase "materials related to the ACTION," which appears to have been tacked on to the end of the Request in error. Meta further objects to this Request to the extent it seeks competitively sensitive confidential and trade secret information that is not relevant to any claims or defenses in this ACTION. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify, at the network level, how the IP addresses listed on Exhibit A to the Complaint were assigned by Meta during the RELEVANT PERIOD. | | | |
| **RFP No. 5**: All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify the individuals and departments with access to the SERVERS associated with the IP addresses on EXHIBIT A during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "EXHIBIT A," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it calls for identification of all "individuals and departments with access to the SERVERS associated with IP addresses | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | on EXHIBIT A," regardless of the individuals' and departments' involvement (or lack thereof) with any conduct alleged in the COMPLAINT. Meta further objects to this Request as vague, ambiguous, and nonsensical to the extent it presumes that each of the IP addresses listed on EXHIBIT A was "associated" with Meta SERVERS during the RELEVANT PERIOD. Meta further objects to this Request as vague and ambiguous in its use of the undefined term "departments." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.<br><br>**Supplemental Response**: | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify, at the network level, how the IP addresses on Exhibit A were assigned, used, or made available by Meta during the RELEVANT PERIOD.<br><br>**Second Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a proportional, reasonable search for and produce non-privileged, responsive DOCUMENTS, if any, sufficient to identify (a) how | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | the IP addresses on Exhibit A were assigned by Meta during the RELEVANT PERIOD and (b) individuals and departments that had access to the IP addresses on Exhibit A, and will produce this information at whatever level of granularity is possible given the available records. | | | |
| **RFP No. 6**: All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify PERSONS responsible for configuring or maintaining the SERVERS associated with the IP ADDRESSES on EXHIBIT A during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "EXHIBIT A," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks information about SERVER maintenance and configuration, which are not | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | relevant to any claim or defense at issue in this ACTION, and calls for identification of all "PERSONS responsible" for SERVER maintenance and configuration regardless of their involvement (or lack thereof) with any conduct alleged in the COMPLAINT. Meta further objects to this Request to the extent that it presumes that Meta "SERVERS" were "associated with the IP ADDRESSES on EXHIBIT A." Meta objects to this Request as vague and ambiguous insofar as it uses the capitalized term "IP ADDRESSES" without defining that term. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | entry of an order from the Court. | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | **Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify, at the network level, how the IP addresses listed on Exhibit A to the Complaint were assigned by Meta during the RELEVANT PERIOD.<br>**Second Supplemental Response**:<br>Subject to and without waiving the foregoing objections, Meta further responds as follows:<br>Meta will conduct a proportional, reasonable search for and produce non-privileged, responsive DOCUMENTS, if any, | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | sufficient to identify individuals responsible for assigning the IP addresses on Exhibit A during the RELEVANT PERIOD. | | | |
| **RFP No. 7**: All DOCUMENTS and FILES sufficient to identify each CLOUD ACCOUNT that was assigned to, leased by, or USED by META during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "CLOUD ACCOUNT," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because it seeks identification of "each" CLOUD ACCOUNT used by META across the entire company throughout the entire world, regardless of its use and regardless of whether any such account has any relevance to any claims | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | and defenses at issue in this ACTION. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify any CLOUD ACCOUNT used by Meta or at its direction during the RELEVANT PERIOD to torrent or store Plaintiffs' alleged WORKS, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should not be | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 9**: All DOCUMENTS, COMMUNICATIONS and FILES sufficient to identify any VIRTUAL MACHINES connected to the SERVERS associated with the IP ADDRESSES on EXHIBIT A operating on META's networks during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "EXHIBIT A," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks documents regarding "any VIRTUAL MACHINES connected to the SERVERS associated with the IP addresses on EXHIBIT A," regardless of whether those VIRTUAL MACHINES were | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | used for any purposes relevant to the claims and defenses at issue in this ACTION. Meta further objects to this Request as vague, ambiguous, and nonsensical to the extent it presumes that each of the IP addresses listed on EXHIBIT A was "associated" with Meta SERVERS during the RELEVANT PERIOD. Meta objects to this Request as vague and ambiguous insofar as it uses the capitalized term "IP ADDRESSES" without defining that term. