CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
SAMUEL BLANKENSHIP (339905)
sblankenship@cgsh.com
KIMBERLY BITTINGER (359907)
kbittinger@cgsh.com
151 University Ave
Palo Alto, CA 94301
Telephone: (650) 815-4100
Facsimile: (650) 815-4199

CLEARY GOTTLIEB STEEN & HAMILTON LLP
THOMAS W. YEH (287118)
tyeh@cgsh.com
650 California Street, Suite 2400
San Francisco, CA 94108
Telephone: (415) 796-4400
Facsimile: (415) 796-4499

Attorneys for Defendant
META PLATFORMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company, and COUNTERLIFE MEDIA, LLC, a Delaware limited liability company,

Plaintiffs,

v.

META PLATFORMS, INC., a Delaware corporation,

Defendant.

Case No. 5:25-CV-06213-EKL

**DEFENDANT META'S OPPOSITION TO PLAINTIFFS' RENEWED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIV. L.R. 3-12, 7-11)**

Judge: Hon. Eumi K. Lee

Plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related (Civ. L.R. 3-12, 7-11) (Dkt. 86) (the "Motion") asks the Court again to relate this case to *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 162.192.7.34*, 26-2578-VKD (N.D. Cal.) (the "*Doe* Action"). The Court denied Plaintiffs' first request without prejudice because neither Meta nor the Court knew John Doe's identity. Plaintiffs' renewed request now identifies John Doe, but does not show the matters to be related because ***John Doe was not a Meta employee*** when the alleged torrenting occurred. Plaintiffs offer no cogent reason to infer that Meta knew about, much less directed, the torrenting of adult videos by a ***former*** employee, and their resort to contradictory, unpleaded "Additional Evidence" is likewise unavailing. Rather than showing that the two cases are related, Plaintiffs' Motion only illustrates the lengths to which they will go to try to attribute third-party internet piracy to Meta without basis. Their Motion should again be denied.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

According to Plaintiffs, John Doe was a senior-level employee in Meta's Reality Labs division. Mot. at 2. His LinkedIn profile, attached as Exhibit 1 to the Kennedy Declaration, states that he stopped working for Meta in February 2025.[1] Dkt. 87-2 at 14. This February 2025 date is critical, because Strike 3 alleges that John Doe only ***began*** torrenting Strike 3 works using his home IP address (162.192.7.34) on April 29, 2025 (*Doe* Compl., Ex. A (*Doe* Dkt. No. 1-1) at 2)—***months after he stopped working for Meta***. Prutzman Decl. ¶ 4. In all, Plaintiffs allege that John Doe torrented 26 of their videos between April 2025 and March 2026. *Doe* Action, Dkt. 1 (Compl.) (Mar. 24, 2026) ¶ 44 & Ex. A. No other IP addresses or torrents are at issue. *Id.*

The parties met and conferred on Plaintiffs' plan to renew their Motion to relate on October 19, 2026. Dunning Decl. ¶ 7. During that call, Meta confirmed that John Doe's work for Meta and access to Meta's systems terminated in February 2025—before John Doe's alleged torrenting began. *Id.* Plaintiffs offered no explanation for why they might nonetheless seek to attribute a ***former*** employee's home internet activities to Meta, apart from hinting that they may have evidence of earlier torrents by John Doe, which they refused to share. *Id.* ¶ 8.

[1] Plaintiffs' Motion inaccurately cites to the LinkedIn page as showing a separation in April 2025 (Mot. at 4), but the actual exhibit (Kennedy Ex. 1) shows February 2025.

In their Motion, Plaintiffs claim for the first time that they "first recorded BitTorrent infringement" of *other, third-party* content at John Doe's home IP address on March 20, 2025—the day Strike 3 initially notified Meta that its corporate IP addresses had purportedly been used for years to sporadically download Plaintiffs' adult videos. *See* Kennedy Decl. ¶¶ 7–15; Mot. at 2–3. They also claim to have some method to track additional torrenting to other IP addresses John Doe supposedly used over the years. Mot. at 4; Kennedy Decl. ¶¶ 16–18. However, Plaintiffs still do not identify any of these new torrents (or explain how Plaintiffs can reliably trace them to John Doe) and, critically, ***none of this is alleged in the Doe Action***. *See Doe* Compl.