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify VIRTUAL MACHINES, if any, associated with the IP ADDRESSES on EXHIBIT A operating on META's networks and used by Meta or at its direction to torrent or store Plaintiffs' alleged WORKS during the RELEVANT PERIOD, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 10**: All DOCUMENTS, | Meta incorporates by reference its foregoing | Meta must begin production within | Plaintiffs do not appear to take issue with the | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| COMMUNICATIONS, and FILES reflecting the installation of BITTORRENT or PEER-TO-PEER SOFTWARE on any COMPUTER DEVICE owned by META during the RELEVANT PERIOD. | objections, including its objections to and definitions of the terms "FILES," "BITTORRENT," "PEER-TO-PEER SOFTWARE," "COMPUTER DEVICE," "META" and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks "[a]ll DOCUMENTS and FILES reflecting the installation of BITTORRENT or PEER-TO-PEER SOFTWARE on any COMPUTER DEVICE owned by META," regardless of whether that COMPUTER DEVICE was allegedly used to download PLAINTIFFS' WORKS. As written, this Request would appear to require Meta to conduct an | twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | investigation into the software downloaded by every employee, contractor, or agent of Meta to be issued a Meta-owned device across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as duplicative of Request No. 16. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to identify whether BITTORRENT was installed by Meta or at its direction to torrent any of Plaintiffs' WORKS during the RELEVANT PERIOD, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 11**: All configuration FILES for any BITTORRENT or PEER-TO-PEER SOFTWARE USED by | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," | Meta must begin production within twenty-one days upon entry of an order from the | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| META during the RELEVANT PERIOD. | "BITTORRENT," "PEER-TO-PEER SOFTWARE," "META" and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks "[a]ll configuration FILES for any BITTORRENT or PEER-TO-PEER SOFTWARE USED by META," regardless of the FILES' relevance to any claim or defense at issue in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into the software used by every employee, contractor, or agent of Meta to be issued a Meta-owned device across the entire company and throughout the entire world, regardless of | Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | any relevance or proportionality to the claims and defenses in this action. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as vague and ambiguous in its use of the undefined term "configuration FILES." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | DOCUMENTS, if any, comprising BITTORRENT configuration files used by META or at its direction to torrent any of Plaintiffs' WORKS during the RELEVANT PERIOD, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 12**: All DOCUMENTS and COMMUNICATIONS related to the locations or methods of storing or hosting DATA obtained through BITTORRENT, TORRENT CLIENTS, or torrenting, including | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "DATA," "BITTORRENT," and "PEER-TO-PEER SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| but not limited to local servers, virtual servers, cloud-based storage such as Amazon Web Services ("AWS") or any other third-party data hosting services | unduly burdensome, harassing irrelevant, and disproportionate to the needs of the case, including because the Request seeks "[a]ll DOCUMENTS and COMMUNICATIONS related to the locations or methods of storing or hosting DATA obtained through BITTORRENT, TORRENT CLIENTS, or torrenting," regardless the FILES' relevance to any claims or defense at issue in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, harassing, and disproportionate to the needs of the case to the extent it seeks "[all] DOCUMENTS and COMMUNICATIONS related to the locations or methods of storing rather than DOCUMENTS and COMMUNICATIONS | Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | sufficient to show the same. Meta further objects to this Request as overbroad, irrelevant, and disproportionate to the needs of the case to the extent it calls for information about DATA obtained through BITTORRENT, TORRENT CLIENTS, or torrenting of files other than PLAINTIFFS' WORKS, which have no bearing on any claims or defenses in this ACTION. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | responsive, non-privileged DOCUMENTS, if any, sufficient to show the locations or methods of storing or hosting Plaintiffs' WORKS obtained by Meta or at its direction through BITTORRENT during the RELEVANT PERIOD, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 13**: All DOCUMENTS and FILES that describe the activities or log the activities (including download, upload, and seeding histories) of any INDIVIDUAL at | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," "BITTORRENT," "PEER-TO-PEER SOFTWARE," and | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| META using BITTORRENT or PEER-TO-PEER SOFTWARE during the RELEVANT PERIOD. | "RELEVANT PERIOD," further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it calls for identification of "[a]ll DOCUMENTS and FILES that describe the activities ... of any individual at META using BITTORRENT or PEER-TO-PEER SOFTWARE," regardless of the individuals' involvement (or lack thereof) with any conduct alleged in the COMPLAINT. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it is not limited to the documents, | compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | if any, reflecting the download, upload, or seeding of PLAINTIFFS' WORKS using BITTORRENT or PEER-TO-PEER SOFTWARE. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | sufficient to identify the use of BITTORRENT by Meta or at its direction to torrent Plaintiffs' WORKS during the RELEVANT PERIOD, to the extent Meta identifies any such torrents. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 14**: All torrent files (.torrent files) stored on COMPUTER DEVICES USED, leased, owned or CONTROLLED by META during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "COMPUTER DEVICE," "USED," "CONTROLLED," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | irrelevant, and disproportionate to the needs of the case to the extent the Request seeks "[a]ll torrent files (.torrent files)" stored on any "COMPUTER DEVICE, USED, leased, owned or CONTROLLED by META," rather than torrent files containing all or any portion of PLAINTIFFS' WORKS. As written, this Request would appear to require Meta to conduct an investigation into any torrent file stored by any employee, contractor, or agent of Meta to be issued a Meta-owned device across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including | prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | to push out software updates to users of its platforms. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce any .torrent files comprising Plaintiffs' WORKS stored by META or at its direction during the RELEVANT PERIOD. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 15**: All DOCUMENTS and FILES reflecting any configuration settings for bandwidth sharing, seeding limits, or peer connections in BITTORRENT or PEER-TO-PEER SOFTWARE on COMPUTER DEVICES USED, leased, owned or CONTROLLED by META during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORRENT," "PEER-TO-PEER SOFTWARE," "COMPUTER DEVICE," "USED," "CONTROLLED," "META," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent the Request calls for "[a]ll DOCUMENTS and FILES reflecting configuration settings" for "BITTORRENT or PEER-TO-PEER SOFTWARE" on all "COMPUTER DEVICES USED, leased, owned or | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | CONTROLLED by META," regardless of whether the COMPUTER DEVICE was used to download or upload any of PLAINTIFFS' WORKS. As written, this Request would appear to require Meta to conduct an investigation into the configuration settings of every employee, contractor, or agent of Meta to be issued a Meta-owned device across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request as vague and ambiguous in its use of the undefined terms | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | "configuration settings," "bandwidth sharing," "seeding limits" and "peer connections." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, comprising BITTORRENT configuration files used for any torrent of Plaintiffs' WORKS by Meta or at its direction during the RELEVANT PERIOD, to the extent Meta identifies any such torrents. For the sake of | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 20**: All DOCUMENTS and COMMUNICATIONS related to the USE of "PySpark", or any other tools used to download or re-download files from torrent networks, and any revisions or updates to the code. | Meta incorporates by reference its foregoing objections, including its objection to and definitions of the term "USE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, compound, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and COMMUNICATIONS related to the USE of "PySpark" or "any other tools used to download or re-download files from torrent networks and any revisions or | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | updates to the code," for an over eight year period, without limiting the Request to uses (if any) relating to the downloading, uploading or storage of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it seeks documents outside of Meta's possession, custody, or control regarding "any revisions or updates to the code" for PySpark or any other tools used to download or re-download files from torrent networks. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "PySpark" and "torrent networks." Based on and subject to the foregoing objections, Meta will not search for or produce | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS, if any, sufficient to show use of PySpark by Meta or at its direction to download or re-download Plaintiffs' WORKS during the RELEVANT PERIOD, to the extent Meta identifies any such downloads. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or downloaded or directed the torrenting or download of any of Plaintiffs' WORKS or that | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 22**: All DOCUMENTS identifying IP addresses, logins, and account access relating to connections between services CONTROLLED by META using the PySpark or FairSpark protocols and BITTORRENT networks or PEER-TO-PEER SOFTWARE. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "CONTROLLED," "META," "BITTORRENT," and "PEER-TO-PEER SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks identification of "[a]ll DOCUMENTS identifying IP addresses, logins, and account access," for an over eight year period, without limiting the Request to IP addresses, logins, and accounts (if any) used for the downloading, uploading or storage of | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "PySpark and FairSpark protocols." Meta further objects to this request as vague and unintelligible in its use of the phrase "connections between services CONTROLLED by META using the PySpark or FairSpark protocols and BITTORRENT networks or PEER-TO-PEER SOFTWARE." Meta is unable to determine the exact nature of the Request based on the current wording. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | **Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a proportional, reasonable search for and produce responsive, nonprivileged DOCUMENTS, if any, produced by META in the Kadrey lawsuit referring or relating to IP addresses used for torrenting, including those associated with PySpark or the servers constituting Meta's "FairSpark" cluster of virtual servers.<br><br>**Second Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: In addition to the foregoing, Meta will conduct a | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | proportional, reasonable search for and produce non-privileged, responsive DOCUMENTS, if any, sufficient to show the IP addresses used by Meta employees for torrenting related to the conduct alleged in the Complaint, including those associated with PySpark or the servers constituting Meta's "FairSpark" cluster of virtual servers. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or downloaded or directed the torrenting or download of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 24**: All DOCUMENTS and COMMUNICATIONS related to torrent files, infohashes. and | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "ML HUB" and | Meta must begin production within twenty-one days upon entry of an order from the | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| filehashes stored in the ML HUB or AI DATA CATALOG. | "AI DATA CATALOG," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because the Request seeks "[a]ll DOCUMENTS and COMMUNICATIONS related to torrent files, infohashes, and filehashes stored in the ML HUB or AI DATA CATALOG," for an over eight year period, without limiting the Request to torrent files, infohashes, and filehashes (if any) associated with PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "torrent files," "infohashes," | Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | and "filehashes." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Meta incorporates all of its foregoing objections, and further objects to this Request as vague, ambiguous, and unintelligible in its use of the phrase "stored in the ML HUB." ML Hub is a Meta internal website that contains links to a collection of tools that are used for machine learning development; it is not a database or data repository, and it does not "store" documents and communications that can be searched. Kadrey, ECF No. 785-5. Subject to and without waiving any of the foregoing objections, Meta further | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | responds as follows: Meta will conduct a proportional, reasonable search for and produce responsive, nonprivileged DOCUMENTS, if any, found within AI DATA CATALOG ("AIDC") that constitute, reference, or include Plaintiffs' WORKS, by searching using existing, internal search capabilities and parameters available within AIDC. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or stored or directed the torrenting or storage of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 25**: All DOCUMETS and FILES contained in, referenced by, indexed by, or generated within the ML HUB or AI DATA CATALOG that mention, describe, reference, or relate to any of the WORKS (by title, file hash, torrent info-hash, or any other identifier). | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "ML HUB," "AI DATA CATALOG," "RELATE TO," and "WORKS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case in its use of the undefined term "any other identifier" and to the extent it fails to provide any "title, file hash, torrent info-hash, or any other identifier" by which it asks Meta to search for the documents and files sought. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | run as search terms the thousands of titles, file hashes, and torrent info-hashes alleged in the COMPLAINT across ML HUB or any AI DATA CATALOG, particularly where there are other, more efficient means of discovery into whether and to what extent Meta allegedly downloaded or used any of the WORKS for AI training. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks documents and information about materials used to train AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION. Based on and | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.<br><br>**Supplemental Response**: Meta incorporates all of its foregoing objections, and further objects to this Request as vague, ambiguous, and unintelligible in its use of the phrase "stored in the ML HUB." ML Hub is a Meta internal website that contains links to a collection of tools that are used for machine learning development; it is not a database or data repository, and it does not "store" documents and communications that can be searched. Kadrey, ECF No. 785-5. Subject to and without waiving any of the foregoing objections, Meta further | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | responds as follows: Meta will conduct a proportional, reasonable search for and produce responsive, nonprivileged DOCUMENTS, if any, found within AI DATA CATALOG ("AIDC") that constitute, reference, or include Plaintiffs' WORKS, by searching using existing, internal search capabilities and parameters available within AIDC. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or stored or directed the torrenting or storage of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 26**: All entries, manifests, dataset cards, metadata records, inventory listings, or catalog records in the AI DATA CATALOG (or any linked system) for any dataset that includes sexually explicit adult content, pornography, BitTorrent-sourced material, or any torrented material USED (or proposed for use) in training, fine-tuning, validating, red-teaming or evaluating any AI Model during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "AI DATA CATALOG," "USED," "BITTORRENT," and "RELEVANT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll entries, manifests, dataset cards, metadata records, inventory listings, or catalog records," for an over eight year period, without limiting the Request to entries, manifests, dataset cards, metadata records, inventory listings, or catalog records (if any) related to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it seeks this information as to "any dataset that includes sexually explicit adult content, pornography, BitTorrent-sourced material, or any torrented material," without defining any means of identifying whether content in datasets constitutes "sexually explicit adult content" or "pornography," and regardless of whether the datasets include allegedly BITTORRENT-sourced copies of PLAINTIFFS' WORKS. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | the phrase "any AI Model" is intended to refer to unidentified Meta AI models other than Movie Gen, which is the only model relevant to the claims or defenses in this ACTION. Meta further objects to this Request as vague and ambiguous as it uses the undefined terms "manifests," "inventory listings," "catalog records," "fine-tuning," "validating," and "red-teaming." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Meta incorporates all of its foregoing objections, and further objects to this Request as vague, ambiguous, and unintelligible in its use of the phrase "stored in the ML | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | HUB." ML Hub is a Meta internal website that contains links to a collection of tools that are used for machine learning development; it is not a database or data repository, and it does not "store" documents and communications that can be searched. Kadrey, ECF No. 785-5. Subject to and without waiving any of the foregoing objections, Meta further responds as follows: Meta will conduct a proportional, reasonable search for and produce responsive, nonprivileged DOCUMENTS, if any, found within AI DATA CATALOG ("AIDC") that constitute, reference, or include Plaintiffs' WORKS, by searching using existing, internal search capabilities and parameters available within AIDC. Meta will meet | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or stored or directed the torrenting or storage of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 30**: All COMMUNICATIONS between YOU and any PERSON (excluding those COMMUNICATIONS between YOU and YOUR attorneys) that REFER TO, RELATE TO, OR CONCERN PLAINTIFFS. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," "REFER TO," "RELATE TO," and "CONCERN," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | COMMUNICATIONS … that REFER TO, RELATE TO, OR CONCERN PLAINTIFFS," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it purports to require the production of Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows:<br>Meta will conduct a reasonable search for and produce responsive, non- | fourteen days upon entry of an order from the Court. | if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | privileged COMMUNICATIONS during the RELEVANT PERIOD, if any, referencing Plaintiffs or their alleged internet domains by name. | | | |
| **RFP No. 31**: All COMMUNICATIONS between YOU and any PERSON (excluding those COMMUNICATIONS between YOU and YOUR attorneys) that REFER TO, RELATE TO, OR CONCERN any WORKS. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," "REFER TO," "RELATE TO," "CONCERN," and "WORKS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll COMMUNICATIONS … that REFER TO, RELATE TO, OR CONCERN any WORKS," for an over eight year period, and regardless of | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | their relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it purports to require the production of Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a proportional, reasonable search for and produce responsive, nonprivileged DOCUMENTS, if any. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or distributed any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 32**: All COMMUNICATIONS between YOU and any PERSON (excluding those COMMUNICATIONS between YOU and YOUR attorneys) that REFER TO, RELATE TO, OR CONCERN the ACTION. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," "REFER TO," "RELATE TO," "CONCERN," and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll COMMUNICATIONS … that REFER TO, RELATE TO, OR CONCERN the | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | ACTION," for an over eight year period, without limiting the Request to COMMUNICATIONS relating to PLAINTIFFS' WORKS, and regardless of any given COMMUNICATION's relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it purports to require the production of Privileged Information. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | will conduct a reasonable search for and produce responsive, non-privileged COMMUNICATIONS during the RELEVANT PERIOD, if any, referencing Plaintiffs or their alleged internet domains by name. | | | |
| **RFP No. 40**: All DOCUMENTS and COMMUNICATIONS between YOU and FREEDOMTECH. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between [Meta] and FREEDOMTECH," for an over eight year period, and regardless of their relevance to any claims or defenses in | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | this ACTION. As Again, Meta's communications with ISPs have no bearing on the conduct alleged in the COMPLAINT and any claim or defense in this ACTION. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS and COMMUNICATIONS between Meta and FREEDOMTECH during the RELEVANT PERIOD, if any, sufficient to show any use of FREEDOMTECH IP | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | ADDRESSES by Meta or at its direction to torrent Plaintiffs' WORKS. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 41**: All DOCUMENTS and COMMUNICATIONS between YOU and PROTONVPN. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between [Meta] and | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | PROTONVPN," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as duplicative of Request Nos. 33 and 34 which request COMMUNICATIONS between Meta and VPN COMPANIES. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS and COMMUNICATIONS | fourteen days upon entry of an order from the Court. | if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | between Meta and PROTONVPN during the RELEVANT PERIOD, if any, sufficient to show any use of PROTONVPN IP ADDRESSES by Meta or at its direction to torrent Plaintiffs' WORKS. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 42**: All DOCUMENTS and COMMUNICATIONS between YOU and KAPE. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the terms "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs | | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between [Meta] and KAPE," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request as duplicative of Request Nos. 33 and 34 which request COMMUNICATIONS between Meta and VPN COMPANIES. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta | | documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS and COMMUNICATIONS between Meta and KAPE during the RELEVANT PERIOD, if any, sufficient to show any use of KAPE IP ADDRESSES by Meta or at its direction to torrent Plaintiffs' WORKS. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 46**: All DOCUMENTS and FILES identifying file hashes corresponding to the WORKS. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "FILES," and further objects to this Request and | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | overbroad, unduly burdensome, cumulative, and disproportionate to the needs of the case to the extent that it seeks information that was already set forth in the COMPLAINT and EXHIBITS to the COMPLAINT, rendering this Request duplicative and unnecessary. Meta further objects to this Request to the extent it purports to request information outside of Meta's possession, custody, or control, and indeed that is necessarily within Plaintiffs' possession, custody, and control. Meta further objects to this Request as vague and ambiguous as it uses the undefined term "file hashes." Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request. | Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | **Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a proportional, reasonable search for and produce responsive, nonprivileged DOCUMENTS, if any. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or distributed any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 48**: All DOCUMENTS and FILES that contain WORKS including | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," and | Meta must begin production within twenty-one days upon entry of an order from the | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| backup files or archival records. | "WORKS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to investigate every Meta-owned or leased computer or other device to determine if any Meta employee, agent, or contractor has DOCUMENTS or FILES that contain any of PLAINTIFFS' WORKS (including the exceptionally burdensome process of searching backup files and archival records), even if those copies of the WORKS were licensed or otherwise authorized pursuant to a subscription, purchase, or otherwise, even if those copies were acquired through traditional downloads rather than torrent downloads as | Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | alleged in the COMPLAINT, and regardless of whether Meta had any knowledge of or involvement in those downloads. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES that contain WORKS" rather than copies of the WORKS themselves. Meta further objects to this Request as duplicative of Request No. 23. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.<br><br>**Supplemental Response**: | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a proportional, reasonable search for and produce responsive, nonprivileged DOCUMENTS, if any. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or distributed any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 49**: All DOCUMENTS and FILES showing inbound or outbound BITTORRENT or PEERTO PEER SOFTWARE protocol | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "BITTORRENT," "PEER-TO-PEER SOFTWARE," and | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| connections during the RELEVANT PERIOD. | "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it seeks "[a]ll DOCUMENTS and FILES" reflecting all "inbound or outbound BITTORRENT or PEER-TO-PEER SOFTWARE protocol connections," for an over eight year period, without limiting the Request to BITTORRENT protocol connections (if any) relating to the downloading or uploading of PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into any inbound or outbound | objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | BITTORRENT protocol connections across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including to push out software updates to users of its platforms. Meta further objects to this Request to the extent it is not limited to Meta's BITTORRENT protocol connections and seeks information outside of Meta's possession, custody, or control. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a proportional, reasonable search for and produce responsive, nonprivileged DOCUMENTS, if any, concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent Plaintiffs' WORKS via BITTORRENT. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | **Second Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: In addition to the foregoing, Meta will conduct a proportional, reasonable search for and produce non-privileged, responsive DOCUMENTS, if any, concerning the alleged use by Meta or by its employees or contractors at Meta's direction of the IP addresses listed in the Exhibits to the COMPLAINT to torrent the third-party works alleged in Exhibits B and C. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of the third-party works alleged in Exhibits B and C or that any | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 52**: All internal COMMUNICATIONS and DOCUMENTS REFERRING TO, RELATING TO, OR CONCERNING the WORKS. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "REFER TO," "RELATE TO," "CONCERN," and "WORKS," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll internal COMMUNICATIONS and DOCUMENTS REFERRING TO, RELATING TO, OR CONCERNING the WORKS," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this | | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | Request to the extent it purports to require the production of Privileged Information. Meta further objects to this Request as duplicative of Request No. 31. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a proportional, reasonable search for and produce responsive, nonprivileged DOCUMENTS, if any. Meta will meet and confer with Plaintiffs regarding the scope of the search. For the sake of clarity, this response is not | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | intended, and should not be construed, as an admission that Meta ever torrented or distributed any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 84**: All DOCUMENTS and FILES sufficient to show ownership, control, possession, or use of the HAWAII RANGE by META during the RELEVANT PERIOD. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "HAWAII RANGE," and "RELEVANT PERIOD," and further objects to this Request as vague, ambiguous, and nonsensical to the extent it presumes that Meta owns, CONTROLS, possesses, or USES the HAWAII RANGE.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | search for and produce responsive, non-privileged DOCUMENTS and FILES, if any, sufficient to identify the ownership of the HAWAII RANGE and any alleged use of the HAWAII RANGE by Meta or at its direction to torrent Plaintiffs' WORKS during the RELEVANT PERIOD. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 85**: All DOCUMENTS, COMMUNICATIONS and FILES that reference or identify 2138 Randall Drive. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "FILES," and further objects to this Request as vague, ambiguous, and nonsensical to the extent it | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | presumes that Meta has any association with or information about "2138 Randall Drive." Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent that it would require Meta to search "[a]ll DOCUMENTS, COMMUNICATIONS and FILES," for an over eight year period, regardless of whether the references to 2138 Randall Drive have any relevance to the claims and defenses at issue in this ACTION. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks "[a]ll DOCUMENTS, COMMUNICATIONS and | compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | FILES that reference or identify 2138 Randall Drive" rather than DOCUMENTS sufficient to show its purported connection with META, if any, as alleged in the COMPLAINT. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request, but is willing to meet and confer.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged DOCUMENTS and FILES, if any, sufficient to identify the ownership of the HAWAII RANGE and any alleged use of the HAWAII RANGE by | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | Meta or at its direction to torrent Plaintiffs' WORKS during the RELEVANT PERIOD. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |
| **RFP No. 88**: All DOCUMENTS and FILES reflecting META's tracking or monitoring of BITTORRENT activity on its corporate networks, including any alerts, blocks, or reports generated by security tools. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "FILES," "META," and "BITTORRENT," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case, including because it seeks "[a]ll DOCUMENTS and FILES" reflecting any | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Supplemental Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | tracking or monitoring of BITTORRENT, "including any alerts, blocks, or reports generated by security tools," for an over eight year period, without limiting the Request tracking and monitoring relating to PLAINTIFFS' WORKS, and regardless of their relevance to any claims or defenses in this ACTION. As written, this Request would appear to require Meta to conduct an investigation into the tracking and monitoring of BITTORRENT activity across its entire corporate network, across the entire company and throughout the entire world, regardless of any relevance or proportionality to the claims and defenses in this ACTION. Further, as is publicly known, Meta has used BITTORRENT for purposes having nothing to do with this case, including | fourteen days upon entry of an order from the Court. | if any, as it identifies them. | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | to push out software updates to users of its platforms. Meta further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks "[a]ll DOCUMENTS and FILES reflecting META's tracking or monitoring of BITTORRENT" rather than DOCUMENTS sufficient to show the same. Based on and subject to the foregoing objections, Meta will not search for or produce documents in response to this Request.<br><br>**Supplemental Response**: Subject to and without waiving the foregoing objections, Meta further responds as follows: Meta will conduct a reasonable search for and produce responsive, non-privileged | | | |

| RFPs in which "Meta will conduct a reasonable search for and produce" Documents | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | DOCUMENTS, if any, constituting alerts, blocks, or reports generated by security tools referencing use of BITTORRENT to torrent Plaintiffs' WORKS. For the sake of clarity, this response is not intended, and should not be construed, as an admission that Meta ever torrented or directed the torrenting of any of Plaintiffs' WORKS or that any such DOCUMENTS exist or ever existed. | | | |

| RFPs in which Meta agreed to produce Documents on April 27 | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| **RFP No. 23**: All copies of PLAINTIFFS' WORKS described in Exhibit D in META's CONTROL. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "WORKS," "EXHIBIT D," "META," and "CONTROL," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to investigate every Meta-owned or leased computer or other device, across the entire company throughout the entire world, to determine if any Meta employee, agent, or contractor has ever downloaded any of PLAINTIFFS' WORKS, even if those downloads were licensed or otherwise authorized pursuant to a subscription, purchase, or otherwise, even if those | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which Meta agreed to produce Documents on April 27 | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | downloads were traditional downloads rather than torrent downloads as alleged in the COMPLAINT, and even if Meta had no knowledge of or involvement in those downloads. Subject to and without waiving the foregoing responses and objections, Meta will produce copies of PLAINTIFFS' WORKS, if any, that are in Meta's possession, custody or control and that can be located following a reasonable investigation. | | | |
| **RFP No. 35**: All DOCUMENTS and COMMUNICATIONS between YOU and [redacted] relating to BITTORRENT or PEER-TO-PEER SOFTWARE. | Meta incorporates by reference its foregoing objections, including its objections to and definitions of the terms "YOU," "RELATE TO," and "BITTORRENT," and "PEER-TO-PEER SOFTWARE," and further objects to this Request as vague, ambiguous, overbroad, | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce | |

| RFPs in which Meta agreed to produce Documents on April 27 | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between YOU and [redacted] relating to BITTORRENT or PEER-TO-PEER SOFTWARE," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION or the alleged conduct attributed to [redacted] in the COMPLAINT. Meta further objects to this Request to the extent it purports to require the production of Privileged Information. Subject to and without waiving the foregoing responses and objections, Meta will produce non-privileged communications, if any, between [redacted] and Meta related to Plaintiffs | deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which Meta agreed to produce Documents on April 27 | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | or the conduct alleged in Paragraphs 103 through 107 of the COMPLAINT, to the extent they can be located following a reasonable investigation and subject to further meet and confer on the RELEVANT PERIOD. | | | |
| **RFP No. 36**: All DOCUMENTS and COMMUNICATIONS between YOU and [redacted] relating to PLAINTIFFS. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between YOU and [redacted] relating to PLAINTIFFS," for an over eight year period, and regardless of their relevance | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which Meta agreed to produce Documents on April 27 | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | to any claims or defenses in this ACTION or the alleged conduct attributed to [redacted] in the COMPLAINT. Meta further objects to this Request to the extent it purports to require the production of Privileged Information. Subject to and without waiving the foregoing responses and objections, Meta will produce non-privileged communications, if any, between [redacted] and Meta related to Plaintiffs or the conduct alleged in Paragraphs 103 through 107 of the COMPLAINT, to the extent they can be located following a reasonable investigation and subject to further meet and confer on the RELEVANT PERIOD. | | | |
| **RFP No. 37**: All DOCUMENTS and COMMUNICATIONS between YOU and | Meta incorporates by reference its foregoing objections, including its objections to and definitions | Meta must begin production within twenty-one days upon entry of an | Plaintiffs do not appear to take issue with the scope of the search and production to which | |

| RFPs in which Meta agreed to produce Documents on April 27 | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| [redacted] relating to THIS ACTION. | of the terms "YOU," and "ACTION," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between YOU and [redacted] relating to THIS ACTION," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION or the alleged conduct attributed to [redacted] in the COMPLAINT. Meta further objects to this Request as vague and ambiguous to the extent it seeks unspecified DOCUMENTS and COMMUNICATIONS "related to the ACTION." Meta further objects to this | order from the Court. To the extent Meta maintains objections or seeks compromises not covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | Meta agreed in its Response. Meta has already begun its rolling productions. Meta's search for documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which Meta agreed to produce Documents on April 27 | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | Request to the extent it purports to require the production of Privileged Information. Subject to and without waiving the foregoing responses and objections, Meta will produce non-privileged communications, if any, between [redacted] and Meta related to Plaintiffs or the conduct alleged in Paragraphs 103 through 107 of the COMPLAINT, to the extent they can be located following a reasonable investigation and subject to further meet and confer on the RELEVANT PERIOD. | | | |
| **RFP No. 38**: All DOCUMENTS and COMMUNICATIONS between YOU and [redacted]. | Meta incorporates by reference its foregoing objections, including its objection to and definition of the term "YOU," and further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, harassing, irrelevant, and | Meta must begin production within twenty-one days upon entry of an order from the Court. To the extent Meta maintains objections or seeks compromises not | Plaintiffs do not appear to take issue with the scope of the search and production to which Meta agreed in its Response. Meta has already begun its rolling productions. Meta's search for | |

| RFPs in which Meta agreed to produce Documents on April 27 | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | disproportionate to the needs of the case to the extent it purports to require Meta to produce "[a]ll DOCUMENTS and COMMUNICATIONS between YOU and [redacted]," for an over eight year period, and regardless of their relevance to any claims or defenses in this ACTION. Meta further objects to this Request to the extent it purports to require the production of Privileged Information. Subject to and without waiving the foregoing responses and objections, Meta will produce non-privileged communications, if any, between [redacted] and Meta related to Plaintiffs or the conduct alleged in Paragraphs 103 through 107 of the COMPLAINT, to the extent they can be located following a reasonable investigation and subject to | covered in Plaintiffs' deficiency letter or prior meet-and-confers, the parties must confer with fourteen days upon entry of an order from the Court. | documents is ongoing, and it will produce responsive, non-privileged documents, if any, as it identifies them. | |

| RFPs in which Meta agreed to produce Documents on April 27 | | | | |
|---|---|---|---|---|
| **Discovery Request(s)** | **Objecting Party's Response or Objection** | **Requesting Party's Proposed Compromise** | **Objecting Party's Proposed Compromise** | **For the Court's Use** |
| | further meet and confer on the RELEVANT PERIOD. | | | |