In this case, Plaintiffs allege that Meta began using its own corporate IP addresses to torrent Plaintiffs' videos in 2018 (*see* Am. Compl. (Dkt. 70) ¶¶ 57–60 & Exs. A & E at lines 26 & 2903), and that Meta also used "hidden" or "off-infra" third-party IP addresses that Meta does not own (referred to in the Amended Complaint as Ranges A-G), to torrent Plaintiffs' adult videos between 2019 and 2026 (*see* Am. Compl. ¶¶ 94, 102, 109 & Ex. E at lines 1371 and 2973). Meta denies that it had any knowledge or involvement whatsoever in any of the torrents alleged in either action.

## II. LEGAL STANDARD

Local Rule 3-12 states that an "action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a). Motions to relate are properly denied where: (a) "the ties between the cases are insufficient to find that the actions concern substantially the same parties, transaction, or event" (*Nozolino v. Hartford Life & Acc. Ins. Co.*, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013); or (b) "the underlying allegations … are not obviously susceptible to coordinated evidence that would reduce the burdensome duplication of labor and expense" (*Kaidi v. Mint Mobile, LLC*, 2026 WL 1847737, at *1 (N.D. Cal. June 26, 2026) (denying motion to relate where alleged internet tracking took place on three distinct websites)).

## III. ARGUMENT

Plaintiffs' Motion to relate should be denied because the *Doe* Action is not related to this case. In the *Doe* Action, Strike 3 (but not Counterlife) sued a different party over different alleged

torrents that John Doe purportedly initiated using his own, distinct home IP address. On the face of the pleadings, there is no overlap in the transactions or events at issue, and no reason to treat the *Doe* Action any differently from the thousands of other lawsuits Strike 3 files around the country each year against individuals who allegedly torrented their videos on the internet without permission. *See Strike 3 Holdings, LLC v. Doe*, 2023 WL 6542326, at *2 (N.D. Cal. Sept. 22, 2023).

***There is no basis to attribute John Doe's alleged conduct to Meta***: Plaintiffs assert that the Court should nevertheless find the cases related because John Doe was purportedly acting for Meta. That argument fails. As Meta informed Plaintiffs during meet and confer and attests here under oath, John Doe stopped working for Meta in February 2025—months before his alleged torrenting of Strike 3 content at home began. Dunning Decl. ¶ 7; Prutzman Decl. ¶ 4; *Doe* Compl. Ex. A. That should end the inquiry—there is no nexus between the cases because there is no basis to attribute the activities of a former employee to his former employer. Indeed, the Motion does not even describe a basis to attribute the alleged torrenting to John Doe as opposed to another member of his household. Under *Cobbler Nevada, LLC v. Gonzales*, the fact that a person is the registered subscriber of a residential IP address does not mean, and is inadequate to plead, that he is the infringer. 901 F.3d 1142, 1147 (9th Cir. 2018). Here, there certainly is no basis to make a second logical leap that John Doe not only conducted the torrents, but also that he was acting for his former employer at the time.

***Plaintiffs' unpleaded "Additional Evidence" is neither properly considered nor availing***: Unable to show any overlap between the facts pleaded in the two actions, Plaintiffs resort to "facts" they have not pleaded in either action to support their Motion, including (a) torrents of non-Strike 3 works John Doe purportedly torrented using his home IP address between March 20, 2025 and August 2026, and (b) alleged torrents of Plaintiffs' and third-party works using IP addresses other than the one at issue in the *Doe* Action. None of this warrants a finding that the two matters are related.

First, a motion to relate examines the allegations in two actions to determine if they concern substantially the same parties, transaction, or event. L.R. 3-12(a). Plaintiffs' extra-record facts are not pleaded in either action and, thus, not properly considered. *See Avila v. Ford Motor Co.*, 2026 WL 1180152, at *1 (N.D. Cal. Apr. 30, 2026) (denying motion to relate where material differences

in alleged transactions and events outweighed cases' superficial similarities); *Kaidi*, 2026 WL 1847737, at *1 (denying motion to relate based on review of "underlying allegations").

Second, even if considered, the "Additional Evidence" does not allow a logical inference that John Doe was acting for Meta. Just the opposite. For example, Plaintiffs assert that John Doe began torrenting non-Strike 3 content on March 20, 2025, the same day that Plaintiffs sent Meta an initial cease and desist email, and argue that this "*may* suggest that Meta desired to shift infringing activity to [John Doe's] hidden residential IP Address in order to prevent further detection." Mot. at 2 (emphasis added). This is absurd on its face. John Doe was no longer working for Meta on March 20, 2025—which alone should be determinative. Adding to the absurdity, Plaintiffs' March 20 email identified 50 alleged torrents that Meta purportedly conducted using its corporate IP addresses. Dunning Decl. ¶ 2. By that date, according to Plaintiffs' own pleading, Meta had already been using thousands of "hidden" third-party IP addresses—in addition to its own corporate IP addresses—to torrent content since 2019, and continued to use them through 2026, undermining any suggestion that Meta needed to or actually did "shift" the alleged activity to other IPs. *See supra*, at 2. Plaintiffs speak out of both sides of their mouth when they claim Meta started "hiding" its illicit torrents on March 20 (to make that date seem significant for purposes of their Motion), in direct contravention of their own pleading.

Plaintiffs' Motion also claims that they have "Additional Evidence" showing that John Doe had for years been torrenting "many" files relating to virtual reality adult film content, including both Strike 3 and non-Strike 3 works, using different IP addresses they claim to have traced to him. Again, none of those facts are pleaded in the *Doe* Action, which relates solely to 26 alleged torrents of Strike 3 content from a single residential IP address. This assertion is also internally inconsistent with Plaintiffs' theory in the Motion that there was something meaningful about March 20, 2025—John Doe cannot both have ***started*** torrenting on March 20 and been torrenting for years. And Plaintiffs' suggestion that these downloads were "consistent with work that would ensure that Meta's Oculus/Quest is compatible with adult film content," and that this is "surely a lucrative business for Meta" (Mot. at 3) is specious. Plaintiffs provide no credible basis for their rank speculation that a senior-level employee was charged by Meta with downloading adult videos at home for his work,

either during his tenure or after he ceased working for Meta. If anything, the alleged earlier torrenting by John Doe at different IP addresses is consistent with the torrenting that is alleged to have occurred after his employment with Meta ended—which was plainly personal and ***not*** affiliated with Meta.

Plaintiffs also baselessly challenge Meta's proffer that John Doe stopped working for Meta in February 2025, though Meta has now submitted a sworn declaration to that effect. Prutzman Decl. ¶ 4. They muse that it is "odd" that John Doe's LinkedIn page now says he separated in February 2025 when, in August, it still listed him as employed, implying the change was somehow fabricated by Meta. Mot. at 4. In fact, Meta has not spoken with John Doe about either case (Prutzman Decl. ¶ 5), and Plaintiffs once again leap to unsupported, inflammatory accusations without basis. Judge DeMarchi ordered Plaintiffs to notify John Doe of these proceedings, and Plaintiffs filed a notice of compliance with that order on October 8, 2026 (*Doe* Dkt. 18). *See* Kennedy Decl. Ex. 1. Thus, John Doe could have been prompted to update his LinkedIn profile by *Plaintiffs'* outreach.

Finally, Plaintiffs claim that they have evidence to tie other persons affiliated with Meta's Reality Labs to the alleged torrenting, making it more likely John Doe was also acting for Meta. Not so. One was a contractor Plaintiffs allege joined Reality Labs *after* they claim he stopped torrenting their works. Dkt. 70 ¶¶ 105–106. The other is an individual who, according to the very document Plaintiffs cite, downloaded text data "for personal use … unrelated to [his] work at Meta." *Kadrey, et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC-TSH, Dkt. 758 at 6. Neither provides any basis for Plaintiffs' speculation that John Doe performed the torrenting at issue in the *Doe* Action, much less that he did so for Meta.

In sum, Plaintiffs have no basis to attribute John Doe's conduct to Meta or to deem the conduct alleged in the two cases related. Nor is there any basis to conclude that failing to relate will result in "unduly burdensome duplication of labor and expense." *See* Mot. at 5. None of the conduct alleged in the *Doe* Action occurred while John Doe was employed at Meta. Meta served discovery seeking documents and materials related to the *Doe* Action only after Plaintiffs put it at issue in this case and refused to provide adequate information for Meta to assess Plaintiffs' assertion that the two cases are related. On the present record (and as Meta is sure will bear out in discovery), they are not. Plaintiffs' Motion to relate should once again be denied.

Dated: November 9, 2026

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ *Angela L. Dunning*

Angela L. Dunning

Attorney for Defendant

META PLATFORMS, INC.